**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| In re: Eagle Properties and Investments, LLC,<br><br>Debtor. | Case No. 23-10566-KHK<br><br>Chapter 11 |
| Eagle Properties and Investments LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Bala Jain, LLC, *et al.*,<br><br>Defendants. | Adversary Proceeding No.<br>23-10566-KHK |

**FCT DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 9011**

NOW COMES, Defendants, FIRST CLASS TITLE, INC and DANIEL J. KOTZ, by and through their attorneys of Gordon Rees Scully Mansukhani, LLP, and pursuant to Fed. R. Bankr. P. 9011, respectfully moves this Honorable Court for Sanctions against Plaintiff, EAGLE PROPERTIES AND INVESTMENTS, LLC, including dismissal of this matter with prejudice. In support thereof, FCT Defendants state as follows:

## I. INTRODUCTION

Plaintiff, EAGLE PROPERTIES AND INVESTMENTS, LLC (hereinafter "Plaintiff" or "Eagle") filed this lawsuit against Defendants, BALA JAIN, LLC, SHAIL BUTANI, ISHWER BUTANI (hereinafter the "Bala Jain Defendants"), FIRST CLASS TITLE, INC. and DANIEL J. KOTZ (hereinafter the "FCT Defendants") (the Bala Jain Defendants and the FCT Defendants collectively, "Defendants") without any factual or legal support and/or without performing a reasonable investigation. A reasonable investigation would have revealed the lack of evidentiary support for Plaintiff's claims, including the contradictory sworn testimony given by Amit Jain, Debtor's principal and representative, in prior litigation.

By way of this Rule 9011 Motion, the FCT Defendants are seeking an Order dismissing this case, *with prejudice*, as to the FCT Defendants and all reasonable fees and costs incurred in the defense of this matter and filing this motion, and any such further relief as the Court deems just and proper.

## II. STATEMENT OF THE CASE

Plaintiff initiated this adversary proceeding against Defendants on November 27, 2023. Dkt. 1 ("Complaint"). The allegations in Plaintiff's Complaint stem from a series of loans made by Defendant Bala Jain, LLC ("Bala Jain") to Plaintiff for purposes of purchasing, developing and selling real property. This is the second legal action that has arisen from these loans. In July 2022, Bala Jain filed a lawsuit against Eagle, the FCT Defendants, and other defendants in the Circuit Court for the County of Fairfax, Virginia, *Bala Jain, LLC v. Eagle Properties and Investments LLC, et al.*, Fairfax County Circuit Court, Case No. 2022-09687 (the "State Court Case"). Substantial discovery was performed in the State Court Case, including written discovery, document productions, and depositions of the parties. On April 7, 2023, the State Court Case was stayed because Eagle filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code in this Court. On October 2, 2023, Bala Jain filed a Motion for Nonsuit as to the State Court Case, which the Court granted on October 31, 2023.

While the two lawsuits contain different allegations, there are overlapping undisputed facts regarding the identity of and relationship between the parties. Bala Jain is a private money lender. Shail Butani ("Mrs. Butani") is Bala Jain's managing member. Ishwer Butani ("Mr. Butani") is Mrs. Butani's husband. Eagle Properties and Investments, LLC ("Eagle") is a real estate investor. Monika Jain ("Mrs. Jain") is listed as Eagle's managing member. Amit Jain ("Mr. Jain") is Mrs. Jain's husband and Eagle's president.[1]

[1] Mr. Jain is Eagle's "decision maker" and makes the day-to-day decisions for Eagle. Ex. B, Amit Jain Depo. 66:6-18 (February 8, 2023) and Ex. C, Amit Jain Depo. 29:11-14 (February 27, 2023). Mrs. Jain only signs the paperwork for Eagle. Ex. B, Amit Jain Depo. 66:19-67:5 and Ex. C, Amit Jain Depo. 30:12-20.

The allegations contained in the two complaints are essentially the inverse of the other. In the State Court Case, Bala Jain alleges that it loaned millions of dollars to Eagle to finance the purchase and development of real properties located in several states. *See generally* Ex. A, Bala Jain's Amended Complaint. In exchange for the loans, Eagle agreed to grant Bala Jain a first deed of trust on the real property acquired and to provide Bala Jain with the title insurance and a title report that confirms that Bala Jain holds the first deed of trust of the real property purchased with the loan. *Id.*[2] However, Bala Jain alleges that Mr. and Mrs. Jain (collectively, the "Jains") were actually operating a scheme to defraud Mr. and Mrs. Butani and Bala Jain. In the State Court Case, Bala Jain alleged that the Jains conspired with the FCT Defendants to defraud Bala Jain. *Id.*

In the instant Complaint, Eagle alleges that Bala Jain did not lend money for the acquisition of seven specific properties, asserting that, "Bala Jain has asserted secured claims against the bankruptcy estate for several properties on which it has no interest." Dkt. 1, Pl. Compl. ¶ 42. These properties include:

1. 445 Windover Ave., Vienna, VA 22180 ("445 Windover");
2. 449 Lawyers Rd., Vienna, VA 22180 ("449 Lawyers");
3. 1010 Lynn St., Vienna, VA 22180 ("1010 Lynn");
4. 204 S. Fairville, Harrisburg, PA 17112 ("204 S. Fairville");
5. 7616 Grove Ave., Harrisburg, PA 17112 ("7616 Grove);
6. 1635 Church Rd., Humelstown, PA 17036 ("1635 Church"); and
7. 1343 Church St., Hershey, PA 17033 ("1343 Church").

*Id.* ¶¶ 43-79.[3]

[2] Mr. Jain affirmed that Eagle would provide a deed of trust to Bala Jain as part of the loans. Ex. B, Amit Jain Depo. 106:20-108:9.

[3] Below is a list of references to the Fairfax County Amended Complaint where Bala Jain is alleged to have provided financing to Eagle for each of the properties' acquisition:

1. 445 Windover (Am. Compl. ¶ 44(v));
2. 449 Lawyers (*id.* ¶ 44(s));
3. 1010 Lynn St. (*id.* ¶ 44(t));
4. 204 S. Fairville (*id.* ¶ 44(q));
5. 7616 Grove (*id.* ¶ 44(r));
6. 1635 Church (*id.* ¶ 44(p)); and
7. 1343 Church (*id.* ¶ 44(o)).

The basis of Eagle's claims against the FCT Defendants in this matter stems from the first three of these properties. Eagle alleges that Bala Jain conspired with the FCT Defendants to record false liens against 1010 Lynn, 449 Lawyers, and 445 Windover (the "Subject Properties"). *Id*. ¶¶ 33-34. Plaintiff alleges that "[w]ithout Plaintiff's knowledge or consent, Bala Jain prepared and sent deeds of trust to FCT using forged signatures." *Id*. ¶ 35. "Kotz notarized the deeds of trust without witnessing Plaintiff sign the instruments as is required by law." *Id.* ¶ 36. "The Butanis then recorded the false deeds of trust against each of the Subject Properties in the Fairfax County Circuit Court land records." *Id*. ¶ 37.

However, Plaintiff's allegations in this matter are contrary to documents, sworn deposition testimony, and other evidence produced in the State Court Case. Most importantly, the sworn deposition testimony of Mr. Jain in the State Court Case directly contradicts the claims now alleged by Plaintiff the instant Complaint.

## III. THE RULE 9011 STANDARD

Rule 9011 of the Federal Rules of Bankruptcy Procedure parallels Rule 11 of the Federal Rules of Civil Procedure, which was promulgated to deter abuses in federal civil litigation. *In re Atlas Mach. and Iron Works, Inc.*, 190 B.R. 796, 806 (Bankr. E.D. Va. 1995) (citing *In re Burse*, 120 B.R. 833, 836 (Bankr. E.D. Va. 1990) and *In re Reveley*, 148 B.R. 398, 407 (Bankr. S.D.N.Y. 1992).[4] Relative to this motion, Rule 9011 of the Federal Rules of Bankruptcy provides, in relevant part, as follows:

> (b) Representations to Court. By presenting to the court (whether by signing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the

Mr. Jain confirmed that Bala Jain made these loans to Eagle. Ex. B, Amit Jain Depo. 153:8-16.

[4] Accordingly, "[c]ourts may look to case law interpreting Rule 11 when deciding cases under Bankruptcy Rule 9011." *In re Babcock,* 258 B.R. 646, 651 (Bankr. E.D.Va. 2001) (citing *McGahren v. First Citizens Bank & Trust Co. (In re Weiss),* 111 F.3d 1159, 1170 (4th Cir. 1997)); *In re Atlas Mach. & Iron Works, Inc.*, 190 B.R. at 806.

> cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
> […]
>
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may… impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

*Fed. R. Bankr. P.*, Rule 9011(b) & (c).

Each person signing a document has a "personal, non-delegable responsibility" to investigate the truth and legal basis of the paper filed. *In re Computer Dynamics, Inc.*, 252 B.R. 50 (Bankr. E.D. Va. 1997) (citing *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 126 (1989)). When an attorney files a pleading, it is incumbent upon him or her to verify the facts communicated to him or her by the represented party and to investigate the case further on his or her own initiative. *Id*. The factual inquiry necessary to file a complaint is generally satisfied if all of the information which can be obtained prior to suit supports the allegations made. *In re Kunstler*, 914 F.2d 505, 515 (4th Cir. 1990). A complaint containing allegations unsupported by *any* information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove, will subject the author to sanctions. *Id.* (emphasis original).

In deciding whether a signatory to a document violates Rule 9011, the court must apply an objective standard of reasonableness rather than an assessment of the party's subjective intent. *In re Whitlow*, No. 99-34808-DOT, 2001 WL 34048136 at *3 (Bankr. E.D. Va. Nov. 20, 2001) (citing *In re Weiss*, 111 F.3d at 1170 and *In re Kunstler*, 914 F.2d at 514). The inquiry focuses on whether a reasonable attorney in similar circumstances could believe his actions were factually or legally

justified. *Id.* (citing *Cox v. Saunders (In re Sargent)*, 136 F.3d 349, 352 (4th Cir. 1998).

## IV. ARGUMENT

The allegations contained in Plaintiff's Complaint regarding the FCT Defendants and the Subject Properties are without factual support. They are directly refuted by the record in the State Court Case, including Mr. Jain's sworn testimony. For this reason, it is apparent that the allegations that underlie and are asserted in the Complaint were not investigated and/or verified before the Complaint was filed. For this reason, sanctions are appropriate in this circumstance. *In re Tamojira, Inc.*, 197 B.R. 815 (Bankr. E.D. Va. 1995) (lack of pre-filing investigation violated Bankruptcy Rule 9011).

### A. Alleged Conspiracy

Plaintiff's allegations concerning a conspiracy between the FCT Defendants and Bala Jain are not supported by any facts or evidence. Plaintiff alleges that "[s]ometime in May or June of 2022, the Butanis devised a scheme to record false liens against 1010 Lynn, 449 Lawyers, and 445 Windover (the "Subject Properties")". Dkt. 1, Pl. Compl. ¶ 33. "In order to record the false liens, Butani, through Bala Jain, conspired with FCT and Kotz to forge Monika Jain's signature on three Notes and Deeds of Trust, have Kotz falsely notarize the forged signatures, and then record the unauthorized and forged Deeds of Trust." *Id.* ¶ 34. However, Mr. Jain, Mrs. Jain and Mr. Kotz's sworn testimony in the State Court Case contradicts these allegations.

In the State Court Case, Mr. Jain testified that Mr. Kotz served as Eagle's attorney for the majority of the loan transactions between Bala Jain and Eagle, including those for the Subject Properties. Ex. D, Amit Jain Depo. 407:17-19 (March 14, 2023); Ex. B, Amit Jain Depo. 153:8-16; Ex. A, ¶¶ 44(s); 44(t); 44(v). In 2016, when Eagle starting receiving loans from Bala Jain, Mr. Kotz and Mr. Jain had a long-standing working relationship. Ex. D, Amit Jain Depo. 377:18-378:2. By 2022, Mr. Jain and Mr. Kotz had worked together for approximately ten years on numerous loan transactions. *Id.* at 377:5-378:17.

Over the course of Eagle's relationship with FCT Defendants, Mr. Jain developed a standard process by which the FCT Defendants would facilitate Eagle's loan transactions. Mr. Jain

would give Mr. Kotz instructions over the phone or in person, occasionally via email, which Mr. Kotz would effectuate through FCT. *Id.* at 375:11-21. Mr. Kotz only received instructions from Mr. Jain. *Id.* at 375:22-377:4.

For the loans between Eagle and Bala Jain, Mr. Jain would instruct Mr. Kotz to prepare a deed of trust and promissory note. Ex. B, Amit Jain Depo. 123:3-22 and Ex. D, Amit Jain Depo. 375:11-376:7 (March 14, 2023). Mr. Jain would then instruct Mrs. Jain to sign the documents. Ex. B, Amit Jain Depo. 66:16-67:5; Ex. E, Monika Jain Depo. 125:3-127:13; Ex. F, Dan Kotz Depo. 152:6-12 and 354:13-355:4. Mr. Jain would either instruct Mr. Kotz to record the executed deed of trust, or not to record the deed of trust, based on instructions given to Mr. Jain by Mrs. Butani. Ex. B, Amit Jain Depo. 123:18-125:14; 132:14-133:5 and Ex. F, Dan Kotz Depo. 46:11-54:11. In either event, Mr. Jain's standard instructions to Mr. Kotz were to send a copy of the deed of trust to Bala Jain. Ex. B, Amit Jain Depo. 124:3-125:1. Mr. Jain did not provide Mr. Kotz with any further details of the transactions between Eagle and Bala Jain. Ex. D, Amit Jain Depo. 411:17-413:8; Ex. F, Dan Kotz Depo. 46:11-54:11.

On several occasions, Mrs. Butani emailed Mr. Kotz and Mr. Jain requesting Bala Jain's deeds of trust for the Subject Properties. On each occasion, Mr. Kotz forwarded Ms. Butani's emails to Mr. Jain for instructions on how to respond. Ex. F, Dan Kotz Depo. 50:3-53:3. In response to those emails, Mr. Jain told Mr. Kotz that he was handling it and not to worry about Mrs. Butani's emails. *Id.* at 53:14-54:1. Mr. Kotz did not reply to Mrs. Butani's emails and, instead, followed Mr. Jain's instructions to let Mr. Jain handle communications with her. *Id.* at 54:2-11. There is no factual support for the proposition that Mr. Kotz deviated from this standard operating procedure developed over ten years by his client, Mr. Jain, to conspire with Mrs. Butani and/or Bala Jain to record false liens on the Subject Properties. In fact, this testimony shows that Mr. Jain provided all directions and instructions to Mr. Kotz on how to handle the transactions between Bala Jain and Eagle, and that such instructions regarding the subject deeds of trust came from Mrs. Butani.

**B. The Subject Properties**

Eagle's allegations regarding the Subject Properties are also without factual support and are contradicted by the evidence and testimony in the State Court Case. Here, Eagle alleges that "Bala Jain has no right, title or interest in the Subject Properties." Dkt 1, Pl. Compl. ¶ 40. However, in his deposition in the State Court Case, Mr. Jain testified that Bala Jain loaned Eagle money for 445 Windover, 449 Lawyers, and 1010 Lynn. *See* Ex. B, Amit Jain Depo. 204:7-15, 206:6-13, 212:15-22, 270:4-271:2, 292:20-293:1, 302:8-13 (February 8, 2023); Ex. A, ¶¶ 44(s); 44(t); 44(v). Mr. Jain also testified that he instructed Mr. Kotz to prepare the promissory notes and deeds of trust for each property. Ex. D, Amit Jain Depo. 394:10-396:19 (March 14, 2023). Further, Mr. Jain testified that Mrs. Butani instructed him not to record the deeds of trust for the Subject Properties for tax purposes. Ex. B, Amit Jain Depo. 293:19-294:9, 298:19-299:5, 304:20-305:21 (February 8, 2023). Mr. Jain instructed Mr. Kotz not to record the deeds of trust for the Subject Properties, but did not inform him about Mrs. Butani's reasoning. *See id*. 132:14-19; Ex. F, Dan Kotz Depo. 48:10-52:11.

Mr. Jain testified that Eagle had been repaying Bala Jain's loans for the Subject Properties, but Eagle stopped making payments in 2022. Mr. Jain produced a document reflecting such payments and referred to this document during his depositions. *See* Amit Jain Depo. 240:9-244:8 and 264:16-265:11 (February 8, 2023); Ex. G, Amit Jain Depo., Ex. 2. Mr. Jain's sworn deposition testimony and documents produced by Eagle made it clear that Bala Jain did loan money for and does have an interest in the Subject Properties. However, in the instant Complaint, Eagle alleges that Bala Jain does not have any such interest in those properties. Dkt. 1, Compl. ¶ 40. Therefore, Eagle's allegations are grounds for sanctions because they are directly contradictory to his prior sworn testimony.

**i. 445 Windover**

In the Complaint, Eagle alleges that "[a]t no time did Bala Jain loan any money to Plaintiff for the purchase or refinance of [445 Windover]." *Id.* ¶ 26. However, Mr. Jain affirmed, under oath, that there was a loan between Eagle and Bala Jain, dated July 30, 2019, in the amount of

$400,000.00 that was supposed to be secured against 445 Windover, Mr. Jain's primary residence. Ex. B, Amit Jain Depo. 302:8-13 (February 8, 2023). Mr. Jain stated that Bala Jain's $400,000 loan went into 445 Windover. *Id.* at 212:15-22. Mr. Jain also identified monthly interest payments Eagle made to Bala Jain for 445 Windover pursuant to the loan. *Id.* at 240:9-244:8; Ex. G.

Eagle alleges in the Complaint that "Bala Jain has no right, title, or interest to the real property located at 445 Windover." Dkt. 1, Pl. Compl. ¶ 56. However, Mr. Jain testified that he instructed Mr. Kotz and FCT to prepare the deed of trust and promissory note for 445 Windover. Ex. D, Amit Jain Depo. 396:14-19 (March 14, 2023). Mr. Jain stated that Mr. Kotz followed his instructions to prepare the deed of trust and note. *Id.* at 396:14-397:1.

Further, Eagle alleges here it had "no prior knowledge of, nor did it grant any authority to anyone for, the recording of the deed of trust against 445 Windover." Dkt. 1, Compl. ¶ 53. However, Mr. Jain testified that Bala Jain's deed of trust for 445 Windover was not recorded when Bala Jain made the loan because Mrs. Butani asked him to not record it for tax purposes. Ex. B, Amit Jain Depo. 298:4-299:5 (February 8, 2023).

**ii. 449 Lawyers**

As to the 449 Lawyers property, Eagle alleges that "[a]t no time did Bala Jain loan any money to Plaintiff for the purchase or refinance of [449 Lawyers]." Dkt. 1, Pl. Compl. ¶ 27. However, Mr. Jain testified that Eagle borrowed $340,000 from Bala Jain to purchase the 449 Lawyers property. Ex. B, Amit Jain Depo. 204:7-15, 270:4-271:2 and 292:20-293:1 (February 8, 2023); Ex. C, Amit Jain Depo. 274:18-276:12; Ex. H, Wells Fargo Wire Transfer (showing that Eagle received a $333,200.00 wire transfer from Bala Jain on November 3, 2017 for the 449 Lawyers property). Mr. Jain also testified that the loan proceeds that he received from Bala Jain were used for renovating 449 Lawyers after Eagle purchased the property. Ex. D, Amit Jain Depo. 427:8-428:17 and 493:18-494:21 (March 14, 2023). Mr. Jain also identified monthly interest payments Eagle made to Bala Jain for 449 Lawyers. Ex. G, Amit Jain Depo. Ex. 2.

In the Complaint, Eagle alleges that "Bala Jain has no right, title or interest to the real property located at 449 Lawyers Road." Dkt. 1, Pl. Compl. ¶ 67. In his deposition, Mr. Jain testified

that he instructed Mr. Kotz and FCT to prepare the deed of trust and promissory note for 449 Lawyers. Ex. D, Amit Jain Depo. 394:10-395:5 (March 14, 2023). Mr. Jain stated that Mr. Kotz followed his instructions to prepare the deed of trust and note. *Id.* Mrs. Jain then signed the deed of trust. Ex. F, Dan Kotz Depo. 216:3-217:22. Mr. Jain identified the deed of trust between Eagle and Bala Jain for the amount of $340,000 and stated that Bala Jain funded the full $340,000.00. Ex. C, Amit Jain Depo. 276:1-9 (February 27, 2023); *see also* Ex. I, Amit Jain Depo. Ex. 47.

Eagle alleges it "had no prior knowledge of, nor did it grant any authority to anyone for, the recording of the deed of trust against 449 Lawyers Road." Dkt. 1, Pl. Compl. ¶ 64. However, Mr. Jain testified that Bala Jain's deed of trust for 449 Lawyers was not recorded when Bala Jain made the loan because Mrs. Butani asked him to not record it for tax purposes. Ex. B, Amit Jain Depo. 293:19-294:18 (February 8, 2023) and Ex. D, Amit Jain Depo. 428:9-14 (March 14, 2023). Mr. Jain did not inform Mrs. Butani that Bala Jain's unrecorded deed of trust became subordinate to a deed of trust Eagle gave to Fulton Bank in 2020. Ex. B, Amit Jain Depo. 299:9-301:19 (February 8, 2023). Generally, Mr. Jain did not inform Mr. Kotz which lien position Bala Jain was in, so Mr. Kotz did not have any information concerning Bala Jain's lien priority. Ex. D, Amit Jain Depo. 408:2-13 (March 14, 2023).

**iii. 1010 Lynn**

In the Complaint, Eagle alleges that "[a]t no time did Bala Jain loan any money to Plaintiff for the purchase or refinance of [1010 Lynn]." Dkt. 1, Pl. Compl. ¶ 28. However, Mr. Jain testified that Bala Jain loaned Eagle $300,000.00 for the 1010 Lynn property. Ex. B, Amit Jain Depo. 206:6-13 (February 8, 2023) and Ex. C, Amit Jain Depo. 267:14-20 (February 27, 2023). He also identified monthly interest payments Eagle made to Bala Jain for 1010 Lynn. Ex. G, Amit Jain Depo. Ex. 2.

Also in the Complaint, Eagle alleges that "Bala Jain has no right, title or interest to the real property located at 1010 Lynn." Dkt. 1, Pl. Compl. ¶ 78. However, again, Mr. Jain testified in the State Court Case that he instructed Mr. Kotz and FCT to prepare the deed of trust and promissory

note for 1010 Lynn. Ex. D, Amit Jain Depo. 395:6-14 (March 14, 2023). Mr. Jain stated that Mr. Kotz followed his instructions to prepare the deed of trust and note. *Id.* at 395:6-16.

Mr. Jain identified the promissory note for $300,000.00 between Eagle and Bala Jain dated July 30, 2019 for the 1010 Lynn property. Ex. C, Amit Jain Depo. 268:14-19 (February 27, 2023); Ex. J, Amit Jain Depo. Ex. 148. Mr. Jain also identified the deed of trust between Eagle and Bala Jain for the promissory note and affirmed that it was not recorded until June 24, 2022. Ex. C, Amit Jain Depo. 268:20-269:7; 271:15-272:16 (February 27, 2023); Ex. K, Amit Jain Depo. Ex. 149. This is the same allegedly deed of trust attached to Eagle's Complaint, here, as Exhibit R, which Plaintiff now alleges was forged. Dkt. 1, Pl. Compl. However, Mr. Jain has testified under oath about this *same* deed of trust on multiple occasions. Mr. Jain testified that Mrs. Butani had a copy of the deed of trust and that "she always [had] a chance to record it." Ex. C, Amit Jain Depo. 271:15-272:16 (February 27, 2023). However, Mr. Jain never stated in any of his testimony that he believes that the deed of trust was forged. Therefore, it is unbelievable that there are any facts that support his claim in this matter that the deed of trust was forged. Alleging the deed of trust to be a forgery without any factual support is grounds for sanctions. *See In re Palumbo Family Ltd. P'ship*, 182 B.R. 447, 474-75 (Bankr. E.D. Va. 1995).

Eagle alleges in the Complaint that it "had no prior knowledge of, nor did it grant any authority to anyone for, the recording of the deed of trust against 1010 Lynn." Pl. Compl. ¶ 75. However, Mr. Jain testified that Bala Jain's deed of trust for 1010 Lynn was not recorded before 2022 because Mrs. Butani had not asked him to record it. Ex. B, Amit Jain Depo. 304:20-305:21 (February 8, 2023). Mr. Jain stated that Bala Jain had the deed of trust before 2022 and always had a chance to record it. Ex. C, Amit Jain Depo. 272:14-16 (February 27, 2023). Mr. Jain did not inform Mrs. Butani that he unrecorded deed of trust became subordinate to a deed of trust Eagle gave to Gus Goldsmith in 2022. Ex. B, Amit Jain Depo. 303:18-306:6 (February 8, 2023).

## V. CONCLUSION

As set forth above, the Complaint contains multiple allegations that are without any factual support, and which are, in fact, directly contradicted by Mr. Jain's prior sworn testimony.

Therefore, Eagle's counsel failed to perform the factual inquiry necessary to file this Complaint in violation of Rule 9011. *See In re Kunstler*, 914 F.2d 505, 515 (4th Cir. 1990). A minimal factual inquiry disproves the allegations contained in the Complaint. Sanctions are appropriate in this circumstance. *Id.*

The First Class Defendants respectfully requests the Court enter an Order dismissing this case, *with prejudice*, as to the FCT Defendants and all reasonable fees and costs incurred in the defense of this matter and filing this motion; and for any other relief the Court deems just and proper.

Dated: March 27, 2024

Respectfully submitted,

By: *_/s/ Stephanie G. Bortnick_*

Patrick K. Burns, Esq., (VSB No. 80188)
Stephanie G. Bortnick, Esq. (VSB No. 87216)
Elizabeth V. Husebo, Esq., (VSB No. 96015)
**GORDON REES SCULLY MANSUKHANI, LLP**
277 S. Washington St., Suite 550
Alexandria, VA 22314
Phone: (703) 650-7026
Fax: (202) 800-2999
E-mail: pburns@grsm.com
sbortnick@grsm.com
ehusebo@grsm.com
*Attorneys for Defendants First Class Title, Inc. and Daniel J. Kotz*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2024, I sent a copy of this Motion for Sanctions by e-mail and First Class U.S. Mail, to:

Jeffery T. Martin, Jr. (VSB #71860)
John E. Reid (VSB #94396)
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
T: (703) 834-5550
Jeff@martinlawgroupva.com
Jack@martinlawgroupva.com
*Counsel for Eagle Properties and Investments, LLC*

Christoper L. Rogan (VSB #30344)
Rogan Miller Zimmerman, PLLC
50 Catoctin Circle, NE, Suite 300
Leesburg, VA 20176
T: (703) 777-8850
F: (703) 777-8854
*Counsel for Defendants Bala Jain, LLC, Shail Butani, Ishwer Butani*

*/s/ Stephanie G. Bortnick*
Stephanie G. Bortnick

1168773/48528664v.1