# EXHIBIT A

**V I R G I N I A**

**IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX**

| | | |
|---|---|---|
| **BALA JAIN, LLC,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  2022-09687** |
| | ) | |
| **EAGLE PROPERTIES AND INVESTMENTS** | ) | |
| **LLC, MONIKA JAIN, AMIT JAIN, FIRST** | ) | |
| **CLASS TITLE, INC., DANIEL KOTZ, ESQ.,** | ) | |
| | ) | |
| **ARPAAGRO GENERAL TRADING, LLC,** | ) | |
| 2567 Chain Bridge Rd Unit 2E | ) | |
| Vienna, VA 22182 | ) | |
|   SERVE: Monika Jain, registered agent | ) | |
|       2567 Chain Bridge Road, Unite 2E | ) | |
|       Vienna, Virginia 22182, | ) | |
| | ) | |
| **EAGLE PROPERTIES, LLC,** | ) | |
| 445 Windover Ave. | ) | |
| Vienna, VA 22180 | ) | |
|   SERVE: Monika Jain, registered agent | ) | |
|       445 Windover Avenue, NW | ) | |
|       Vienna, Virginia 22180 | ) | |
| | ) | |
| **EAGLE INVESTMENTS, LLC,** | ) | |
| 445 Windover Ave. | ) | |
| Vienna, VA 22180 | ) | |
| | ) | |
| **TRUE PROPERTIES, LLC** | ) | |
| 2567 Chain Bridge Road, Unite 2E | ) | |
| Vienna, Virginia 22182, | ) | |
|   SERVE: Monika Jain, registered agent | ) | |
|       2567 Chain Bridge Road, Unite 2E | ) | |
|       Vienna, Virginia 22182 | ) | |
| | ) | |
| **METRO SALES & SERVICE, LLC ,** | ) | |
| 2567 Chain Bridge Road, Unite 2E | ) | |
| Vienna, Virginia 22182, | ) | |
|   SERVE:  Dalip Gupta, registered agent | ) | |
|       2567 Chain Bridge Road, Unite 2E, | ) | |
|       Vienna, Virginia 22182 | ) | |

**Sell USA LLC ,**                                    )
445 Windover Avenue, NW                         )
Vienna, Virginia 22180                              )
   SERVE: Monika Jain, registered agent    )
       445 Windover Avenue, NW         )
       Vienna, Virginia 22180            )
                                                      )
**495 REAL ESTATE, LLC,**                      )
2567 Chain Bridge Road, Unite 2E            )
Vienna, Virginia 22182                              )
   SERVE: Monika Jain, registered agent    )
       2567 Chain Bridge Road, Unite 2E )
       Vienna, Virginia 22182            )
                                                      )
**SHEHLA JARRAL,**                              )
   SERVE: 514 Bond Avenue                  )
       Reisterstown, Maryland 21136      )
                                                      )
**MUHAMMAD JARRAL,**                       )
   SERVE: 514 Bond Avenue                  )
       Reisterstown, Maryland 21136      )
                                                      )
**SPSVA, LLC ,**                                    )
   SERVE: Satpal Singh, registered agent   )
       10313 Henderson Road               )
       Fairfax Station, Virginia 22039    )
                                                      )
**DOLBI USA, LLC,**                             )
13306 Smoketown Road                          )
Woodbridge, Virginia 22192                      )
   SERVE: Shaikh R. Rahim, Managing  Member    )
       13306 Smoketown Road            )
       Woodbridge, Virginia 22192       )
                                                      )
**SHAIKH M. RAHIM,**                         )
   SERVE: 145 W Ostend Street, Suite 600   )
       Baltimore, Maryland 21230         )
                                                      )
**MOHEED RAHIM,**                            )
   SERVE: 145 W Ostend Street, Suite 600   )
       Baltimore, Maryland 21230         )
                                                      )
                                                      )
**JACQUELINE ALEXANDER,**               )
   SERVE: 1009 Sweetgrass Circle            )
       La Plata, Maryland 20646           )

**CAPITAL ONE, NATIONAL ASSOCIATION,**                )
1680 Capital One Dr.                                   )
Mc Lean, VA, 22102                                     )
   SERVE: Corporation Service Company    )
        100 Shockoe Slip Fl. 2    )
        Richmond, Virginia 23219-4100    )
                                                   )
**FULTON FINANCIAL CORPORATION,**                      )
1 Penn Sq, PO Box 4887                                 )
Lancaster, PA, 17602                                   )
   SERVE: Michael Paulson, registered agent    )
        625 Elden Street    )
        Herndon, Virginia 20170    )
                                                   )
**MAIN STREET BANK,**                                  )
10089 Fairfax Boulevard                                )
Fairfax, Virginia 22030                                )
   SERVE: Kagan, Stern, Marinello and Beard,    )
        PLLC, registered agent    )
        10089 Fairfax Boulevard    )
        Fairfax, Virginia 22030    )
                                                   )
**BANK OF CLARKE COUNTY,**                             )
2 East Main Street                                     )
Berryville, Virginia 22611                             )
   SERVE: Kathleen J. Chappell, registered agent    )
        2 East Main Street    )
        Berryville, Virginia 22611    )
                                                   )
**NAVY FEDERAL FINANCIAL GROUP, LLC,**                 )
1007 Electric Ave,                                     )
Vienna, VA, 22180                                      )
   SERVE: Corporation Service Company    )
        100 Shockoe Slip Fl. 2    )
        Richmond, Virginia 23219-4100    )
                                                   )
**SAPTAL SINGH,**                                      )
   SERVE: 10313 Henderson Road    )
        Fairfax Station, Virginia 22039    )
                                                   )
**ATLANTIC UNION BANK,**                               )
f./k/a UNION BANK & TRUST                              )
1051 E Cary St Ste 1200, Richmond, VA, 23219           )
   SERVE: RACHAEL LAPE, registered agent    )
        Union Bankshares Corporation    )
        1051 E. Cary Street, Suite 1200    )

Richmond, Virginia, 23219                          )
                                                   )
**PNC BANK, N.A.,**                                )
249 Fifth Avenue                                   )
Pittsburgh, Pennsylvania 15222                     )
    SERVE: Corporation Service Company   )
       Registered Agent                )
       100 Shockoe Slip, 2nd Floor     )
       Richmond, Virginia 23219        )
                                                   )
-and-                                              )
                                                   )
**PRIMIS BANK D/B/A/ SONA BANK.**                  )
10900 Nuckols Road, Suite 325                      )
Glen Allen, Virginia 23060                         )
    SERVE: Kimberly Lipscomb,                   )
       Registered Agent                )
       9706 Atlee Commons Drive        )
       Ashland, Virginia 23005         )
                                                   )
                                                   )
                                                   )
     **Defendants.**                             )

## FIRST AMENDED COMPLAINT

Pursuant to the Court's Order dated November 4, 2022, Plaintiff Bala Jain, LLC ("Bala Jain"), by its counsel, submits its First Amended Complaint.

### NATURE OF THE ACTION

1.     Bala Jain is a money lending company that is funded by its investors. Bala Jain's investors include its managing member, Shail Butani, her husband, Ishwar Butani, and others.

2.     Amit Jain and Monika Jain spent the last several years grooming Shail Butani, aged 76, and her husband, Ishwar Butani, aged 80+, as part of an elaborate financial scam. Through a series of intentionally and knowingly false promises and misrepresentations, Amit Jain and Monika Jain convinced Shail Butani to loan her entire $2 million life savings, plus an

additional $5.5 million from Ishwar Butani and other investors to Amit Jain and Monika Jain's sham company, Eagle Properties and Investments, LLC. Eagle, Amit Jain, Monika Jain, relied upon and used the United States mails, wire communications and e-mails in furtherance of their fraudulent scheme. Upon receipt of the monies from Bala Jain, Eagle, Amit Jain, and Monika Jain used additional United States mails, e-mails and interstate wire communications to various financial institutions, accounts, and settlement companies that are located outside of the Commonwealth of Virginia. Eagle, Amit Jain and Monika Jain conspired with each other, other companies owned by Monika Jain and Amit Jain, and various third parties to transfer the funds they unlawfully received from Bala Jain to themselves and others as part of an elaborate scheme to defraud Bala Jain.

3.      Amit Jain and Monika Jain repeatedly falsely promised to Shail Butani that the investment would be used to develop and sell real property, and that Eagle Properties and Investments, LLC would use the proceeds from these projects to repay the loan issued by Bala Jain. Amit Jain and Monika Jain made these knowingly false statements with the intent of deceiving Shail Butani managing member of Bala Jain into believing that Bala Jain's investment with Amit Jain and Monika Jain's company was 100% safe. Unfortunately, Amit Jain and Monika Jain never intended to honor any of their promises and knowingly false representations. Instead, Amit Jain and Monika Jain used Eagle Properties and Investments, LLC to shield them from being held accountable for their fraud, while they secretly used the $7.5 million they borrowed from Bala Jain to finance their high risk investments with third-parties, to serve as collateral for various lines of credit and mortgages that do not benefit Bala Jain, and, upon information and belief, to pay for Amit Jain and Monika Jain's personal expenses and fund other businesses owned by Amit Jain and Monika Jain.

4.      Eagle Properties and Investments, LLC has defaulted on each of the loans. Although Amit Jain and Monika Jain admit that Eagle Properties and Investments, LLC has several million dollars in assets that were acquired with the $7.5 million loan, Amit Jain and Monika Jain have informed Bala Jain that they will not permit Eagle Properties and Investments, LLC to cure the default on the loan and they will not permit Eagle Properties and Investments, LLC to repay the loan.   Instead, Amit Jain and Monika Jain seek to extort Bala Jain by threatening to cause Eagle Properties and Investments, LLC, to become bankrupt unless Bala Jain substantially reduce the interest owed on the loan and modify the loan documents by granting Eagle Properties and Investments, LLC an additional four (4) years to repay the loan without providing any guaranty that will ensure the loan will ever be repaid.

5.      In response to Eagle Properties and Investments, LLC's anticipatory breach of the loan documents, Bala Jain brings this action and asserts claims for fraud against Amit Jain and Monika Jain (Count I), conspiracy to commit fraud against Amit Jain, Monika Jain, Dan Kotz and First Class Title (Count II),  constructive fraud/negligent misrepresentation against Amit Jain, Monika Jain, Eagle Properties and Investments, LLC, Dan Kotz and First Class Title (CountIII); breach of fiduciary duty against Amit Jain, Monika Jain, Dan Kotz and First Class Title (Count IV); declaratory judgment and injunctive relief that Bala Jain is granted a constructive trust against the properties that Eagle Properties and Investments, LLC purchased and/or improved with a $7.5 million loan it fraudulently obtained from Bala Jain, freezing and depositing bank accounts held by Amit Jain, Monika Jain, Eagle and their companies and for further relief (Count V); an accounting of the proceeds from the $7.5 million loan Eagle Properties and Investments, LLC fraudulently obtained from Bala Jain (Count VI); to disregard and pierce Amit Jain, Monika Jain and Eagle Properties and Investments, LLC's corporate veil

(Count VII); breach of contract against Eagle Properties and Investments, LLC and Monika Jain (Count VIII); and breach of contract against SPSVA, LLC, Jacqueline Alexander, DOLBI USA, LLC, and Muhammad Ayaz Jarral and Shehal Jarral (Count IX), and conversion and conspiracy to commit conversion against Amit Jain, Monika Jain, Eagle, SPSVA LLC, Satpal Singh, Jacqueline Alexander, DOLBI USA, LLC, Muhammad Ayaz Jarral and Shehal Jarral (Count X).

## II.     THE PARTIES

6.      Bala Jain is a Virginia limited liability company with the principal place of business located at 6007 Marilyn Drive, Alexandria, Virginia 22310.   Shail Butani is the sole member and manager for Bala Jain.

7.      Eagle Properties and Investments, LLC ("Eagle") is a Virginia limited liability company with a principal place of business located at 445 Windover Avenue, Vienna, Virginia 22180.   Monika Jain is listed as Eagle's managing member.   Although Monika Jain is listed as Eagle's and other entities managing member, Amit Jain identifies himself as the "Decision Maker" in all e-mail correspondence from Eagle and other entities.

8.      Amit Jain and Monika Jain are citizens of Virginia and reside at 445 Windover Avenue, Vienna, Virginia 22180.   Amit Jain and Monika Jain are husband and wife.

9.      First Class Title, Inc. is a corporation in Maryland with a principal office located at 1803 Research Blvd, Suite 512, Rockville, Maryland 20850.   First Class Title, Inc. is registered as a foreign corporation in Virginia and regularly transacts business in Virginia.

10.      Upon information and belief, Daniel Kotz, Esq. is a resident of Maryland and is the principle and owner of First Class Title, Inc.

11.      Metro Sales & Service, LLC ("Metro Sales") is a Virginia limited liability company

with a principal office address located at 2567 Chain Bridge Road, Unite 2E, Vienna, Virginia 22182.

Amit Jain and Monika Jain are the members of Metro Sales.

12.     Sell USA LLC is a Virginia limited liability company with a principal office address located at 445 Windover Avenue, NW, Vienna, Virginia 22180.  Amit and Monika Jain are the members of Sell USA.

13.     495 Real Estate, LLC is a Virginia limited liability company with a principal office address located at 2567 Chain Bridge Road, Unite 2E, Vienna, Virginia 22182.   Amit Jain and Monika Jain are the members of 495 Real Estate, LLC.

14.     Shehal and Muhammad Jarral are citizens of Maryland and reside at 514 Bond Avenue, Reisterstown, Maryland 21136.  Mr. and Mrs. Jarral conspired with Amit Jain, Monika Jain, and Eagle to defraud Bala Jain out of principal and interest payments that were owed to Bala Jain pursuant to a $325,000 loan that was financed by Bala Jain, and that was secured by a Deed of Trust and Assignment of Deed of Trust to Bala Jain. Upon information and belief, Mr. and Mrs. Jarral regularly travel into Virginia. The place of performance for Mr. and Mrs. Jarral under the contract was Virginia and the damages caused by Mr. and Mrs. Jarral occurred in Virginia.

15.     SPSVA, LLC ("SPSVA")is a Virginia limited liability company that is registered to do business in Virginia.  Upon information and belief, Satpal is a citizen of Virginia and resides at 10313 Henderson Road, Fairfax Station, Virginia 22039.  Upon information and belief, Mr. Singh is the sole member of SPSVA, LLC.  Upon information and belief, Mr. Singh used his control over SPSVA to conspire with Amit Jain, Monika Jain, and Eagle to defraud Bala Jain out of principal and interest payments that were owed to Bala Jain pursuant to a $85,000 loan that was financed by Bala Jain, and that was secured by a Deed of Trust and Assignment of Deed of Trust to Bala Jain.

16.     Dolbi USA, LLC ("Dolbi USA") is a Virginia limited liability company that is

registered to do business in Virginia.

17.    Upon information and belief, Shaikh M. Rahim and Moheed Rahim are citizens of Maryland and reside at 145 W Ostend Street, Suite 600, Baltimore, Maryland 21230.    Upon information and belief, Shaikh Rahim is the member for Dolbi USA and Moheed Rahim is a member of Dolbi USA.    Upon information and belief, Shaikh and Moheed Rahim used their control over Dolbi USA to conspire with Amit Jain, Monika Jain, and Eagle to defraud Bala Jain out of principal and interest payments that were owed to Bala Jain pursuant to a $180,000 loan for two properties that was financed by Bala Jain, and that was secured by a Deed of Trust and Assignment of Deed of Trust to Bala Jain. Upon information and belief, Shaikh M. Rahim and Moheed Rahim regularly travel into Virginia. The place of performance for Shaikh M. Rahim and Moheed Rahim under the contract was Virginia and the damages caused by Shaikh M. Rahim and Moheed Rahim occurred in Virginia.

18.    Upon information of belief, Jacqueline Alexander is citizen of Maryland and resides at 1009 Sweetgrass Circle, La Plata, Maryland 20646.    Ms. Alexander is also a licensed real estate agent and maintains a Virginia real estate license, license number 0225187653.    Upon information and belief, Ms. Alexander regularly transacts business as a real estate agent in Virginia.    Upon information and belief, Ms. Alexander conspired with Amit Jain, Monika Jain, and Eagle to defraud Bala Jain out of principal and interest payments that were owed to Bala Jain pursuant to a $225,000 loan that was financed by Bala Jain, and that was secured by a Deed of Trust to Bala Jain. Upon information and belief, Jacqueline Alexander regularly travel into Virginia. The place of performance for Jacqueline Alexander under the contract was Virginia and the damages caused by Jacqueline Alexander occurred in Virginia.

19.    Capital One, National Association ("Capital One"), is a national bank with a principal office located at 1680 Capital One Drive, McLean Virginia 22102.    Amit Jain, Monika

Jain, Eagle, and upon information in belief, other companies owned and/or controlled by Amit Jain, Monika Jain, and Eagle, hold various accounts with Capital One.  Amit Jain, Monika Jain, and Eagle used checks and wire communications to transfer the funds they received from Bala Jain into these accounts, and commingled Bala Jain's funds with the funds maintained in these other accounts without maintaining any proper accounting.

20.     Fulton Financial Corporation ("Fulton Bank") is a national bank that is registered to do business in Virginia, and has customers and regularly transacts business in Fairfax County, Virginia.  Amit Jain, Monika Jain, Eagle, and upon information in belief, other companies owned and/or controlled by Amit Jain, Monika Jain, and Eagle, hold various accounts with Fulton Bank. Amit Jain, Monika Jain, and Eagle used checks and wire communications to transfer the funds they received from Bala Jain into these accounts, and commingled Bala Jain's funds with the funds maintained in these other accounts without maintaining any proper accounting.

21.     Main Street Bank has a principal office located at 10089 Fairfax Boulevard, Fairfax, Virginia 22030. Amit Jain, Monika Jain, Eagle, and upon information in belief, other companies owned and/or controlled by Amit Jain, Monika Jain, and Eagle, hold various accounts with Main Street Bank.   Amit Jain, Monika Jain, and Eagle used checks and wire communications to transfer the funds they received from Bala Jain into these accounts, and commingled Bala Jain's funds with the funds maintained in these other accounts without maintaining any proper accounting.

22.     Bank of Clarke County has a principal office located at 2 East Main Street, Berryville, Virginia 22611, and has customers and regularly transacts business in Fairfax County, Virginia.   Amit Jain, Monika Jain, Eagle, and upon information in belief, other companies owned and/or controlled by Amit Jain, Monika Jain, and Eagle, hold various accounts

with the Bank of Clarke County.  Amit Jain, Monika Jain, and Eagle used checks and wire communications to transfer the funds they received from Bala Jain into these accounts, and commingled Bala Jain's funds with the funds maintained in these other accounts without maintaining any proper accounting.

23.    Navy Federal Financial Group, LLC ("Navy Federal") is a Virginia limited liability company with a principal office address located at 1007 Electric Avenue, Vienna, Virginia 220180.  Amit Jain, Monika Jain, Eagle, and upon information in belief, other companies owned and/or controlled by Amit Jain, Monika Jain, and Eagle, hold various accounts with Navy Federal.  Amit Jain, Monika Jain, and Eagle used checks and wire communications to transfer the funds they received from Bala Jain into these accounts, and commingled Bala Jain's funds with the funds maintained in these other accounts without maintaining any proper accounting.

24.    Arpaagro General Trading, LLC is a Virginia limited liability company with a principal office address located at 2567 Chain Bridge Road, Unite 2E, Vienna, Virginia 22182.  Amit and Monika Jain are the members of Arpaagro General Trading.

25.    Eagle Properties, LLC is a Virginia limited liability company with a principal office address located at 445 Windover Avenue, NW, Vienna, Virginia 22180.  Amit and Monika Jain are the members of Eagle Properties, LLC.

26.    Eagle Investments, LLC is a Virginia limited liability company with a principal office address located at 445 Windover Avenue, NW, Vienna, Virginia 22180.  Amit and Monika Jain are the members of Eagle Investments, LLC.

27.    True Properties, LLC is a Virginia limited liability company with a principal office address located at 2567 Chain Bridge Road, Unite 2E, Vienna, Virginia 22182.  Amit and Monika

Jain are the members of True Properties, LLC.

28.    Saptal Singh is a citizen of Virginia and resides at 10313 Henderson Road, Fairfax Station, Virginia 22039.  Mr. Singh conspired with Amit Jain, Monika Jain, and Eagle to defraud Bala Jain out of principal and interest payments that were owed to Bala Jain pursuant to a loan that was financed by Bala Jain, and that was secured by a Deed of Trust and Assignment of Deed of Trust to Bala Jain.

29.    Atlantic Union Bank ("Atlantic Bank") is a national bank that is registered to do business in Virginia, and has customers and regularly transacts business in Fairfax County, Virginia. Amit Jain, Monika Jain, Eagle, and upon information in belief, other companies owned and/or controlled by Amit Jain, Monika Jain, and Eagle, hold various accounts with Atlantic Bank.  Amit Jain, Monika Jain, and Eagle used checks and wire communications to transfer the funds they received from Bala Jain into these accounts, and commingled Bala Jain's funds with the funds maintained in these other accounts without maintaining any proper accounting.

30.    PNC Bank, N.A. is a national association that is registered to do business in Virginia,  and has customers and regularly transacts business in Fairfax County, Virginia. Amit Jain, Monika Jain, Eagle, and upon information in belief, other companies owned and/or controlled by Amit Jain, Monika Jain, and Eagle, hold various accounts with PNC Bank.  Amit Jain, Monika Jain, and Eagle used checks and wire communications to transfer the funds they received from Bala Jain into these accounts, and commingled Bala Jain's funds with the funds maintained in these other accounts without maintaining any proper accounting.

31.    Primis Bank d/b/a Sona Bank is a bank that is registered to do business in Virginia,  and has customers and regularly transacts business in Fairfax County, Virginia. Amit Jain, Monika Jain, Eagle, and upon information in belief, other companies owned and/or

controlled by Amit Jain, Monika Jain, and Eagle, hold various accounts with Sona Bank.  Amit

Jain, Monika Jain, and Eagle used checks and wire communications to transfer the funds they

received from Bala Jain into these accounts, and commingled Bala Jain's funds with the funds

maintained in these other accounts without maintaining any proper accounting.

### III.    JURISDICTION AND VENUE

32.    This Court has subject matter jurisdiction over this action and venue is proper

because each of the Defendants resides and transacts business within the Commonwealth of

Virginia and Fairfax County, Virginia.

### IV.    FACTS

**A.  Bala Jain Loaned Millions of Dollars to Eagle That Are Secured by Deeds of Trust
and Loan Documents Drafted and Prepared by Dan Kotz and First Class Title.**

33.    Bala Jain is a private money lending company that loans money to borrowers to

finance the purchase and development of real property.  In exchange for the loan, the borrower

agrees to use the loan exclusively to purchase and/or develop the real property.  The borrower

also agrees to grant Bala Jain a first deed of trust on the real property acquired, and to provide

Bala Jain with title insurance and a title report that confirms that Bala Jain holds the first deed of

trust on the real property at issue.  The deed of trust confirms the existence of the debt the

borrower owes to Bala Jain while the ownership of the property remains with the borrower until

the debt is repaid.

34.    Sometime around March 2016, Amit Jain and Monika Jain approached Bala

Jain's managing member, Shail Butani, about borrowing money to finance the development of

real property.  Mrs. Butani explained the terms of Bala Jain's business model and agreed to issue

loans to Amit Jain and Monika Jain provided Amit Jain and Monika Jain agreed to use the loan

exclusively to develop and improve real property that would be sold to repay the loan.  Pursuant

to Bala Jain's terms, Amit Jain and Monika Jain also agreed to grant Bala Jain a first deed of trust on the properties that were to be developed with the money from the loans.  The issuance of a first deed of trust to Bala Jain was critical to ensure that Bala Jain's investment was protected in the event Amit Jain and Monika Jain defaulted on the loans.

35.    Amit Jain and Monika Jain repeatedly promised, represented, and assured Bala Jain and its managing member, Shail Butani, that they would adhere to each of Bala Jain's aforementioned terms.  Upon information and belief, Amit Jain and Monika Jain enlisted the help of Daniel Kotz, Esq. and his company, First Class Title, Inc., to serve as the settlement attorney for the lending transactions for a company called Eagle Properties and Investments, LLC ("Eagle").  Monika Jain is the managing member of Eagle.

36.    Between 2016 and early 2020, Amit Jain and Monika Jain used Eagle to borrow more than $10 million from Bala Jain as part of 61 separate lending transactions.  These included borrowing money to finance the purchase and development of the properties in Maryland, Virginia, Pennsylvania, and the District of Columbia:

a)    On or about February 21, 2017, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $158,000 for the purchase and development of real property located at 5608 Southern Ave., SE Washington, DC 20019.

b)    In April, 2016, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $240,000 for the purchase and development of real property located at 10501A Old Annapolis Rd, Frederick, MD 21701.

c)    In May, 2016, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $165,000 for the purchase and development of real property located at 4719 Brookfield Dr., Suitland, MD 20746.

d)      In May, 2016, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $143,000 for the purchase and development of real property located at 5611—59th Ave., Riverdale, MD 20737.

e)      On or about June 3, 2016, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $365,000 for the purchase and development of real property located at 710 Othman Drive, Fort Washington, MD 20744.

f)      On or about June 20, 2016, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $80,000 for the purchase and development of real property located at 2 Venturi Road, Middle River, MD 21220.

g)      In July, 2016, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $180,000 for the purchase and development of real property located at 3317 Pumphrey Dr, District Heights, MD 20747.

h)      On or about August 28, 2016, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $195,000 for the purchase and development of real property located at 3408 27th Ave., Temple Hills, MD 20748.

i)      On or about December 2, 2016, Bala Jain entered a loan with Eagle whereby Eagle borrowed $198,000 for the purchase and development of real property located at 11000 Penny Ave., Clinton, MD 20735.

j)      On or about January 10, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $143,000 for the purchase and development of real property located at 513 Church St., Baltimore, MD 21225.

k)       On or about January 12, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $182,000 for the purchase and development of real property located at 3313 Navy Day Drive, Suitland, MD 20746.

l)       On or about January 19, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $218,000 for the purchase and development of real property located at 5720 Chris Mar Ave., Clinton, MD 20735.

m)      On or about April 18, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $218,000 for the purchase and development of real property located at 7808 Mayford Ave., Pasadena, MD 21122.

n)       On or about May 26, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $150,000 for the purchase and development of real property located at 3104 Donna Road, Gwynn Oak, MD 21207.

o)       On or about May 26, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed - $160,000 for the purchase and development of real property located at 2604 Gwynndale Ave., Baltimore, MD 21207.

p)       On or about June 22, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $105,000 for the purchase and development of real property located at 129 Osborne Rd., Aberdeen, MD 21001.

q)       On or about June 22, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $172,000 for the purchase and development of real property located at 3207 Vickers Rd., Baltimore, MD 21216.

r)      On or about June 22, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $138,000 for the purchase and development of real property located at 108 Kidwell Ave., Centreville, MD 21617.

s)      On or about June 22, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $165,000 for the purchase and development of real property located at 21 Lavern Ave., Baltimore County, MD 21227.

t)      On or about July 18, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed - $158,000 for the purchase and development of real property located at 1083 Vena Lane, Pasadena, MD 21122.

u)      On or about August 10, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $135,000 for the purchase and development of real property located at 3 Nacelle Rd., Middle River, MD 21220.

v)      On or about August 15, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $175,000 for the purchase and development of real property located at 4212 Fernhill Ave., Baltimore, MD 21215.

w)      On or about September 12, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $120,000 for the purchase and development of real property located at 3720 Northern Pkwy, Baltimore, MD 21206.

x)      On or about September 16, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $135,000 for the purchase and development of real property located at 4114 Idaho Ave., Baltimore, MD 21206.

y)      On or about October 20, 2017, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $145,000 for the purchase and development of real property located at 5203 Fernpark Ave. Baltimore, MD 21207.

z)      On or about December 26, 2017, Bala Jain entered a loan with Eagle whereby Eagle borrowed $160,000 for the purchase and development of real property located at 6414 Dogwood Rd., Baltimore, MD 21207.

aa)     On or about January 2, 2018, Bala Jain entered a loan with Eagle whereby Eagle borrowed - $153,000 for the purchase and development of real property located at 1431 Langford Rd., Baltimore, MD 21207.

bb)     On or about February 22, 2018, Bala Jain entered a loan with Eagle whereby Eagle borrowed $142,000 for the purchase and development of real property located at 3209 Windsor Ave., Baltimore, MD 21216.

cc)     On or about February 25, 2018, Bala Jain entered a loan with Eagle whereby Eagle borrowed $128,000 for the purchase and development of real property located at 3803 Prospect Rd., Street, MD 21154.

dd)     On or about March 23, 2018, Bala Jain entered a loan with Eagle whereby Eagle borrowed - $940,000 for the purchase and development of real property located at 2 Gas Stations, Baltimore, MD.

ee)     On or about July 26, 2018, Bala Jain entered a loan with Eagle whereby Eagle borrowed $228,000 for the purchase and development of real property located at 24106 Hurry Rd., Chaptico, MD 20621.

ff)      On or about August 31, 2018, Bala Jain entered a loan with Eagle whereby Eagle borrowed $160,000 for the purchase and development of real property located at 4095 Friendship Landing Rd., Nanjemoy, MD 20662.

gg)      On or about September 1, 2018, Bala Jain entered a loan with Eagle whereby Eagle borrowed $156,000 for the purchase and development of real property located at 601 Virginia Ave., Baltimore, MD 21221.

hh)      On or about September 1, 2018, Bala Jain entered a loan with Eagle whereby Eagle borrowed $94,000 for the purchase and development of real property located at 2166 Druid Park Dr., Baltimore, MD 21211.

ii)      On or about September 27, 2018, Bala Jain entered a loan with Eagle whereby Eagle borrowed $194,000 for the purchase and development of real property located at 13 Winona Ave., Baltimore, MD 21222.

jj)      On or about December 14, 2018, Bala Jain entered a loan with Eagle whereby Eagle borrowed $194,000 for the purchase and development of real property located at 1248 Old Camp Meade Rd., Severn, MD 21144.

kk)      On or about December 14, 2018, Bala Jain entered a loan with Eagle whereby Eagle borrowed $150,000 for the purchase and development of real property located at 115 S. Poppleton St., Baltimore, MD 21201.

ll)      On or about December 14, 2018, Bala Jain entered a loan with Eagle whereby Eagle borrowed $168,000 for the purchase and development of real property located at 1539 N. Caroline St. Baltimore, MD 21213.

mm)    On or about January 29, 2019, Bala Jain entered a loan with Eagle whereby Eagle borrowed $140,000 for the purchase and development of real property located at 3012 Dupont Ave., Baltimore, MD 21215.

nn)    On or about February 12, 2019, Bala Jain entered a loan with Eagle whereby Eagle borrowed $270,000 for the purchase and development of real property located at 4312 Opals Choice Dr., Manchester, MD 21102.

oo)    On or about April 5, 2019, Bala Jain entered a loan with Eagle whereby Eagle borrowed $168,000 for the purchase and development of real property located at 1608 N Caroline Street, Baltimore, MD 21213.

pp)    On or about April 5, 2019, Bala Jain entered a loan with Eagle whereby Eagle borrowed $175,000 for the purchase and development of real property located at 5401 Pembroke Ave., Gwyn Oak MD 21207.

qq)    On or about July 3, 2019, Bala Jain entered a loan with Eagle whereby Eagle borrowed $143,000 for the purchase and development of real property located at 202 N. Port Street, Baltimore, MD 21224.

rr)    On or about August 9, 2019, Bala Jain entered a loan with Eagle whereby Eagle borrowed $164,000 for the purchase and development of real property located at 3010 Chelsea Terrace, Baltimore, MD 21216.

ss)    On or about November 8, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $156,000 for the purchase and development of real property located at 213 N. Port St., Baltimore, MD 21224.

tt)      On or about February 3, 2020, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $290,000 for the purchase and development of real property located at 580 W. Areba Ave., Hershey, PA 17033.

uu)      On or about March 10, 2020, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $210,000 for the purchase and development of real property located at 1630 E. Chocolate Ave., Hershey, PA 17033.

vv)      On or about December 23, 2016, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $425,000 for the purchase and development of real property located at 1001 Forbes St., Fredericksburg, VA 22405.

ww)      On or about December 23, 2016, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $320,000for the purchase and development of real property located at 9980 Flint Rock Road, Manassas, VA 20112.

xx)      On or about June 30, 2017, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $375,000 for the purchase and development of real property located at 214 Lewis St. NW, Vienna, VA. 22180.

yy)      On or about July 1, 2017, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $150,000 for the purchase and development of real property located at 445 Windover Ave., Vienna, VA 22180.

zz)      On or about July 31, 2017, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $325,000 for the purchase and development of real property located at 3707 Sanders Lane, Catharpin, VA 20143.

aaa)     On or about December 22, 2017, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $220,000 for the purchase and development of real property located at 1001 Manning Dr Fredericksburg, VA 22405.

bbb)     On or about January 25, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $80,000 for the purchase and development of real property located at 1001 Manning Dr, Fredericksburg, VA, 22405.

ccc)     On or about January 29, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $118,000 for the purchase and development of real property located at 2020 2nd Ave., Richmond, VA 23222.

ddd)     On or about January 29, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $89,000 for the purchase and development of real property located at 2018 2nd Ave., Richmond, VA 23222.

eee)     On or about August 5, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $145,000 for the purchase and development of real property located at 2107--2nd Ave., Richmond, VA 23222.

fff)     On or about September 19, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $150,000 for the purchase and development of real property located at 1025 Darrymore Rd., Richmond, VA. 23225.

ggg)     On or about October 28, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed - $125,000 for the purchase and development of real property located at 30 West 21st Street, Richmond, VA 23225.

hhh)    On or about December 19, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $145,000 for the purchase and development of real property located at 2011-- 2nd Ave., Richmond, VA 23223.

iii)    On or about November 20, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $370,000 for the purchase and development of real property located at 3002 Williamsburg Rd., Henrico, VA 23231.

37.    Daniel Kotz, Esq. and his company, First Class Title, Inc., served as the real estate agent and settlement agent for almost all of the above lending transactions.  Each time Eagle borrowed money from Bala Jain, Eagle, Mr. Kotz and his company, First Class Title, Inc., prepared the loan documents, the first deed of trust, the title insurance and title report for each of the real properties. Mr. Kotz and his company, First Class Title, also served as the settlement attorney and settlement agent for the sale of each of the above lending transactions.  Each time a property was sold, Mr. Kotz and First Class Title drafted the Certification of Satisfaction, forwarded the Certificate of Satisfaction to Bala Jain for execution, and ensured that Bala Jain was repaid the remaining principal balance owed by Amit Jain, Monika Jain, and Eagle for each of the above loans.

**B.    Amit Jain, Monika Jain, Dan Kotz, and First Class Title Conspire To Defraud Bala Jain Out of Millions of Dollars In Additional Loans.**

38.    Around this same time, Amit Jain and Monika Jain began to groom Bala Jain and its owner, Shail Butani, and her husband, Ishwar Butani, as part of a sinister scheme designed to defraud Bala Jain and its investors out of millions of dollars.  Amit Jain and Monika Jain began developing a family relationship with Bala Jain's owner and her husband on an almost daily basis as part of an elaborate plan to obtain their trust and confidence and then take advantage of their trust by defrauding Bala Jain and its investors out of millions of dollars.

39.    Bala Jain's owner, Shail Butani, and her husband, are 76 and 80+ years old, respectively, and are decades older that Amit Jain and Monika Jain.  Amit Jain and Monika began referring to Shail Butani as "Ma" in order to deceive her into believing that they cared about her and her husband like parents.   Amit Jain began copying Shail and Ishwar Butani's religious values and frequently sent them text messages containing verses from religious scripture and daily inspirational greetings while pretending to act as their friend.   This scheme was designed to lure Shail Butani into a false sense of trusting Amit and Monika Jain.  Amit Jain frequently told Shail Butani that all of her investments were 100% safe and that he was guarding the safety of her investments more than his own investments.  Unfortunately, Amit Jain's words were knowingly and intentionally false, and each of these statements were made to fraudulently induce Shail Butani and Bala Jain to loan Amit Jain, Monika Jain and their company, Eagle, millions in funds so Amit Jain, Monika Jain, and Eagle could enter into high-risk investments with third-parties while using Eagle as a sham company to insulate Amit Jain and Monika Jain from personal liability.

40.    Upon information and belief, sometime in 2019, Amit Jain and Monika Jain conspired with Daniel Kotz and his company, First Class Titleto fraudulently induce Bala Jain and Shail Butani to loan Eagle several million dollars.  Amit Jain and Monika Jain secretly planned to use the monies they borrowed from Bala Jain to finance a series of high-risk investments with various third-parties and, upon information and belief, to finance their personal expenses and to fund companies that were owned and controlled by Amit Jain and Monika Jain.

41.    Amit Jain and Monika Jain used their years of grooming and feigned status as Shail Butani and Ishwar Butani's close family to persuade them into transferring their entire retirement to Bala Jain, and loan her $2 million retirement, plus an additional $5.5 million from

Bala Jain's investors, to Eagle as part of a series of loans set forth below.  Amit Jain and Monika Jain made the following misrepresentations before each of these loans were made:

a)      Amit Jain and Monika Jain promised and misrepresented to Shail Butani and Bala Jain that Eagle would use the proceeds from the loans exclusively for the purchase and development of real property.

b)      Amit Jain and Monika Jain promised and misrepresented to Shail Butani and Bala Jain that Eagle would make timely monthly payments to repay the principal balance and interest owed on each of these loans.

c)      Amit Jain and Monika Jain promised and misrepresented to Shail Butani and Bala Jain that Eagle would direct Daniel Kotz and his company, First Class Title, Inc. to prepare first deeds of trust in favor of Bala Jain for each of the loans that were used to purchase and/or develop the real property.

d)      Amit Jain and Monika Jain promised and misrepresented to Shail Butani and Bala Jain that Eagle would ensure that each of the real properties would be kept free and clear of any other liens and that Bala Jain would hold the only deed of trust and security interest in each of the properties.

42.      The terms that Bala Jain expected to receive in exchange for its funds were memorialized, in-part, in an e-mail from Bala Jain's owner, Shail Butani, to Amit Jain and Monika Jain attached hereto as **Exhibit** 1.  Attached to the e-mail was a PowerPoint prepared by Bala Jain identified the various measures that Amit Jain, Monika Jain, and Eagle would need to provide to secure Bala Jain's loans, including:

a.      Collateral in the amount of at least 25% equity based on after renovation value of the real estate.

b.      Proper closing paperwork consisting of an appraisal, home owners insurance, title work and title insurance, court recorded documents, etc.

c.      First Deeds of Trust in the name of Bala Jain.

Amit Jain, Monika Jain, and Eagle that they would follow the terms for securing each of Bala Jain's loans as part of Bala Jain's continuing lending relationships with Amit Jain, Monika Jain, and Eagle.

43.     Amit Jain and Monika Jain knew that agreeing to the terms in the PowerPoint, combined with their promises, representations and assurances were critical to securing each of Bala Jain's investments. Amit Jain and Monika Jain knew that Shail Butani and Bala Jain would never approve a loan to their sham company, Eagle, unless Amit Jain and Monika Jain agreed to each of these promises and representations. Unfortunately, each of the aforementioned promises, representations and assurances that were made by Amit Jain and Monika Jain were knowingly and intentionally false at the time they were made, and with the intent that Bala Jain and Shail Butani would rely upon each of these statements and provide the loans at issue. Amit Jain and Monika Jain never had the intention of fulfilling any of these promises or representations or assurances.

44.     Shail Butani and Bala Jain relied upon each of Amit Jain, Monika Jain and Eagle's aforementioned promises, representations, and assurances as stated above, and made a series of loans to Eagle totaling $7.5 million as set forth below:

a)      On or about February 17, 2021, Bala Jain entered into a loan with Eagle whereby Eagle borrowed - $58,000 for the purchase and development of real property located at 44 Galveston Place SW #D, Washington, DC 20032. Eagle agreed to pay 12% interest on the loan

and to repay the loan on or before February 17, 2022 (please verify from scanned documents). Eagle has defaulted on this loan.

b)      On or about July 26, 2018, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $225,000 for the purchase and development of real property located at 1009 Sweetgrass Circle, LaPlata, MD 20646.  Eagle agreed to pay 12% interest on the loan and to repay the loan on or before July 27, 2019.  Eagle has defaulted on this loan.

c)      On or about January 31, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $250,000 for the purchase and development of real property located at 1818 Woodlawn Dr., Baltimore, MD 21207.  Monika Jain also signed a personal guarantee that requires her to repay the full balance of this loan in the event of a default by Eagle.  Eagle agreed to pay 12% interest on the loan and to repay the loan on or before January 31, 2020.  Eagle has defaulted on this loan.

d)      On or about January 31, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $250,000 for the purchase and development of real property located at 6971 Baltimore Annapolis Blvd., Baltimore, MD 21225. Eagle agreed to pay 12% interest on the loan and to repay the loan on or before January 31, 2020.  Monika Jain also signed a personal guarantee that requires her to repay the full balance of this loan in the event of a default by Eagle.  Eagle has defaulted on this loan.

e)      On or about February 3, 2020, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $165,000 for the purchase and development of real property located at 897 W. Lombard St., Baltimore, MD 21201.   Eagle agreed to pay 12% interest on the loan and to repay the loan on or before February 3, 2021.  Eagle has defaulted on this loan.

f)      On or about March 19, 2021, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $170,000 for the purchase and development of real property located at 202 North Port St., Baltimore, MD 21224. Eagle agreed to pay 12% interest on the loan and to repay the loan on or before March 19, 2022. Eagle has defaulted on this loan.

g)      On or about May 26, 2021, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $198,000 for the purchase and development of real property located at 3012 Dupont Ave., Baltimore, MD 21215. Eagle agreed to pay 12% interest on the loan and to repay the loan on or before May 26, 2022. Eagle has defaulted on this loan.

h)      On or about August 30, 2021, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $400,000 for the purchase and development of real property located at 15474 Roxbury Rd., Glenwood, MD 21738. Eagle agreed to pay 12% interest on the loan and to repay the loan on or before September 1, 2022. Eagle has defaulted on this loan.

i)      On or about October 8, 2021, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $85,000 for the purchase and development of real property located at 610 Richwood Ave., Baltimore, MD 21212. Eagle agreed to pay 12% interest on the loan and to repay the loan on or before October 15, 2022. Eagle has defaulted on this loan.

j)      On or about October 8, 2021, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $79,000 for the purchase and development of real property located at 1739 Montpelier St., Baltimore, MD 21218. Eagle agreed to pay 12% interest on the loan and to repay the loan on or before October 15, 2022. Eagle has defaulted on this loan.

k)      On or about February 16, 2022, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $325,000 for the purchase and development of real property located at 514 Bond

Ave., Reisterstown, MD 21236.  Eagle agreed to pay 12% interest on the loan and to repay the

loan on or before February 3, 2024.  Eagle has defaulted on this loan.

l)      On or about May 15, 2018, Bala Jain entered into a loan with Eagle whereby

Eagle borrowed $350,000 for the purchase and development of real property located at 130 S.

Main St., Norwood, NC 28128.  Eagle agreed to pay 12% interest on the loan and to repay the

loan on or before May 15, 2019.  Eagle has defaulted on this loan.

m)      On or about March 20, 2020, Bala Jain entered into a loan with Eagle whereby

Eagle borrowed $170,000 for the purchase and development of real property located at 205 W.

Cherry St., Palmyr, PA 17078.  Eagle agreed to pay 12% interest on the loan and to repay the

loan on or before March 20, 2021.  Eagle has defaulted on this loan.

n)      On or about May 12, 2021, Bala Jain entered into a loan with Eagle whereby

Eagle borrowed $198,000 for the purchase and development of real property located at 71 Lucy

Ave., Hummelstown, PA 17036.  Eagle agreed to pay 12% interest on the loan and to repay the

loan on or before May 28, 2022.  Eagle has defaulted on this loan.

o)      On or about July 30, 2021, Bala Jain entered into a loan with Eagle whereby

Eagle borrowed $270,000 for the purchase and development of real property located at 1343

Church St., Hershey, PA 17033.   Eagle agreed to pay 12% interest on the loan and to repay the

loan on or before July 30, 2022.  Eagle has defaulted on this loan.

p)      On or about July 30, 2021, Bala Jain entered a loan with Eagle whereby Eagle

borrowed $265,000 for the purchase and development of real property located at 1635 Church

Rd., Humelstown, PA 17036.  Eagle agreed to pay 12% interest on the loan and to repay the loan

on or before July 30, 2022.  Eagle has defaulted on this loan.

q)      On or about August 30, 2021, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $190,000 for the purchase and development of real property located at 204 S. Fairville, Harrisburg, PA 17112.  Eagle agreed to pay 12% interest on the loan and to repay the loan on or before August 30, 2022.  Eagle has defaulted on this loan.

r)      On or about November 30, 2021, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $270,000 for the purchase and development of real property located at 7616 Grove Ave., Harrisburg, PA 17112.  Eagle agreed to pay 12% interest on the loan and to repay the loan on or before November 30, 2022.  Eagle has defaulted on this loan.

s)      On or about November 7, 2017, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $340,000 for the purchase and development of real property located at 449 Lawyers Rd., Vienna, VA 22180.  Eagle agreed to pay 12% interest on the loan and to repay the loan on or before November 7, 2018.  Eagle has defaulted on this loan.

t)      On or about July 30, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $300,000 for the purchase and development of real property located at 1010 Lynn St., Vienna, VA 22180.  Eagle agreed to pay 12% interest on the loan and to repay the loan on or before July 30, 2020.  Eagle has defaulted on this loan.

u)      On or about February 12, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $300,000 for the purchase and development of real property located at 18502 Corby St., Triangle, VA 22172.  Eagle agreed to pay 12% interest on the loan and to repay the loan on or before February 12, 2020.  Eagle has defaulted on this loan.

v)      On or about July 30, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $400,000 for the purchase and development of real property located at 445

Windover Ave., Vienna, VA 22180. Eagle agreed to pay 12% interest on the loan and to repay the loan on or before July 30, 2020. Eagle has defaulted on this loan.

w)    On or about August 15, 2019, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $210,000 for the purchase and development of real property located at 3110 P St., Richmond, VA 23223. Eagle agreed to pay 12% interest on the loan and to repay the loan on or before August 2020. Eagle has defaulted on this loan.

x)    On or about January 3, 2020, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $100,000 for the purchase and development of real property located at 1016 Cottage St., Vienna, VA 22180. Eagle agreed to pay 12% interest on the loan and to repay the loan on or before January 3, 2021. Eagle has defaulted on this loan.

y)    On or about January 29, 2020, Bala Jain entered into a loan with Eagle whereby Eagle borrowed - $150,000 for the purchase and development of real property located at 7515 Cotfield Rd., Richmond, VA 23237. Eagle agreed to pay 12% interest on the loan and to repay the loan on or before January 29, 2021. Eagle has defaulted on this loan.

z)    On or about May 24, 2020, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $80,000 for the purchase and development of real property located at 1001 Manning Dr., Fredericksburg, VA 22405. Eagle agreed to pay 12% interest on the loan and to repay the loan on or before May 14, 2021. Eagle has defaulted on this loan.

aa)    On or about April 23, 2020, Bala Jain entered into a loan with Eagle whereby Eagle borrowed - $85,000 for the purchase and development of real property located at 210 Brighton Sq., Fredericksburg, VA 22401. Eagle agreed to pay 12% interest on the loan and to repay the loan on or before April 22, 2021. Eagle has defaulted on this loan.

bb)     On or about May 15, 2020, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $400,000 for the purchase and development of real property located at 1203 Cottage St., SW Vienna, VA 22180.  Eagle agreed to pay 12% interest on the loan and to repay the loan on or before May 14, 2021.  Eagle has defaulted on this loan.

cc)     On or about November 30, 2020, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $500,000 for the purchase and development of real property located at 2565 Chain Bridge Rd #2F, Vienna, VA 22180.  Eagle agreed to pay 12% interest on the loan and to repay the loan on or before November 30, 2021.  Eagle has defaulted on this loan.

dd)     On or about February 1, 2021, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $75,000 for the purchase and development of real property located at 19004 Queen Dr., Triangle, VA 22172.  Eagle agreed to pay 12% interest on the loan and to repay the loan on or before February 1, 2022.  Eagle has defaulted on this loan.

ee)     On or about March 1, 2021, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $350,000 for the purchase and development of real property located at 3126 Enslow Ave., Richmond, VA 23222.  Eagle agreed to pay 12% interest on the loan and to repay the loan on or before March 1, 2022.  Eagle has defaulted on this loan.

ff)     On March 19, 2021, Bala Jain entered into an additional loan of $100,000 for the purchase and development of real property called 18 Lots in Richmond, Richmond, VA 23222. Eagle agreed to pay 12% interest on the loan and to repay the loan on or before March 19 2022. Eagle has defaulted on this loan.

gg)     On or about August 10, 2021, Bala Jain entered into a loan with Eagle whereby Eagle borrowed $260,000 for the purchase and development of real property located at 3007—

3rd Ave., Richmond, VA 23222.  Eagle agreed to pay 12% interest on the loan and to repay the

loan on or before August 10, 2022.  Eagle has defaulted on this loan.

hh)    On or about August 12, 2021, Bala Jain entered into a loan with Eagle whereby

Eagle borrowed $160,000 for the purchase and development of real property located at 3305—

2nd Ave., Richmond, VA 23222.  Eagle agreed to pay 12% interest on the loan and to repay the

loan on or before August 12, 2022.  Eagle has defaulted on this loan.

45.    The terms of each of the loans identified in paragraph 44 above, were negotiated

orally and, in several cases, confirmed by e-mail correspondence drafted by Amit Jain and

Monika Jain that was transmitted to Bala Jain.  The majority of the loan documents for the

lending transactions identified in paragraph 44 were drafted by Dan Kotz and First Class Title,

and were virtually identical to the loan documents that Dan Kotz and First Class Title drafted for

loan documents identified in paragraph 36 of the Amended Complaint.  Specifically, the loan

documents between Bala Jain and Eagle expressly identified the property that Eagle was to

purchase and / or improve with the funds provided by Bala Jain.  Bala Jain transferred the

proceeds for each of these loans by wire transfer to bank accounts held by Eagle, Monika Jain

and Amit Jain.  Bala Jain included within all (if not most) of the wire transfers instructions that

directed the funds to be used exclusively for the properties identified in the underlying loan

document.

46.    Bala Jain, Amit Jain, Monika Jain, and Eagle also agreed that Dan Kotz and First

Class Title would draft and record first deeds of trust securing each of the loans against the

properties identified in each of the loan documents identified in paragraph 44 the same way the

loans identified in paragraph 36 had been secured with deeds of trust, and that Dan Kotz and

First Class Title would also be responsible for recording each of the deeds of trust.  Dan Kotz

and First Class Title, in fact, agreed to draft the loan documents and deeds of trust based on the same terms as the other loans identified in paragraph 36 of the Amended Complaint. Similarly, Dan Kotz and First Class Title also agreed to record the deeds of trust, and ensure that Bala Jain was repaid any remaining principal balance owed under the loans when these properties were sold. As such, Dan Kotz and First Class Title accepted and agreed to serve as the settlement agent and settlement attorney for each of the loans and deeds of trust that they handled for Eagle and Bala Jain. Accordingly, Dan Kotz and First Class Title owed Bala Jain a fiduciary duty according to Virginia common law and the Virginia Code.

47.    Defendants Dan Kotz and First Class Title knew, or should have known, when drafting the loan documents and deeds of trust for each of the above transactions that Bala Jain was making the loans in reliance of Amit Jain, Monika Jain and Eagle's material misrepresentations that  they would use Bala Jain's funds exclusively to purchase and/or develop the real property identified in each loan document, and that these loans would be secured by a first deed of trust issued against the real property identified in each of the loan documents.

48.    Funds for most of these loans were transmitted by wire transfer from Bala Jain's bank account to Eagle's bank account with Capital One. Upon information and belief, Eagle transmitted a large amount of the Bala Jain funds Eagle received by wire transfer from Eagle's bank account at Capital One to an account held by First Class Title. In some cases, upon information and belief, these funds were directly transmitted from Bala Jain's bank account to Eagle's bank account to Capital One, and then transferred by Eagle from Capital One to First Class Title's bank account in order to finance Eagle's loans with various third-parties.

49.    In other cases, upon information and belief, Bala Jains funds were directly transmitted from Bala Jain's bank account to Eagle's bank account with Capital One. Upon

receipt of these funds, Amit Jain and/or Monika Jain, used their control of the Capital One bank

account to transfer Bala Jain's loan funds to other accounts maintained with other banks (Capital

One, Fulton Bank, Navy Federal, Atlantic Bank, Main Street Bank, Bank of Clarke County, PNC

Bank, Sona Bank) that were also held by Amit Jain, Monika Jain, Eagle, and  companies they

own and control.  After Bala Jain's funds were commingled with the funds held in the other

accounts held by Amit Jain, Monika Jain, Eagle and the companies they own and control, Amit

Jain, Monika Jain, and/or Eagle would transfer amounts equal to the funds they received from

Bala Jain to accounts held by First Class Title in order to finance Eagle's loan with various third-

parties.

50.    Unfortunately, Amit Jain and Monika Jain only used a small portion from each of

the loans to finance the purchase and/or improvement of each of the real properties identified

above.  Amit Jain and Monika Jain used the remainder of the money it borrowed from Bala Jain

to finance high risk third-party investments and, upon information and belief, to finance their

personal expenses and to pay Daniel Kotz and his company, First Class Title, Inc., for their part

in this scheme.

51.    Amit Jain and Monika Jain used their alleged family relationship with Bala

Jain's owner, Shail Butani, to conceal their fraudulent actions.  For example, between 2019

and January 2022, Bala Jain repeatedly requested Amit Jain, Monika Jain and their real

estate agent and settlement agent, Daniel Kotz and First Class Title, Inc., to confirm that

Bala Jain's funds had been used to purchase and/or improve the real estate identified in the

loan documents, and to provide Bala Jain with the first deed of trust on each of the

properties.  Bala Jain made these request in writing, by telephone and in person on almost a

weekly basis.  Each time, Amit Jain reassured Bala Jain and its owner, Shail Butani, that

their investment was safe and that Eagle and/or Dan Kotz and First Class Title had prepared, drafted and filed in the land records a first deed of trust for each of the properties Each of these representations were knowingly and intentionally false.  Upon information and belief, Monika Jain was aware that Amit Jain had made these knowingly and intentionally false representations, and she used her position as the managing member for Eagle to conceal these knowingly and intentionally false statements from Bala Jain and Shail Butani.

52.     When Bala Jain requested Amit Jain, Monika Jain, Dan Kotz and First Class Title, Inc. to provide it with copies of the deeds of trust, Defendants Amit Jain, Monika Jain and Eagle provided a host of ongoing excuses as to why the deeds of trust could not be provided.  On some occasions, the Defendants Amit Jain, Monika Jain and Eagle falsely claimed that partial business closures and staffing issues created by the Covid-19 pandemic were preventing them and Defendants Dan Kotz and First Class Title from providing the requested deeds of trust.  On other occasions, Defendants Amit Jain, Monika Jain, and Eagle falsely claimed that a copy of the deed of trust would be delivered in the mail, however, the first deeds of trust were never provided.  The Defendants Amit Jain, Monika Jain, and Eagle also falsely told Bala Jain that some of the money it had loaned to Eagle was being held in Eagle's escrow account, that there was a delay in closing on the purchase and/or improvement of the real property, and that the first deed of trust would be provided once the settlement had occurred.  Amit Jain repeatedly told Bala Jain that the funds were 100% safe, not to worry and that he gave her the safest of all investments without any risk. Each of these representations were knowingly and intentionally false.  Upon information and belief, Monika Jain was aware that Amit Jain had made these knowingly and intentionally false representations, and she used her position as the managing member for Eagle to conceal

these knowingly and intentionally false statements from Bala Jain and Shail Butani.

**C. First Class Title and Dan Kotz Conspired with and Facilitated Amit Jain, Monika Jain and Eagle's Fraudulent Scheme When They Drafted, But Failed To Record Various Deeds of Trust, and Engaged in Other Conduct in Breach of The Fiduciary Duties Owed to Bala Jain.**

53.     Bala Jain included Defendants Daniel Kotz and First Class Title, Inc. in the address line on many of the e-mails it sent to Defendants Amit Jain, Monika Jain and Eagle requesting that they provide copies of the deeds of trust for each of the loans at issue and to confirm that Bala Jain's funds had been used to purchase and/or improve the real property that Defendants Dan Kotz and First Class Title identified in each of the loan documents identified in paragraph 44 above.   Defendants Dan Kotz and First Class Title knew, or should have known, that Amit Jain, Monika Jain, and Eagle had committed fraud when they falsely represented to Bala Jain that its funds would be used to purchase and/or improve the properties identified in the loan documents, and that each of these loans would be secured by a deed of trust.   Defendants Dan Kotz and First Class Title intentionally, and/or negligently, failed to disclose their knowledge that the representations made by Defendants Amit Jain, Monika Jain, and Eagle were knowingly false.   As a result of these actions, Defendants Dan Kotz and First Class Title committed fraud against Bala Jain.

54.     Although Defendants Dan Kotz and First Class Title received and read each of the emails that Bala Jain, Bala Jain's owner, and its representatives sent to Defendants, Defendants Dan Kotz and First Class Title refused to respond to these e-mails.   Defendants Dan Kotz and First Class Title knew, or should have known that they were assisting Amit Jain, Monika Jain, and Eagle to perpetuate their fraudulent scheme against Bala Jain.   By failing to disclose their knowledge of Defendants Amit Jain, Monika Jain and Eagle's fraudulent actions, Defendants Dan Kotz and First Class Title actively engaged in conduct that was designed to conceal

Defendants Amit Jain, Monika Jain, and Eagle's fraudulent actions from Bala Jain. Additionally, Defendants Dan Kotz and First Class Title actively perpetrated and condoned Defendants Amit Jain, Monika Jain, and Eagle's fraudulent schemes. Defendants Dan Kotz and First Class Title's actions also breach the fiduciary duties, including the duty of loyalty, duty to act in the best interest of Bala Jain and not to engage in self-dealing, the duty of care and the duty to provide an accounting of Bala Jain's funds.

55.     Defendants Dan Kotz and First Class Title made additional knowingly false misrepresentations in order to facilitate Defendants Amit Jain, Monika Jain and Eagle's fraudulent scheme. For example, on January 17, 2019, Defendants Dan Kotz and First Class Title issued an attorney opinion letter titled Certificate of Title (**Exhibit 2)** identified various deeds of trust that needed to be satisfied in order to obtain clear title to the property identified as 449 Lawyers Road, NW, Vienna, Virginia 22180. This attorney opinion letter knowingly and intentionally omitted the deed of trust that Defendants Dan Kotz and First Class Title had drafted (but failed to record) for the $340,000 loan from Bala Jain and Eagle entered into on November 22, 2017. Defendants Dan Kotz and First Class Title's knowingly and intentionally omitted the existence of Bala Jain's $340,000 loan and deed of trust with Eagle in order to facilitate, perpetuate, condone, and in furtherance of Defendants Amit Jain, Monika Jain, and Eagle's fraudulent scheme against Bala Jain. Defendants Dan Kotz and First Class Title's fraudulent knowingly, intentionally and/or negligently made these false statements in order to permit Defendants Amit Jain, Monika Jain and Eagle to obtain additional loans that they secured with deeds of trust against this property totaling $836,000, thereby rendering Bala Jain's deed of trust virtually worthless.

56.     First Class Title and Dan Kotz committed fraud and breached their fiduciary

duties owed to Bala Jain when they acted as the settlement attorney and settlement agent for loan transactions identified in paragraph 44 above. Specifically, Dan Kotz and First Class Title drafted deeds of trust for the properties that were the subject of Bala Jain's loans. However, First Class Title and Dan Kotz intentionally and/or negligently failed to record these deeds of trust. For example:

a.      First Class Title and Dan Kotz drafted a deed of trust for the $340,000 loan Bala Jain entered into with Eagle for the property located at 449 Lawyers Road, Vienna, Virginia 22180. Bala Jain entered into this loan with Eagle on November 22, 2017. Eagle promised to grant Bala Jain a first deed of trust as security for this loan. However, Amit Jain, Monika Jain, Eagle, First Class Title and Dan Kotz conspired to delay drafting and recording Bala Jain's first deed of trust. Bala Jain repeatedly requested Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title to draft and record a first deed of trust. Upon information and belief, Dan Kotz and First Class Title drafted the deed of trust for Bala Jain during until sometime in 2021. However, Dan Kotz and First Class Title failed to record Bala Jain's first deed of trust. As the result, Amit Jain, Monika Jain, and Eagle entered into loans with various third-parties that they subsequently secured with deeds of trust that they recorded and that became senior to the un-recorded deed of trust that First Class Title and Dan Kotz drafted (but failed to file and record) for Bala Jain. For example, Eagle entered into a Deed of Trust for $576,000 and Assignment of Rents with Fulton Bank, N.A. for the subject property dated April 17, 2020. Dan Kotz notarized and, upon information and belief, Dan Kotz and First Class Title drafted and recorded the deed of trust and assignment of rents between Eagle and Fulton Bank, N.A. Because Defendants Dan Kotz and First Class Title failed to draft and record Bala Jain's earlier (and which should have been senior)

Deed of Trust, it is now subordinate to the Deeds of Trust held by Fulton Bank, N.A. thereby rendering Bala Jain's Deed of Trust virtually worthless.

b.      First Class Title and Dan Kotz drafted a Deed of Trust for the $400,000 loan Bala Jain entered into with Eagle for the property located at 445 Windover Avenue, Vienna, Virginia 22180.  Bala Jain entered into this loan with Eagle on July 30, 2019.  Eagle promised to grant Bala Jain a first deed of trust as security for this loan.  However, Amit Jain, Monika Jain, Eagle, First Class Title and Dan Kotz conspired to delay drafting and recording Bala Jain's first deed of trust.  Bala Jain repeatedly requested Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title to draft and record a first deed of trust.  Upon information and belief, Dan Kotz and First Class Title drafted the deed of trust for Bala Jain during until sometime in 2021.  However, Dan Kotz and First Class Title failed to record Bala Jain's first deed of trust.  As the result, Amit Jain, Monika Jain, and Eagle entered into loans with various third-parties that they subsequently secured with deeds of trust that they recorded and that became senior to the un-recorded deed of trust that First Class Title and Dan Kotz drafted (but failed to file and record) for Bala Jain.  For example, Eagle entered into another Deed of Trust with a third-party in the amount of $260,000 on January 7, 2020.  Because Defendants Dan Kotz and First Class Title's failed to record Bala Jain's Deed of Trust, it is now subordinate to the Deeds of Trust held by  the third-parties thereby rendering Bala Jain's deed of trust virtually worthless.

c.      First Class Title and Dan Kotz drafted a deed of trust for the $300,000 loan Bala Jain entered into with Eagle for the property located at 1010 Lynn Street, Vienna, Virginia 22180.  Bala Jain entered into this loan with Eagle on July 30, 2019.   Eagle promised to grant Bala Jain a first deed of trust as security for this loan.  However, Amit Jain, Monika Jain, Eagle,

First Class Title and Dan Kotz conspired to delay drafting and recording Bala Jain's first  deed of trust.  Bala Jain repeatedly requested Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title to draft and record a first deed of trust.  Upon information and belief, Dan Kotz and First Class Title drafted the deed of trust for Bala Jain until sometime in 2021.  However, Dan Kotz and First Class Title failed to record Bala Jain's first deed of trust.  As a result, Amit Jain, Monika Jain, and Eagle entered into loans with various third-parties that they subsequently secured with deeds of trust that they recorded and that became senior to the un-recorded deed of trust that First Class Title and Dan Kotz drafted (but failed to file and record) for Bala Jain.  For example, Eagle entered into a Deed of Trust for $260,000 with  a third-party for the subject property on January 7, 2022.  Because Defendants Dan Kotz and First Class Title failed to record Bala Jain's Deed of Trust, it is now subordinate to the Deeds of Trust held by third-parties thereby rendering Bala Jain's deed of trust virtually worthless.

d.      First Class Title and Dan Kotz drafted a deed of trust for the $400,000 loan Bala Jain entered into with Eagle for the property located at 15474 Roxbury Road, Glenwood, Maryland 21236.  Bala Jain entered into this loan with Eagle on September 1, 2021, and, upon information and belief, the Deed of Trust for Bala Jain was drafted around this same time. However, First Class Title and Dan Kotz failed to record this deed of trust until March 1, 2022. As the result, Amit Jain, Monika Jain, and Eagle entered into loans with third-parties that they subsequently secured with deeds of trust for $650,000 that they recorded and became senior to the un-recorded deed of trust that First Class Title and Dan Kotz drafted (but failed to file and record) for Bala Jain.  Because Defendants Dan Kotz and First Class Title failed to record Bala Jain's Deed of Trust, it is now subordinate to the Deeds of Trust held by third-parties thereby

rendering Bala Jain's deed of trust virtually worthless.

e.      First Class Title and Dan Kotz drafted a deed of trust for the $100,000 loan Bala Jain entered with Eagle for the property located at 1016 Cottage Street, Vienna, Virginia 22180. Bala Jain entered this loan with Eagle on January 20, 2020.  Eagle was required to grant Bala Jain a first deed of trust as security for this loan.  However, Amit Jain, Monika Jain, Eagle, First Class Title and Dan Kotz conspired to delay drafting and recording Bala Jain's first  deed of trust.  Bala Jain repeatedly requested Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title to draft and record a first deed of trust.  Upon information and belief, Dan Kotz and First Class Title drafted the deed of trust for Bala Jain until sometime in 2021.  However, Dan Kotz and First Class Title failed to record Bala Jain's first deed of trust.  As the result, Amit Jain, Monika Jain, and Eagle entered into loans with third-parties that they subsequently secured with deeds of trust for $650,000 that they recorded and became senior to the un-recorded deed of trust that First Class Title and Dan Kotz drafted (but failed to file and record) for Bala Jain.  Because Defendants Dan Kotz and First Class Title failed to record Bala Jain's Deed of Trust, it is now subordinate to the Deeds of Trust held by third-parties thereby rendering Bala Jain's deed of trust virtually worthless.

58.      First Class Title and Dan Kotz also assisted Defendants Amit Jain, Monika Jain, and Eagle to sell properties, and then intentionally and/or negligently failed to repay Bala Jain the proceeds it was owed pursuant to each of the deeds of trust as part of their scheme to defraud Bala Jain.  For example:

a.      First Class Title and Dan Kotz drafted and recorded an assignment of the first deed of trust from Eagle to Bala Jain, for the $85,000 loan Bala Jain entered with Eagle for the property located at 210 Brighton Square, Fredericksburg, Virginia 22401.  The assignment and

deed of trust from Eagle to Bala Jain was executed in April 2020. First Class Title and Dan Kotz served as the settlement agent and attorney for the 210 Brighton Square property as part of a sale that occurred in April 2022. Although Dan Kotz and First Class Title knew that Bala Jain held a first deed of trust on this property, Dan Kotz intentionally and/or negligently failed to ensure that the proceeds from the sale of this property were used to pay off the debt owed to Bala Jain. Dan Kotz and First Class Title's actions were also in breach of their fiduciary duties. As the result, Bala Jain's first deed of trust has been rendered valueless.

b.      First Class Title and Dan Kotz drafted and recorded an assignment of a first deed of trust from Eagle to Bala Jain, for the $300,000 loan Bala Jain entered into with Eagle for the property located at 18502 Corby Street, Triangle, Virginia 22172. The assignment and deed of trust from Eagle to Bala Jain was dated February 12, 2019. First Class Title and Dan Kotz served as the settlement agent and attorney for the 18502 Corby Street property as part of a sale that occurred in March 2022. Importantly, Dan Kotz and First Class Title sent to Bala Jain a Certificate of Satisfaction and requested that Bala Jain endorse the Certificate of Satisfaction based on Dan Kotz and First Class Title's misrepresentations that the proceeds from the sale would be used to repay Bala Jain. Bala Jain relied upon these misrepresentations and executed the Certificate of Satisfaction. Although Dan Kotz and First Class Title knew that Bala Jain held a first deed of trust on this property, Dan Kotz intentionally and/or negligently failed to ensure that the proceeds from the sale of this property were used to pay off the debt owed to Bala Jain. Dan Kotz and First Class Title intentionally failed to disclose the existence of the sale to Bala Jain in furtherance of Amit Jain, Monika Jain, and Eagle's scheme to defraud Bala Jain. Dan Kotz and First Class Title's actions were also in breach of their fiduciary duties. As the result, Bala Jain's first deed of trust has been rendered valueless.

      c.     First Class Title and Dan Kotz drafted and recorded an assignment of a first deed of trust from Eagle to Bala Jain, for the $50,000 loan Bala Jain entered into with Eagle for the property located at 44 Galveston Place, SW, Unit D, Washington, D.C. 20032.  The assignment and deed of trust from Eagle to Bala Jain entered was executed on March 17, 2021.  First Class Title and Dan Kotz served as the settlement agent and attorney for the 44 Galveston Place property as part of a sale that occurred in June 2021.  Although Dan Kotz and First Class Title knew that Bala Jain held a first deed of trust on this property, Dan Kotz intentionally and/or negligently failed to ensure that the proceeds from the sale of this property were used to pay off the debt owed to Bala Jain.  Dan Kotz and First Class Title intentionally failed to disclose the existence of the sale to Bala Jain in furtherance of Amit Jain, Monika Jain, and Eagle's scheme to defraud Bala Jain.  Dan Kotz and First Class Title's actions were also in breach of their fiduciary duties.  As the result, Bala Jain's first deed of trust has been rendered valueless.

      59.     The Defendants Amit Jain, Monika Jain, and Eagle also falsely told Bala Jain that some of the money it had loaned to Eagle was being held in Eagle's escrow account, that there was a delay in closing on the purchase and/or improvement of the real property, and that the first deed of trust would be provided once the settlement had occurred.  For example, Monika Jain sent to Shail Butani in an e-mail dated  August 19, 2021, a document dated August 9, 2021, titled Escrow Account with Eagle Properties & Investments, LLC  for Bala Jain, LLC (attached hereto as **Exhibit 3**).

ESCROW ACCOUNT WITH
EAGLE PROPERTIES & INVESTMENTS, LLC
FOR BALA JAIN, LLC

August 9, 2021

Shail J. Butani
Managing Member of
BALA JAIN, LLC

I, Monika Jain, hereby acknowledge and certify the closing for the following properties have not
occurred as of this date because some paperwork was not in order. Hence, the funds against the
First Deed of Trust for these properties are in an escrow account with Eagle Properties and
Investments, LLC. These funds belong to BALA JAIN, LLC.

| No. | Property Address | Approx Date Funds Wired/ACH | First Deed of Trust U.S. $ |
|---|---|---|---|
| 1. | 130 South Main St Norwood, NC 28128 | May 15, 2018 | 350,000 |
| 2. | 2 Gas Stations Baltimore, MD | January 31, 2019 | 500,000(Monika 50K) |
| 3. | 1016 Cottage ST SW Vienna, VA 22180 | December 31, 2019 | 190,000 |
| 4. | 7515 Cotfield Rd Richmond, VA 23237 | January 16, 2020 January 23, 2020 | 150,000 |
| 5. | 205 W. Cherry St Palmyra, PA 17078 | March 19, 2020 | 170,000 |
| 6. | 3305—2nd Ave. Richmond, VA 23222 | August 11, 2020 | 160,000 |
| 7. | 19004 Queen Dr Triangle, VA 22172 | Feb & March, 2021 | 65,000 (Monika 10K) |
| 8. | 18 Lots Richmond, VA 23222 | March 2021 | 450,000 (Monika 30K) |
| | Total | | $1,945K(Monika 90K) |

Sincerely,

*Monika Jain*

Monika Jain
President
Eagle Properties & Investments, LLC

This document is an admission by Eagle and its members, Monika Jain and Amit Jain that

Bala Jain loaned Eagle $1,855,000 to be used to purchase and/or improve the properties

listed within the letter, and that Eagle had agreed to secure these investments with a first

deed of trust against each of these properties.   Eagle and its members, Monika Jain, as part

of a conspiracy with Amit Jain, falsely claimed that Bala Jain's $1,855,000 in funds was safely secured in Eagle's escrow account and would be returned to Bala Jain.  Each of these representations were knowingly and intentionally false.  Monika Jain, Amit Jain and Eagle made these knowingly and intentionally false representations with the intent to deceive Bala Jain.  Bala Jain relied on these representations and did not immediately demand the return of its $1,855,000.  Unfortunately, Amit Jain, Monika Jain and Eagle never returned the $1,855,000 to Bala Jain, but instead used these funds to enter into various high risk lending transactions with third-parties.  Amit Jain, Monika Jain and Eagle has never repaid the $1,855,000 it borrowed from Bala Jain.

### D. Amit Jain, Monika Jain, Eagle, First Class Title and Dan Kotz Conspired To Conceal Their Fraud By Falsely Claiming They Would Provide First Deeds of Trust To Bala Jain And That The Loans Would Be Repaid.

60.    Bala Jain repeatedly notified Defendants Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title that Bala Jain expected to receive a first deed of trust for each of the lending transactions identified in paragraph 35 above.  For example, in an e-mail from Bala Jain's owner, Shail Butani, to Amit Jain, Dan Kotz, and First Class Title dated January 10, 2019, Bala Jain informed Amit Jain , Dan Kotz, and First Class Title that Bala Jain was still missing the first deeds of trust for the following properties: (1) 449 Lawyers Road, Vienna, Virginia; (2) 1010 Lynn Street, Vienna, Virginia; (3) and 1009 Sweetgrass Circle, La Plata, Maryland.  Bala Jain's email expressed concern to Defendants Amit Jain, Dan Kotz and First Class Title with the delay in providing the deeds of trust because the loans from Bala Jain for these properties closed in July 2018, November 2017, and July 2018, respectively.  Amit Jain, Dan Kotz and First Class Title knowingly, intentionally, and/or negligently refused to provide copies of the deeds of trust to Bala Jain. Amit Jain, Dan Kotz and First Class Title knowingly, intentionally, and/or

negligently refused to draft and  record the deeds of trust for the 449 Lawyers Road and 1010 Lynn Street, and properties.

61.     In an e-mail from Bala Jain's owner, Shail Butani, to Amit Jain, Dan Kotz, and First Class Title dated September 20, 2019, Bala Jain informed Amit Jain , Dan Kotz, and First Class Title that she was still missing the first deeds of trust for the following properties: (1) 449 Lawyers Road, Vienna, Virginia; (2) 1010 Lynn Street, Vienna, Virginia; (3) 445 Windover Avenue, Vienna Virginia; and (4) 3110 P Street, Richmond Virginia.  Despite Bala Jain's request for these deeds of trust, Dan Kotz and First Class Title knowingly, intentionally, and/or negligently refused to draft and record the deeds of trust for the 449 Lawyers Road, 1010 Lynn Street, and 445 Windover Avenue properties.

62.     In an e-mail from Shail Butani to Amit Jain and Dan Kotz dated October 4, 2021, Mrs. Butani expressed her extreme frustrations with Mr. Jain and Mr. Kotz on-going promises to provide her with copies of the loan documents and deeds of trust for nine separate properties that Bala Jain had loaned $2,645,000 to Eagle.  That e-mail states:

> Hello Dan and Amit Ji--I had invested in 6 properties from July 30, 2021 to August 30, 2021.  Please see the attachment.  For over 2 months, I've been asking, **literally begging**, for paperwork on these properties.  Every time, I'm told it is coming in the next 2-3 days, one week, 100% by the end of September.  Last Thursday, Amit Ji again assured me 100% that I'll get it on Monday, October 4th.  This morning, I saw a FedEx envelope outside my door.  From the looks of it, I knew it would have only one property.  When I opened, sure enough only paperwork for Roxbury was in it;  that too, **incomplete.**  That is, "PURCHASE MONEY, DEED OF TRUST", had no mention of the property location, there was no Exhibit A.  I was so upset but decided to hold off sending this email, just in case another package came during the day; none arrived.  Frustrated beyond limits!!!
>
> When I first started doing business with both of you, I received initial paperwork within 2-3 days and final paperwork when the property was recorded.  This system worked fine for me.  I do not understand why the system was changed when it was working fine.  That too, without consulting me.  I've expressed this frustration thousands of times to Amit Ji.  **The new way of business is not**

**acceptable to me. I do not like begging for paperwork which I'm due as a proper course of doing business. Something has to change!!! Please try to put yourself in my position. I'm responsible to my investors who are mostly retired and have trusted me with their hard earned money. I've no proof, zilch, nothing!!!**

**Dan--To begin with, please give me one exact date (please no more yo-yoing) by which I'll receive paperwork including "PURCHASE MONEY, DEED OF TRUST" with the location of the property and Exhibit A for the first six properties worth almost $2M listed in the attachment. After that, please give me the date for properties 7, 8, & 9 worth about $500K. Again, I should not have to beg for paperwork.**

(Emphasis in original). Unfortunately, Amit Jain, Eagle, Dan Kotz and First Class Title never provided the requested paperwork.

63.     Defendants Amit Jain, Eagle, Dan Kotz and First Class Title intentionally delayed providing these deeds of trust to Bala Jain and recording these deeds of trust as part of their conspiracy to defraud Bala Jain. Specifically, Amit Jain and Eagle were actively working with Dan Kotz and First Class Title to obtain additional loans from various banks and third-parties. Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title intentionally kept these properties clear of Bala Jain's deeds of trust in order so they could secure the loans they obtained from the banks and third-parties with deeds of trust that would be recorded before Bala Jains. Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title  kept these plans a secret from Bala Jain in order to deceive Bala Jain into continuing its lending relationship with Eagle. Bala Jain relied on these knowingly and intentionally  representations and suffered harm as a result when it failed to immediately recall these loans.

64.     By January 2022, Bala Jain and its owner had grown concerned about the Defendants Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title's failure to provide the required first deeds of trust and other information they had requested. Around

this same time, Eagle began to fall behind on its payments to Bala Jain. Amit Jain continued to lie to Shail Butani and Bala Jain, falsely claiming that the deeds of trust were forthcoming and that they were on the verge of making a very large payment towards the loan. Again, these representations were knowingly false. Upon information and belief, Monika Jain was aware that Amit Jain had made these knowingly and intentionally false representations, and she used her position as the managing member for Eagle to conceal these knowingly and intentionally false statements from Bala Jain and Shail Butani.

65.     In February 2022, Shail Butani and Bala Jain learned that Amit Jain and Monika Jain did not use the entirety of the loan to purchase and/or develop the real properties. Instead, Amit Jain and Monika Jain used a small portion of the loans as a down payment on many of the properties, and then financed the remainder of the purchase/development of the real property with a traditional mortgage from various banks. Amit Jain and Monika Jain then used the remainder of the proceeds from the $7.5 million loan to finance high-risk investments with third parties, and, upon information and belief, to pay for personal expenses and to pay Daniel Kotz and his company, First Class Title, Inc. for their role in the scheme. Shail Butani and Bala Jain also discovered that Amit Jain, Monika Jain, Eagle and Daniel Kotz had provided other lenders and banks with a first deed of trust on the properties that were senior to any deed of trust issued to Bala Jain.

66.     In an e-mail from Robert Calabrese to First Class Title dated February 14, 2022, Mr. Calabrese informed first-class title that Bala Jain had recently learned that a first deed of trust in favor of Bala Jain had not been recorded as part the $400,000 that Bala Jain loaned to Eagle on August 30, 2021 for the property located at 15474 Roxbury Rd., Glenwood, MD 21738. Mr. Calabrese wrote:

I really need to discuss the file. The mortgage to the first lender [Bala Jain] was never recorded but you recorded another mortgage to another lender before recording the first mortgage and I need to know why and how that happened. I represent the first lender who lost priority on her mortgage and I am very nervous about why this occurred.

67.     On February 14, 2022, Defendant Dan Kotz responded to this email and admitted that he had failed to timely record the Deed of Trust: "We will record the $400,000 deed of trust shortly. It will be in second lien position." However, Dan Kotz intentionally failed to disclose the full extent of Amit Jain, Monika Jain, and Eagle's fraudulent scheme to Bala Jain, including that Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title were intentionally delaying the filing and/or drafting of Bala Jain's first deed of trust in order to facilitate their plan to continue to use Bala Jain's funds to finance high risk investments with various third-parties without Bala Jain's knowledge or consent.

68.     Bala Jain's owner, Shail Butani, responded to Dan Kotz by e-mail a few minutes later on February 14, 2022, stating: "Dan [Kotz]—thank you for the prompt response. I've always understood from Amit [Jain] that all of my investments/properties are first lien? Why a second lien on this property."

69.     Defendants Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title never denied that Amit Jain, Monika Jain, and Eagle has promised, represented and assured Bala Jain that each of the loans would be secured by a first deed of trust against the subject properties identified in the loan documents. Instead, Defendants Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title continued to conceal from Bala Jain their fraudulent scheme to delay drafting and recording Bala Jain's first deeds of trust so that Amit Jain, Monika Jain, and Eagle could obtain and secure additional loans against these properties that would be senior to Bala Jain's deeds of trust.

70.     In an e-mail dated March 8, 2022, Bala Jain's owner wrote to Amit Jain about Mr. Jain's proposed decision to sell the properties located at 18502 Corby St., Triangle, VA 22172 and 19004 Queen Dr., Triangle, VA 22172.   Bala Jain had previously loaned Eagle $300,000 to finance the purchase of Corby Street property on February 19, 2019, and Bala Jain had loaned $75,000 to finance the purchase of the 19004 Queen Dr. property on February 1, 2021.  Mr. Jain claimed that he was going to sell both properties and used the proceeds from these sales to repay these loans.  Shail Butani, Bala Jain's Sole Managing Member confirmed this agreement in her email with Mr. Jain dated March 8, 2022:

> Hello Ji--Note says $256K.  I've a total of $300K of which $15K belongs to Monika and **$285K to me.  Am I getting the full $285K plus $65K for Queen and interest on both wired to me?**
>
> **Should he be sending me a payoff note?**

71.     Amit Jain responded to Bala Jain's owner in an e-mail also dated March 8, 2022, and states that Bala Jain's deed of trust on these properties would be paid off with the proceeds from the sale:

> Yes ji
> This is right and confirmed
> I send you wire in about 3 week.
> and please send dan paper back to him after sign it and this is between us ..
> Amit Jain
> President
> A/k/A the decision maker

Unfortunately, this was another lie by Amit Jain.  Eagle sold the 18502 Corby St, Triangle, Virginia property on March 18, 2022, and Eagle sold the 19004 Queen Drive, Triangle, Virginia property on September 14, 2022.   Dan Kotz and First Class Title served as the settlement attorney and settlement agent for both of these sales.  Prior to closing on the sales, Dan Kotz and First Class Title sent to Bala Jain a Certificate of Satisfaction and requested that Bala Jain

endorse the Certificate of Satisfaction based on Dan Kotz and First Class Title's misrepresentations that the proceeds from the sale would be used to repay Bala Jain. Bala Jain relied upon these misrepresentations and executed the Certificate of Satisfaction. Although Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title knew that Bala Jain held a first deed of trust on this property, Defendants Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title intentionally and/or negligently failed to ensure that the proceeds from the sale of this property were used to pay off the debt owed to Bala Jain.

**E. Eagle Anticipatory Breaches The Loan Agreements And Refuses To Make Any Additional Interest or Principal Payments Unless Bala Jain Agrees To Renegotiate the Terms of the Loan.**

72.    In April 2022, Amit Jain informed Bala Jain that it would stop making all interest payments, and that it would never make any principal payments on the outstanding loans unless Bala Jain agreed to signing a Letter of Intent that demanded Bala Jain reduce the interest rate from 12% to 4% annually, and agreed to give Eagle an additional 4 years to repay all of the loans without offering to provide any additional consideration for extending the period of the loan and allowing Eagle to cure its numerous material breaches of the loan documents. Importantly, Eagle repeatedly admitted in person and in writing that it owed the full balance of the $7.5 million in unpaid principle due on each of the outstanding loans.

73.    On May 31, 2022, Amit Jain submitted a document on letterhead from Eagle Investments to Bala Jain, admitting to owing the $7.5 million loan, and stating that this "Letter of Intent is to pay off from Eagle Properties and Investments, LLC to Bala Jain, LLC, covering loans made by Bala Jain, LLC for various properties in the total amount of approximately $7.5M." The Letter of Intent was signed by Eagle's managing member, Monika Jain. A copy of the May 31, 2022 Letter of Intent is attached hereto as **Exhibit 4**.



## Eagle Investments

*Real Estate Investment Services*

445 Windover Avenue N.W Vienna, VA 22180

### Letter Of Intent Regarding Balance of Bala Jain

DATE:    31st May, 2022

Dear Shail J Butani,

This Letter of Intent is for pay off from Eagle Properties and Investments, LLC  to BALA JAIN, LLC covering loans made by BALA JAIN LLC for various properties in the total amount of approximately $7.5M. Most of those funds are spread out in investments in residential or small commercial properties in DMV , Pennsylvania and North Carolina.

To that end, and coming on a reasonable solution after a mutual discussion Eagle Properties and Investments Propose below mentioned points for making a Suitable agreement for both of us :-

- Reduce interest rate from 12% annually to 4% annually starting 1st June 2022.
- Eagle Properties will try to Refinance properties / Sale Properties / Gather money from other businesses, depending upon finance availability eagle will pay the amount soonest possible.
- Based on our conversation, Eagle Properties will pay the remaining arrears interest amount of $35,293 upon signing of the contract.
- Eagle Properties will deposit interest payments every second and fourth Wednesday of the month beginning June, 2022. The interest payment will be computed on the unpaid principal balance.



**Eagle Investments**

*Real Estate Investment Services*

445  Windover Avenue N.W Vienna, VA 22180

- Eagle Properties Agreed to pay first payment $156,250 on or before July15th. Payment of at least $600K every 6 months starting December 15, 2022; June 15th, 2023; December 15, 2023; June 15, 2024; December 15, 2024; June 15, 2025; December 15, 2025; balance of $7.5M by June 2026; that is pay off the whole loan amount of $7.5M within 4 years.
- Lien on each property will be released when its principal balance will be paid off.

If this proposal looks acceptable to you, please sign below and send us so Eagle Properties will also sign and send the final signed draft back.

Thank you again.

Sincerely,                                               Seen and Agreed:

                                                         By:

Monika Jain , Managing Member                            Shail J Butani
Eagle Properties & Investments LLC                       Bala Jain LLC, Managing Member

Eagle Properties & Investments LLC | 445 Windover Avenue N.W | Vienna | Virginia | 22180
Office: 571-436-3545 | Fax: 571-490-7661 | Email: amit@eagleinvestmentsllc.com

54

The purported Letter of Intent proposed to "pay off the whole loan amount of $7.5M within 4 years." This letter serves as a binding admission by Eagle that it borrowed, but has not repaid the principal balance on the $7.5 million at issue.

74. Amit Jain submitted a virtually identical "Letter of Intent" to Bala Jain on June 10, 2022 attached hereto as **Exhibit 5** that contained similar binding admissions. When Bala Jain did not agree to the Letter of Intent, Amit Jain informed Shail Butani that Eagle would not make any more payments on the loan.

75. In an e-mail dated June 24, 2022, Amit Jain sent an e-mail to various investors who had provided a portion of the funds that Bala Jain used to lend Eagle the $7.5 million in loans, attached hereto as **Exhibit 6.** Again, Mr. Jain admitted to owing the in loans, and indicated he wanted to speak with the investors about the Letter of Intent that he had sent to Shail Butani in May and June 2022.

76. In an e-mail dated July 11, 2022, that Amit Jain forwarded to Ishwar Butani, and in follow-up to Amit Jain's conversation with Mr. Butani, Amit Jain boasted to his attorney that he would "sit on lawsuit [threatened to be filed by Bala Jain because] I am making money in the mean time….so don't do anything.", attached hereto as **Exhibit 7**. Mr. Jain's counsel, Chap Peterson, agreed with Mr. Jain's plan and responded by stating "Let's not do anything  I will respond that I'm in trial this week, which is true." This was consistent with Mr. Jain's previous threats to Bala Jain that Amit Jain, Monika Jain, and Eagle will do whatever they can to make litigation costly and protracted, including engaging in bad faith tactics, to avoid repaying the $7.5 million loan that Mr. Jain had repeatedly acknowledged was owed and due.

77. Amit Jain also admitted to Bala Jain that Amit Jain had caused Eagle to use a

portion of the $7.5 million Eagle borrowed from Bala Jain to finance high-risk investments with third parties. During a series of telephone conversation that occurred during the week of August 22, 2022, Amit Jain admitted to Shail Butani that he misused several million dollars of the loans that he had fraudulently induced Bala Jain to lend to Eagle to finance a series of ill-advised and high-risk investments. According to Amit Jain, Bala Jain's funds were used to finance the several million dollar transactions that are the subject of a lawsuit filed by Eagle in a case styled as *Eagle Properties and Investments LLC v. Naveed Arshad, et al.*, Case No. 2022-04473, pending in the Circuit Court for Fairfax County. In an ironic twist, Eagle alleges in its lawsuit that the third parties copied a move directly from Amit Jain, Monika Jain and Eagle's playbook when they used their friendship to allegedly defraud Eagle out of $1,693,014.62 as part of a failed investment scam. Presumably, Amit Jain, Monika Jain, and Eagle used the money they defrauded from Bala Jain to finance these failed investments.

**F. Amit Jain, Monika Jain, and Eagle Steal Rents and Payments Owed to Bala Jain.**

78.   On April 22, 2020, Eagle executed an Assignment of Deed of Trust to Bala Jain in the amount of $85,000, "[t]ogether with the Promissory Note" for the property located at 210 Brighton Square, Fredericksburg, Virginia 22401 (**Exhibit 8**). This Assignment and Deed of Trust was recorded on May 20, 2020. The original Deed of Trust confirmed that the Promissory Note that Eagle assigned was originally between Eagle and defendant SPSVA, LLC ("SPSVA"). The Promissory Note required SPSVA to pay to Eagle $85,000, "payable in monthly installments of interest only of the amount …$850.00..with the first installment being due and payment on May 22, 2020, and a like installment on or before the 22nd day of each month following until April 22, 2021, at which time the entire principal balance, plus accrued interest to the date of payment shall be finally due and payable in full." The Assignment of Deed of Trust

required SPSVA to make all of these payments to Bala Jain.  However, Defendants Amit Jain,

Monika Jain, and Eagle conspired with Defendant SPSVA's owner, Satpal Singh, to direct all of

the payments owed pursuant to the Assignment of Deed of Trust and promissory note to be paid

directly to Defendants Amit Jain, Monika Jain,  and Eagle.  Defendants Amit Jain, Monika Jain,

Eagle and Satpal Singh's actions were done in breach of the Assignment of Deed of Trust and

promissory note without Bala Jain's knowledge or consent. This property was sold on April 22,

2022, and funds deposited in Eagle's account in April 2022.

79.       67.   On July 27, 2019, Defendant Jacqueline Alexander executed a Deed of

Trust with Bala Jain in the amount of $225,000 for the property located at 1009 Sweetgrass

Circle, La Plate, Maryland 20646 (**Exhibit 9**).  Defendant Dan Kotz and First Class Title drafted

but failed to immediately record the Deed of Trust.  The Deed of Trust was eventually recorded

on January 24, 2020.  The Deed of Trust was security for a Balloon Note between Bala Jain and

Defendant Jacqueline Alexander, whereby Defendant Jacqueline Alexander agreed to pay 12%

annual interest on a $225,000 loan she borrowed from Bala Jain, in monthly interest payments of

$2,250 and to repay the full amount of the loan, plus any remaining interest, by July 27, 2019.

However, Defendants Amit Jain, Monika Jain, and Eagle conspired with Defendant Jacqueline

Alexander to direct all of payment owed pursuant to the Balloon Note to Defendants Amit Jain,

Monika Jain, and Eagle.  Defendants Amit Jain, Monika Jain, Eagle and Jacqueline Alexander

actions are in breach of the  Deed of Trust and Balloon Note and were done without Bala Jain's

knowledge or consent.

80.       On October 28, 2021, Eagle executed an Assignment of Deed of Trust to Bala

Jain in the amount of $85,000, "[t]ogether with the Promissory Note" for the property located at

610 Richmond Avenue, Baltimore, Maryland 21212 (**Exhibit 10**).  Defendant Dan Kotz and

First Class Title drafted, but failed to immediately record the Assignment of the Deed of Trust. The Assignment and Deed of Trust was recorded on February 18, 2022.  The original Deed of Trust confirmed that the Promissory Note that Eagle assigned was originally between Eagle and defendant DOLBI USA, LLC ("DOLBI").  The Promissory Note required DOLBI to repay to Eagle monthly interest payments of $850 and principal payment in full no later than October 15, 2022.  The Assignment of Deed of Trust required DOLBI to make all of these payments to Bala Jain.  However, Defendants Amit Jain, Monika Jain, and Eagle conspired with Defendant DOLBI's owners, Shaikh Habib and Moheed Rahim, to direct all of the payments owed pursuant to the Assignment of Deed of Trust and promissory note to be paid directly to Defendants Amit Jain, Monika Jain, and Eagle.  Defendants Amit Jain, Monika Jain, Eagle and Shaikh Habib and Moheed Rahim's actions were done in breach of the Assignment of Deed of Trust and promissory note without Bala Jain's knowledge or consent.

81.     On October 28, 2021, Eagle executed an Assignment of Deed of Trust to Bala Jain in the amount of $95,000, "[t]ogether with the Promissory Note" for the property located at 1739 Montpelier Street, Baltimore, Maryland 21218 (**Exhibit 11**).  Defendant Dan Kotz and First Class Title drafted, but failed to immediately record the Assignment of the Deed of Trust. This Assignment and Deed of Trust was recorded on February 23, 2022.  The original Deed of Trust confirmed that the Promissory Note that Eagle assigned was originally between Eagle and defendant DOLBI USA, LLC ("DOLBI").  The Promissory Note required DOLBI to repay to Eagle monthly interest payments  and principal payment in full no later than October 15, 2022. The Assignment of Deed of Trust required DOLBI to make all of these payments to Bala Jain. However, Defendants Amit Jain, Monika Jain, and Eagle conspired with Defendant DOLBI's owners, Shaikh Habib and Moheed Rahim, to direct all of the payments owed pursuant to the

Assignment of Deed of Trust and promissory note to be paid directly to Defendants Amit Jain, Monika Jain, and Eagle. Defendants Amit Jain, Monika Jain, Eagle and Shaikh Habib and Moheed Rahim's actions were done in breach of the Assignment of Deed of Trust and promissory note without Bala Jain's knowledge or consent.

82.     On February 22, 2022, Eagle executed an Assignment of Deed of Trust to Bala Jain in the amount of $325,000, "[t]ogether with the Promissory Note" for the property located at 514 Bond Avenue, Reisterstown, Maryland, 21136 (**Exhibit 12**). On February 14 and 18, 2022, Bala Jain, requested in emails to Dan Kotz and Amit Jain to withdraw from financing this loan. Bala Jain cannot understand how its $325K could be used to purchase Bond Ave deed when the closing had occurred on February 3, 2022. The original Deed of Trust confirmed that the Promissory Note that Eagle assigned was originally between Eagle and defendant Muhammad Ayaz Jarral and ShehalShehal Jarral (the "Jarrals"). The Promissory Note required the Jarrals to repay to Eagle $325,000, plus interest, in regular periodic payments in full no later than February 3, 2024. The Assignment of Deed of Trust required the Jarrals to make all these payments to Bala Jain. However, Defendants Dan Kotz, First Class Title, Amit Jain, Monika Jain, and Eagle conspired with Defendant the Jarrals, to direct all of the payments owed pursuant to the Assignment of Deed of Trust and promissory note to be paid directly to Defendants Amit Jain, Monika Jain, and Eagle. Defendants Amit Jain, Monika Jain, Eagle and The Jarrals actions were done in breach of the Assignment of Deed of Trust and promissory note without Bala Jain's knowledge or consent.

**G. Amit Jain and Monika Jain Operate Eagle As A Sham Company And Have Taken Steps to Transfer and Conceal Assets in order to Prevent Bala Jain from recovering its Debt.**

83.     Amit Jain and Monika Jain have embarked on a campaign to conceal money, transfer assets, and take other actions that seeks to deny Bala Jain an opportunity to recover the $7.5 million, plus interest, that it is owed.  For example, Bala Jain entered into the lending transactions with Eagle identified in paragraph 44 with the express agreement, and upon promises and assurances by Eagle, that the funds that Bala Jain provided would be used to purchase and/or improve the property identified in the loan documents, and that these loans would be secured by a first deed of trust against each of these properties.

84.     The existence of the first deed of trust was critical to protect Bala Jain's investment.  When Bala Jain discovered Amit Jain, Monika Jain and Eagle's fraudulent actions, Bala Jain filed this action and asserted Lis Pendens against each of the properties at issue.   Unfortunately, Amit Jain, Monika Jain, and Eagle has refused to pay the property taxes on many of these properties.  A list detailing the outstanding property taxes owed on each of these properties is provided below:

| Property | Amount of Taxes Due |
|---|---|
| 449 Lawyers Rd., Vienna, VA 22180 | 8395.23 |
| 1010 Lynn St., Vienna, VA 22180 | 8887.89 |
| 445 Windover Ave., Vienna, VA 22180 | $11,461.46 |
| 1016 Cottage St., Vienna, VA 22180 | $5,042.09 |
| 1203 Cottage St., SW Vienna, VA 22180 | $13,127.72 |
| 2565 Chain Bridge Rd #2F, Vienna, VA 22180 | $14,149.62 |
| 7515 Cotfield Rd., Richmond, VA 23237 | $1,116.96 |
| 1001 Manning Dr., Fredericksburg, VA 22405 | $762.45 |
| 1009 Sweetgrass Circle, LaPlata, MD 20646 | $6,584.13 |
| 6971 Baltimore Annapolis Blvd., Baltimore, MD 21225 | $12,247.10 |
| 897 W. Lombard St., Baltimore, MD 21201 | $4,108.18 |
| 202 North Port St., Baltimore, MD 21224 | $4,163.76 |
| 3012 Dupont Ave., Baltimore, MD 21215 | $1,307.82 |
| 15474 Roxbury Rd., Glenwood, MD 21738 | $8,215.61 |
| 610 Richwood Ave., Baltimore, MD 21212 | $1,914.33 |
| 1739 Montpelier St., Baltimore, MD 21218 | $122.52 |
| 514 Bond Ave., Reisterstown, MD 21236 | $2,667.21 |
| 130 S. Main St., Norwood, NC 28128 | $1,303.92 |

85.     Amit Jain, Monika Jain, and Eagle's refusal to pay the property taxes, or to take steps to ensure the property taxes are paid, means that Bala Jain will not have an adequate remedy at law in the event the Court does not grant injunctive relief.

86.     Upon information and belief, Amit Jain, Monika Jain, and Eagle used Bala Jain's funds to purchase and/or improve the following properties:

a.     7213 Linglestown Rd, Harrisburg, PA 17112

b.     6961 Sterling Rd, Harrisburg, PA 17112

c.     7180 Jonestown Rd, Harrisburg, PA 17112

d.     249 Berkstone Dr, Harrisburg, PA 17112

e.     6958 New Oxford Rd, Harrisburg, PA 17112

f.     7939 Rider Ln, Hummelstown, PA 17036

g.     8405 Crain Hwy, La Plata, MD 20646

h.     1630 E Chocolate Ave, Hershey, PA 17033

i.     580 W Areba Ave, Hershey, PA 17033

j     .3002 Williamsburg Rd, Henrico, VA 23231

      k.     213 N Port St, Baltimore, MD 21224

Upon information and belief, Amit Jain, Monika Jain, and Eagle used Bala Jain's funds to purchase and/or improve these properties without Bala Jain's knowledge or consent, and without providing any consideration to Bala Jain in exchange for the use of its funds.

      87.     Amit Jain, Monika Jain, and Eagle have intentionally commingled the funds they received from Bala Jain with the funds held in numerous bank accounts for other companies.  These funds were commingled to prevent Bala Jain from receiving a proper accounting of its funds.  For example, the bank statements and copies of checks produced demonstrate that Amit Jain and Monika Jain own and operate several different companies, including Eagle, Apparago General Trading LLC Metro Sales and Service, LLC, Sell USA, LLC, Eagle Properties, LLC, Eagle Investments, LLC, True Properties, LLC and 495 Real Estate, LLC.  Monika Jain, Amit Jain and their companies hold multiple bank accounts with Capital One, Fulton Bank, Main Street Bank, the Bank of Clarke County, Atlantic Bank, Sona Bank, PNC Bank and Navy Federal.

      88.     Bala Jain transmitted all the funds it loaned to Eagle directly to a bank account held by Eagle with Capital One account ending in 0368.  Pursuant to the parties' agreements, these funds were supposed to be used to purchase and/or improve the real property identified in the loan documents.  However, Amit Jain and/or Monika Jain used these funds to finance their personal expenses, extravagant lifestyle, to purchase additional properties for which they did not provide any deed of trust or any paperwork to Bala Jain and to finance high risk investments with various third parties.

      89.     The bank statements and checks produced by Capital One, Fulton, Main Street Bank, the Bank of Clarke County and Navy Federal reveal that Amit Jain and Monika

Jain used the payments they received from Bala Jain to write checks to themselves that often exceeded $20,000. Although discovery remains on-going, the bank statements and checks produced to date reveal that Amit Jain and Monika Jain have written checks and transferred funds to themselves exceeding **$3,363,132** to Amit Jain and **$184,834.57** to Monika Jain. Amit Jain and Monika Jain used Bala Jain's funds to make these payments to themselves. The bank statements and checks also reveal that Amit Jain, Monika Jain, and Eagle transferred large sums of the funds Bala Jain loaned to Eagle to Amit Jain and Monika Jain's other businesses. For example, Amit Jain and Monika Jain have transferred more than **$543,450** to Eagle Investments, LLC; **$308,925** to Eagle Properties; **$4,041,625** to Metro Sales; and **$404,839** to 495 Real Estate, LLC.

90.    Discovery has also revealed that, upon information and belief, Eagle used Bala Jain's funds to pay Tamoor Ijaz **$40,000.** Tamoor Ijaz works for Fulton Bank and, upon information and belief, Tamoor Ijaz helped Amit Jain, Monika Jain and Eagle secure various mortgages that they have placed on the properties. Upon information and belief, the $40,000 payment to Tamoor Ijaz was for facilitating Amit Jain, Monika Jain, and Eagle's fraudulent scheme.

91.    Amit Jain, Monika Jain, and Eagle have warned Bala Jain that they will remove Bala Jain's funds from these bank accounts to finance their business and personal expenses. Bala Jain will have an inadequate remedy at law if the Court does not issue an Order enjoining Defendants Amit Jain, Monika Jain, Eagle, Metro Sales and Service, LLC, Sell USA LLC Eagle Properties, LLC, Eagle Investments, LLC and 495 Real Estate, LLC and True Properties, LLC from accessing any additional monies from these accounts.

92.    Amit Jain, Monika Jain, and Eagle continue to use the properties that were

purchased and/or improved with Bala Jain's funds as collateral for various loans and lines of credit. Bala Jain will have an inadequate remedy at law if the Court does not issue an Order enjoining Defendants Amit Jain, Monika Jain, Eagle

93.     Shail Butani and Bala Jain also learned that Amit Jain and Monika Jain operated Eagle as a sham company to insulate themselves from any legal consequences or judgments. Amit Jain and Monika Jain used Eagle to deceive Shail Butani and Bala Jain into lending money to Eagle based on false representations that they would use the money according to Bala Jain's terms. Once Eagle received the loan from Bala Jain, Amit Jain and Monika Jain used these monies to personally enrich themselves instead of developing real property and securing Bala Jain's loan with the first deeds of trust.

94.     Amit Jain and Monika Jain also commingled the funds that they received from Bala Jain with the funds held by their other companies (e.g. Apparago General Trading LLC, Eagle, Eagle Investments, LLC, Eagle Properties, LLC, True Properties, Metro Sales and Service, LLC, Sell USA LLC, and 495 Real Estate, LLC) hold multiple bank accounts with accounts with Capital One, Fulton Bank, Main Street Bank, the Bank of Clarke County, Atlantic Bank, Sona Bank, PNC Bank and Navy Federal. Amit Jain and Monika Jain's intentionally commingled Bala Jain's funds with the funds held in these other accounts without maintaining a proper form of books and records or accounting. Amit Jain and Monika Jain commingled these funds to conceal their fraudulent actions from Bala Jain and to prevent Bala Jain from obtaining a proper accounting.

95.     Moreover, Amit Jain and Monika Jain conducted the business of Eagle in an informal manner and without maintaining the books and records required by Va. Code §§ 13.1-1028. When Bala Jain's owner, Shail Butani, confronted Amit Jain about Eagle's fraudulent

scheme, Amit Jain boasted that he intentionally failed to maintain any financial statements, balance sheets, income statements, or other accounting records for Eagle, and that the records he kept were intentionally convoluted so that IRS and others including Shail Butani and Bala Jain, would be unable to account for the full extent of Amit Jain and Monika Jain's fraud and misappropriation of Bala Jain's funds.  Upon information and belief, Eagle always has been undercapitalized.

## H. Amit Jain and Monika Jain Attempt to Defraud Bala Jain Into Dismissing this Lawsuit.

96.    Amit Jain and Monika Jain have informed Bala Jain that Eagle is collecting rents and other payments from the properties it purchased and/or is developing with the $7.5 million loan it fraudulently obtained from Bala Jain.  Despite the ability to repay at least a portion of the loans from Bala Jain, Amit Jain and Monika Jain have informed Bala Jain that they will not permit Eagle to make any more payments on the loans and that they intend to breach the loans. To this date, Amit Jain, Monika Jain, and Eagle have defaulted on each of the loans.  Amit Jain and Monika Jain have also informed Bala Jain that they will not permit Eagle to cure the defaults.

97.    This lawsuit was filed on July 18, 2022. Amit Jain began calling and texting Ishwar Butani (Mr. Butani is the husband of Bala Jain's owner) on almost a daily basis trying to intimidate Bala Jain and its owner into dismissing the lawsuit.  Amit Jain regularly threatened to spend all the money he had borrowed from Bala Jain, including all rents he was receiving from the properties that Amit Jain, Monika Jain, and Eagle had improved with the money they received from Bala Jain.  Amit Jain also made numerous threats to file bankruptcy or to flee the country and leave Bala Jain with nothing if Bala Jain did not dismiss the lawsuit.

98.    When these threats did not work, Amit Jain offered to negotiate new terms of the

Letter of Intent he circulated earlier that summer and promised to use the $2 million judgment he expected to receive "on any day now" from the litigation *Eagle Properties and Investments LLC v. Naveed Arshad, et al*., Case No. 2022-04473, pending in the Circuit Court for Fairfax County, to repay a portion of the loan.  This was another lie by Amit Jain.  Amit Jain has not obtained a judgement in the *Naveed Arshad* action and is not close to obtaining a judgment.  Amit Jain made these false representations with the intent to deceive Bala Jain into dismissing the lawsuit and to agree to the one-sided Letter of Intent that Amit Jain insisted that Bala Jain agree to before he will permit Eagle to repay any of the loans.

99.    Next, Amit Jain claimed that he had been approved to receive a $2.5 million loan from Fulton Bank that Amit Jain promised to use to make an immediate $2.5 million payment towards the $7.5 million loans that Eagle owed if Bala Jain would agree to dismiss its lawsuit and stay on discovery from the banks.  Rightfully so, Bala Jain did not believe Amit Jain and requested Amit Jain to produce a letter from Fulton Bank that substantiated Amit Jain's claims.   On September 19, 2022, Amit Jain provided a letter to Bala Jain that it claimed had been issued by Fulton Bank attached hereto as **Exhibit 14**.  The letter stated:

> We regret to inform you that your Loan which was approved by Fulton Bank for $2.5M and had been put on hold due to the recent lawsuit against you.  It is expired now.
>
> It is also to inform you that as soon as we will get the letter from the attorney about to settle down the Lawsuit we will reprocess and approve the Loan in the next 30 days and after the approval, we will order the appraisal.  The closing will take within the next 60 days after the approval.

Amit Jain claimed that this letter was evidence that Eagle had been approved for a $2.5 million loan, and that Fulton Bank would approve the $2.5 million lawsuit as soon as Bala Jain's attorney dismissed the lawsuit against Eagle.

100.    The September 19, 2022, letter that Amit Jain claimed was purportedly issued by
Fulton Bank contains numerous marks of fraud.  For example, the contents of the letter contain
improper grammar and punctuation and do not appear to be drafted by Fulton Bank.  The letter
also promised to "approve the Loan in the next 30 days" after the Lawsuit was dismissed which
raised concerns because banks rarely guarantee preapproval of loans.  Most importantly, the
Metadata shows that the document was originally created on April 3, 2021, at 8:33:29 AM and
that it had been modified on September 19, 2022, at 6:20:45 PM.  The most recent modification
to the letter at 6:20:45 PM on September 19, 2022, had occurred just a few minutes before Amit
Jain had submitted the letter to Bala Jain.  This strongly suggests that Amit Jain (not Fulton
Bank) had prepared the letter attached as **Exhibit 14**.

101.    Upon information and belief, Fulton Bank did not issue the letter attached as
**Exhibit 14**.

102.    Upon information and belief, Fulton Bank did not approve Eagle Properties and
Investments, LLC for a $2.5 million loan in 2022.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Actual Fraud)**
**(Amit Jain, Monika Jain, Eagle)**

103.    Bala Jain restates, re-pleads, and incorporates by reference each allegation set
forth above.

104.    Amit Jain and Monika Jain falsely represented and promised Bala Jain that they
would direct Eagle to use the $7.5 million it borrowed from Bala Jain to purchase/develop real
property, to grant Bala Jain a first deed of trust on each of these properties, and to repay the loan.

105.    Amit Jain and Monika Jain's acts, omissions, and misrepresentations were made

with the intent that Bala Jain rely upon them.

106.    Amit and Monika Jain regularly relied upon and used the United States mails, wire communications and e-mails in furtherance of their fraudulent scheme.  Amit and Monika Jain used e-mails, text messages and other electronic communications to defraud Bala Jain into investing its funds with Eagle. Amit Jain and Monika Jain also used other wire communications to defraud Bala Jain into transfer its funds to Eagle by various wire transfers that in some cases crossed state lines.  In other cases, upon receipt of Bala Jains' funds by wire transfer, Amit Jain and Monika Jain immediately initiated additional wire transfers whereby Amit Jain and Monika Jain used their control over bank accounts held by Eagle and other companies they own and control to transfer the funds they received from Bala Jain to other accounts held in different states as part of their sophisticated scheme to defraud Bala Jain.

107.    Amit Jain and Monika Jain's acts, omissions and misrepresentations were made individually, and in their capacity as Eagle's managing member and president.  Amit and Monika Jain's acts, omissions and misrepresentations were made intentionally, knowingly, willfully and maliciously with the intent to defraud Bala Jain and to obtain its money.

108.    Bala Jain reasonably relied upon Amit Jain and Monika Jain's acts, omissions, and misrepresentations.

Bala Jain has been damaged as a result of Amit Jain and Monika Jain's actions.

103.    Amit Jain and Monika Jain's actions were willful and wanton in disregard of Bala Jain's rights.

104.    Bala Jain is entitled to reasonable attorneys' fees pursuant to Common Law, Virginia Case law and punitive damages.

## SECOND CLAIM FOR RELIEF
### (Conspiracy to Commit Fraud)
### (Amit Jain, Monika Jain, Daniel Kotz and First Class Title)

105.    Bala Jain restates, re-pleads, and incorporates by reference each and every allegation set forth above.

106.    Amit Jain and Monika Jain falsely represented and promised Bala Jain that they would direct Eagle to use the $7.5 million it borrowed from Bala Jain to purchase/develop real property, to grant Bala Jain a first deed of trust on each of these properties, and to repay the loan.

107.    Daniel Kotz and his company, First Class Title, Inc., falsely represented and promised Bala Jain that they had prepared and recorded first deeds of trust on each of the properties when Mr. Kotz and First Class Title, Inc. knew these representations were false.

108.    Amit Jain, Monika Jain, Daniel Kotz and First Class Title's acts, omissions and misrepresentations were made intentionally, knowingly, willfully and maliciously with the intent to defraud Bala Jain and to obtain its money.

109.    Amit Jain, Monika Jain, Daniel Kotz, and First Class Title, Inc.'s actions were done in furtherance of a scheme to defraud Bala Jain and for an unlawful purpose or to accomplish a lawful purpose by unlawful means.

110.    Bala Jain reasonably relied upon Amit Jain, Monika Jain, Daniel Kotz, First Class Title, Inc.'s acts, omissions, and misrepresentations.

111.    Bala Jain has been damaged as a result of Amit Jain, Monika Jain, Daniel Kotz, and First Class Title, Inc.'s actions.

111.    Amit Jain, Monika Jain, Daniel Kotz, and First Class Title, Inc.'s actions were willful and wanton in disregard of Bala Jain's rights.

112.    Bala Jain is entitled to reasonable attorneys' fees pursuant to Common Law,

Virginia Case Law, and punitive damages.

**THIRD CLAIM FOR RELIEF**
**(Constructive Fraud/Negligent Misrepresentation)**
**(Amit Jain, Monika Jain, Daniel Kotz and First Class Title)**

113.    Bala Jain restates, re-pleads, and incorporates by reference each allegation set forth above.

114.    Amit Jain, Monika Jain, and Eagle falsely represented and promised Bala Jain that they would direct Eagle to use the $7.5 million it borrowed from Bala Jain to purchase/develop real property, to grant Bala Jain a first deed of trust on each of these properties, and to repay the loan.

115.    Daniel Kotz and his company, First Class Title, Inc., falsely represented and promised Bala Jain that they had prepared and recorded first deeds of trust on each of the properties when Mr. Kotz and First Class Title, Inc. knew these representations were false.

116.    Amit Jain, Monika Jain, Eagle, Daniel Kotz and First Class Title's false representations of material facts was made innocently and/or negligently, and Amit Jain, Monika Jain, Daniel Kotz and First Class Title knew, or shown of known, that these representations were false.

117.    Bala Jain reasonably relied upon Amit Jain, Monika Jain, Eagle, Daniel Kotz, First Class Title's acts, omissions, and misrepresentations.

118.    Bala Jain has been damaged because of Amit Jain, Monika Jain, Eagle Daniel Kotz, and First Class Title, Inc.'s actions.

<u>FOURTH CLAIM FOR RELIEF</u>
**Breach of Fiduciary Duty**
**(Against Defendants Amit Jain, Monika Jain, Dan Kotz and First Class Title)**

119.    Bala Jain restates, re-pleads, and incorporates by reference each allegation set forth above.

120.    The Virginia Consumer Real Estate Settlement Protection Act ("CRESPA"), Virginia Code § 55.1-1000 defines a "settlement agent" to mean "a person, other than a party to the real estate transaction, that provides escrow, closing, or settlement services in connection with a transaction related to real estate in the Commonwealth [of Virginia] and that is listed as the settlement agent on the settlement statement or closing disclosure for such transaction [("Settlement Agent)]. Any person, other than a party to the transaction, who conducts the settlement conference and receives or handles money shall be deemed a "settlement agent" subject to the applicable requirements of this chapter."

121.    Defendants Dan Kotz and First Class Title served as the settlement agents for the sale of the Property.

122.    While CRESPA does not provide for or recognize a separate private cause of action against a Settlement Agent who violates its provisions, it does impose on the Settlement Agent certain statutory duties which may be afforded relief through common law.

123.    CRESPA Va. Code § 55.1-1008(A) provides that all funds deposited with the Settlement Agent in connection with an escrow, settlement or closing shall be handled in a *fiduciary capacity* and submitted for collection to or deposited in a separate fiduciary trust account.

124.    CREPSA further provides that the funds shall be the property of the person or persons entitled to them under the provisions of the escrow, settlement, or closing agreement.

125.     CRESPA does not contain an abrogation clause.

126.     The duties identified above are statutory duties that exist independent of any agreement between Defendants Dan Kotz and First Class Title and Bala Jain.

127.     As the lender and subsequent beneficiary in a real estate transaction, Bala Jain was owed a fiduciary duty by Defendants Dan Kotz and First Class Title in their capacity as Settlement Agent as imposed by the provisions of CRESPA.

128.     Additionally, a fiduciary relationship existed between Bala Jain and Defendants Dan Kotz and First Class Title. Bala Jain placed great trust in Defendants Dan Kotz and First Class Title and relied heavily on their judgment. Bala Jain relied on Defendants Dan Kotz and First Class Title's expertise and experience in providing settlement and escrow services.

129.     Moreover, Defendants Amit Jain, Monika Jain, Dan Kotz and First Class Title cultivated a close personal relationship with Bala Jain from the start of the contractual relationship and throughout the settlement process.  Bala Jain accepted Defendants Amit Jain, Monika Jain, Dan Kotz and First Class Title's advice uncritically and unquestioningly, giving rise to a fiduciary relationship. As a result of Bala Jain's reliance on Defendants Amit Jain, Monika Jain, Dan Kotz and First Class Title expertise and experience, Defendant gained an influence of superiority over Bala Jain.

130.     Defendants Amit Jain, Monika Jain, Dan Kotz, and First Class Title breached their fiduciary duty to Bala Jain by failing to disclose crucial information to Bala Jain, namely that the Defendants Amit Jain, Monika Jain, Dan Kotz and First Class Title had not secured the loans with Deeds of Trust, including their intentional decision to delay recording the Deeds of Trust in order to permit Amit Jain, Monika Jain, and Eagle to secure additional loans with the subject properties without subordinating these loans to Bala Jain's loans.

131.    Defendants Amit Jain, Monika Jain, Dan Kotz, and First Class Title also breached their fiduciary duties of loyalty and care when they failed to ensure that the proceeds from the sale of properties, against which Bala Jain held a first deed of trust, were used to repay the first deed of trust.  Instead, Defendants Amit Jain, Monika Jain, Dan Kotz and First Class Title used the proceeds from the sale of these properties to enrich themselves, their families, and friends.

132.    Defendants Amit Jain, Monika Jain, Dan Kotz, and First Class Title also breached their fiduciary duties when they failed to ensure that the rents and payments that were due to Bala Jain as the result of various assignments of deed of trust were in fact paid to Bala Jain.  Instead, Defendants Amit Jain, Monika Jain, Dan Kotz and First Class Title used the payments from the debtors identified in the deeds of trust that had been assigned to Bala Jain to enrich Defendants Amit Jain, Monika Jain, Dan Kotz, First Class Title, their families, and friends.

133.    Incorporated into every agreement between a fiduciary and his principal is an obligati, imposed by law upon the fiduciary, to disclose anything known to him which might affect the principal's decision whether or how to act.  Defendants Amit Jain, Monika Jain, Dan Kotz and First Class Title's decision to conceal information concerning Defendants Amit Jain, Monika Jain, and Eagle's fraudulent scheme and failure to secure Bala Jain's loans with a first deed of trust breached these fiduciary duties.

134.    Defendants Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title further breached their fiduciary duty to Bala Jain, including the duty of care, by failing to take reasonable action to ensure that the Deeds of Trust that were provided to Bala Jain were timely recorded.

135.    As a direct and proximate result of Defendants' breach of their fiduciary duties, Bala Jain was injured and has suffered damages.

## FIFTH CLAIM FOR RELIEF
### Declaratory Judgment and Injunctive Relief
**(Amit Jain, Monika Jain, Eagle, Apparago General Trading LLC,  Eagle Investments, LLC, Eagle Properties, LLC, True Properties, Metro Sales and Service, LLC, Sell USA LLC, 495 Real Estate, LLC, Capital One, Fulton Bank, Main Street Bank, the Bank of Clarke County, Atlantic Bank, Sona Bank, PNC Bank and Navy Federal)**

136.     Bala Jain restates, re-pleads, and incorporates by reference each allegation set forth above.

137.     There exists an actual controversy involving as to Bala Jain's right to have a first deed of trust against the real properties identified in paragraph 44.  Bala Jain contends that Eagle was required to use the proceeds from the loans to acquire/develop real property and to grant Bala Jain a first deed of trust on each of these properties.  Bala Jain also contends that Eagle must use the proceeds from any sale or rental use of these properties to repay the $7.5 million Eagle borrowed from Bala Jain.  Eagle disputes these contentions.

138.     Bala Jain seeks an Order enjoining Eagle, Amit Jain, and Monika Jain from obtaining any additional loans or granting any additional deeds against any of the real properties identified in paragraph 44 above until Eagle repays the entire balance of the $7.5 million loan, plus interest.

139.     Bala Jain seeks an Order directing Eagle, Amit Jain, and Monika Jain to pay to Bala Jain all rents or loan payments received from any transaction to purchase and/or improve or develop real property that was financed with Bala Jain's $7.5 million loan.

140.     Bala Jain also seeks an Order enjoining Amit Jain, Monika Jain, Eagle, Apparago General Trading LLC, Eagle Investments, LLC, Eagle Properties, LLC, True Properties, Metro Sales and Service, LLC, Sell USA LLC, and 495 Real Estate, LLC from removing any additional monies from the bank accounts they hold with Capital One, Fulton

Bank, Main Street Bank, Bank of Clarke County, Navy Federal, Atlantic Bank, PNC Bank, Sona Bank and any other bank accounts identified during discovery. Amit Jain, Monika Jain, and Eagle have commingled the funds they received from Bala Jain with the monies that Amit Jain, Monika Jain, Eagle, and their companies hold with Capital One, Fulton Bank, Main Street Bank, Bank of Clarke County, Navy Federal, Atlantic Bank, PNC Bank, Sona Bank and any other bank accounts identified during discovery. Defendants Amit Jain, Monika Jain, Eagle and the other companies they own and control have been spending these monies in an attempt to deny Bala Jain an opportunity to satisfy any judgment it receives in this action. Therefore, issuance of an Order freezing the assets Amit Jain, Monika Jain, Eagle Apparago General Trading LLC, Eagle Investments, LLC, Eagle Properties, LLC, True Properties, Metro Sales and Service, LLC, Sell USA LLC, and 495 Real Estate, LLC hold in these accounts is a reasonable measure to maintain the status quo and will enable the Court to give the relief requested.

141. Bala Jain seeks an order: (1) declaring that Bala Jain's loan to Eagle is void for fraud; (2) enjoining Amit Jain, Monika Jain, and Eagle from using any remaining proceeds from the $7.5 million; and (3) ordering Amit Jain, Monika Jain, and Eagle to refund to Bala Jain the full $7.5 million loan, plus interest.

142. Bala Jain seeks an order: (1) declaring and imposing a constructive and resulting trust in Bala Jain's benefit and favor for the full amount of his $7.5 million loan; and (2) ordering that all assets, personal property, and real property that were purchased and/or improved, in whole or in part, by the $7.5 million investment are sold and the proceeds from the sale are delivered and conveyed to Bala Jain.

143.     Bala Jain seeks an order: (1) declaring and imposing a constructive trust on the funds held by Defendants Amit Jain, Monika Jain, Eagle Apparago General Trading LLC, Eagle Investments, LLC, Eagle Properties, LLC, True Properties, Metro Sales and Service, LLC, Sell USA LLC, and 495 Real Estate, LLC in bank accounts with Capital One, Fulton Bank, the Bank of Clarke County, Main Street Bank, Navy Federal Bank, Atlantic Bank, PNC Bank and Sona Bank; (2) ordering that all assets held within these bank accounts is frozen; (3) ordering Defendants Amit Jain, Monika Jain, Eagle Apparago General Trading LLC, Eagle Investments, LLC, Eagle Properties, LLC, True Properties, Metro Sales and Service, LLC, Sell USA LLC, and 495 Real Estate, LLC) hold multiple bank accounts with accounts with Capital One, Fulton Bank, Main Street Bank, the Bank of Clarke County, Atlantic Bank, Sona Bank, PNC Bank and Navy Federal immediately pay to a third-party escrow agent the full amount of the $7.5 million loan from these accounts; and (4) such other relief as the Court deems just and proper.

144.     Amit Jain, Monika Jain, and Eagle disputes that Bala Jain is entitled to any of the relief requested.  Amit Jain, Monika Jain, and Eagle have wrongfully used their control over Eagle to deny Bala Jain the requested relief, and to continue to carry out their scheme of wrongful actions.

145.     Without issuance of an injunction, Bala Jain will suffer irreparable harm and have an inadequate remedy at law because Amit Jain, Monika Jain, and Eagle have undertaken actions that are designed to render them judgment proof, waste all of the funds that should be returned to Bala Jain before a trial occurs in this litigation, and allow properties that they used to purchase and/or develop with Bala Jain's funds to become

subject to tax liens and sold at auction.

146.    Granting an injunction is in the public interest because it will protect Bala Jain

and its investors from suffering further damages by Defendants.

147.    Accordingly, Bala Jain is entitled to declaratory judgment resolving this

controversy so that it is afforded its lawful rights under the loan documents.

### SIXTH CLAIM FOR RELIEF
**Accounting**
**(Defendants Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title)**

148.    Bala Jain restates, re-pleads, and incorporates by reference each allegation set

forth above.

149.    Pursuant to Virginia Code § 8.01-31, "An accounting in equity may be had

against any fiduciary or by one joint tenant, tenant in common, or coparcener for receiving

more than comes to his just share or proportion, or against the personal representative of any

such party."

150.    Virginia common law also provides for an accounting of funds among those

with fiduciary relationships, especially, when as here, special confidence has been reposed in

one who in equity and good conscience is bound to act in good faith and with due regard for the

interests of the one reposing the confidence.

151.    Amit Jain and Monika Jain, in their capacity as owners of Eagle, entered into

a fiduciary relationship with Bala Jain when they agreed to use the proceeds from Bala

Jain's $7.5 million loan to purchase/improve/develop real property and to grant Bala Jain a

first deed of trust.

152.    Amit Jain and Monika Jain breached his fiduciary duties when they used their

control of Eagle to defraud Bala Jain; to engage in self-dealing; and to invest in business opportunities that were inconsistent with the intended purpose of the loans.

153.    Similarly, Dan Kotz and First Class Title, in their capacity as the settlement attorneys and settlement agents for each of the lending transactions at issue, entered a fiduciary relationship with Bala Jain.  Dan Kotz and First Class Title breached the fiduciary duties they owed to Bala Jain when they failed to ensure first deeds of trust were drafted and timely filed, and when they engaged in various acts that constitute fraud, conspiracy to commit fraud, and constructive fraud.

154.    Bala Jain has repeatedly demanded Amit Jain, Monika Jain, Eagle, Dan Kotz, and First Class Title provide an accounting of the $7.5 million loaned to Eagle.  Amit Jain, Monika Jain, Eagle, Dan Kotz, and First Class Title have refused this request.

155.    The principles of equity and justice demand that Amit Jain, Monika Jain, Eagle, Dan Kotz and First Class Title provide an accounting of Bala Jain's $7.5 million investment.

### SEVENTH CLAIM FOR RELIEF
**Disregard and Pierce Corporate Veil**
**(Amit Jain, Monika Jain, and Eagle)**

156.    Bala Jain restates, re-pleads, and incorporates by reference each allegation set forth above.

157.    When Amit Jain and Monika Jain made repeated promises and representations to Bala Jain that Eagle was a legitimate company and would repay the loans, Eagle was undercapitalized and did not maintain the proper books and records and was run in an informal manner.

158.    When Amit Jain and Monika Jain made repeated promises, representations, and assurances that Bala Jain's investment would be used to develop and improve real property, these statements were knowingly and intentionally false at the time they were made.  Instead, Amit Jain and Monika Jain at all times planned to use Bala Jain's investment to engage in finance their fraudulent scheme with third-party investors and, upon information and belief, to finance their personal expenses.

159.    Amit Jain and Monika Jain's conduct as described in this pleading constitutes their controlling Eagle and using Eagle to perpetuate fraud, to commit injustice, and to gain an unfair advantage.  Amit Jain and Monika Jain have used their control over Eagle to siphon off funds, to engage in fraud, and to insulate themselves from any liability or judgements.  For the reasons stated, the Court should pierce Eagle's corporate veil and disregard their existence as a corporation.

160.    Accordingly, Amit Jain and Monika Jain should be held personally and directly liable for the debt owed to Bala Jain.

## EIGHTH CLAIM FOR RELIEF
**Breach of Contract**
**(Eagle and Monika Jain)**

161.    Bala Jain restates, re-pleads, and incorporates by reference each allegation set forth above.

162.    Bala Jain entered a series of loans with Eagle, whereby Bala Jain loaned $7.5 million to Eagle, and Eagle agreed to repay the amounts of the loan, plus interest at a rate of 12%, by the dates set forth in the loan documents.

163.    The loan documents created a series of valid and enforceable contracts.

164.   Eagle informed Bala Jain that it will not repay the loan, or the interest owed on the loan.

165.   Eagle is in default of the loan documents.

166.   Monika Jain signed binding personal guarantees for some of the loans that Eagle has defaulted.

167.   Eagle also assigned various deeds of trust to Bala Jain.  However, Eagle, in direct breach of the assignments of deed of trust, continued to collect the rent and loan payments directly from the debtors identified in the deeds of trust that it assigned to Bala Jain.  This breached the terms of the loan documents and assignments of deed of trust.

168.   Eagle also granted Bala Jain a first deed of trust on several properties as part of the loans.  Eagle subsequently sold several of these properties without using the proceeds from the sale to repay the first deed of trust in breach of the terms contained in the loan documents and deed of trust.

169.   As the result of Eagle's and Monika Jain's breach of the various contract documents, Bala Jain has been damaged.

170.   As the result of Eagle's default, Bala Jain is entitled to immediate repayment of the $7.5 million loan, plus interest at 12%.

171.   Defendants accepted and retained these benefits without paying for its value.

## NINTH CLAIM FOR RELIEF
### Breach of Contract
### (SPSVA, LLC, Jacqueline Alexander, DOLBI USA, LLC, Muhammad Ayaz Jarral and Shehal Jarral)

172.   Bala Jain restates, re-pleads, and incorporates by reference each allegation set forth above.

173.    Bala Jain entered a series of loans with Eagle, whereby Bala Jain loaned $7.5 million to Eagle, and Eagle agreed to repay the amounts of the loan, plus interest at a rate of 12%, by the dates set forth in the loan documents.

174.    Defendant Jacqueline Alexander entered into a loan and deed of trust with Bala Jain.  The express terms of the loan documents and deed of trust required Defendant to make monthly interest and principal payments directly to Bala Jain.  Defendant has breached the loan and deed of trust.

175.    Defendants SPSVA, LLC, DOLBI USA, LLC**,** Muhammad Ayaz Jarral and Shehal Jarral failed to tender any of the payments required by the assignment of the deeds of trust to Bala Jain. Defendants' failure to tender these payments is in breach of the express terms of the assignment of deeds of trust.

176.    Defendants SPSVA, LLC, DOLBI USA, LLC, Muhammad Ayaz Jarral and Shehal Jarral_entered a series of loans with Eagle.  Pursuant to these loans, the Defendants granted Eagle a first deed of trust on their properties.  Eagle subsequently assigned these deeds of trust to Bala Jain.  The express terms of the assignment of the deed of trust required Defendants to make monthly interest and principal payments directly to Bala Jain.

177.    Defendants SPSVA, LLC, DOLBI USA, LLC, Muhammad Ayaz Jarral and Shehal Jarral failed to tender any of the payments required by the assignment of the deeds of trust to Bala Jain. Defendants' failure to tender these payments is in breach of the express terms of the assignment of deeds of trust.

178.    Defendants are in default of the assignment of the deeds of trust, the deed of trust, and loan documents.  Bala Jain has sent written notices of default to each of the Defendants attached hereto as Exhibits 8 to 12.  Defendants have refused to cure the default.

179.    As the result of Defendants SPSVA, LLC, Jacqueline Alexander, DOLBI USA, LLC, Muhammad Ayaz Jarral and Shehal Jarral breach of their contract, Bala Jain has been damaged.

**TENTH CLAIM FOR RELIEF**
**CONVERSION**
**(Amit Jain, Monika Jain, Eagle, SPSVA, LLC, Saptal Singh, Jacqueline Alexander, DOLBI USA, LLC, Shaikh Habib, MoheedMoheed Rahim, Muhammad Ayaz Jarral and Shehal Jarral)**

180.    Bala Jain restates, re-pleads, and incorporates by reference each allegation set forth above.

181.    Bala Jain entered a series of loans with Eagle, whereby Bala Jain loaned $7.5 million to Eagle, and Eagle agreed to repay the amounts of the loan, plus interest at a rate of 12%, by the dates set forth in the loan documents.

182.    Defendant Jacqueline Alexander entered into a loan and deed of trust with Bala Jain.  The express terms of the loan documents and deed of trust required Defendant to make monthly interest and principal payments directly to Bala Jain.  Defendant has breached the loan and deed of trust.  Instead of making payments directly to Bala Jain as required by the loan and deed of trust, upon information and belief, Defendant Jacqueline Alexander, who is also the real estate agent for Amit Jain and Monika Jain and Eagle in many of the loans identified in paragraph 44, conspired to make payments directly to Amit Jain, Monika Jain, Eagle and the companies they own and control, and to assist Amit Jain, Monika Jain, Eagle with the conversion of these funds.

183.    Defendants SPSVA, LLC, DOLBI USA, LLC**,** Muhammad Ayaz Jarral and Shehal Jarral failed to tender any of the payments required by the assignment of the deeds of trust to Bala Jain. Defendants' failure to tender these payments is in breach of the express terms

of the assignment of deeds of trust.

184.    Defendants SPSVA, LLC, DOLBI USA, LLC, Muhammad Ayaz Jarral and Shehal Jarral_entered a series of loans with Eagle.   Pursuant to these loans, the Defendants granted Eagle a first deed of trust on their properties.   Eagle subsequently assigned these deeds of trust to Bala Jain.   The express terms of the assignment of the deed of trust required Defendants to make monthly interest and principal payments directly to Bala Jain.

185.    Defendants SPSVA, LLC, DOLBI USA, LLC, Muhammad Ayaz Jarral and Shehal Jarral failed to tender any of the payments required by the assignment of the deeds of trust to Bala Jain. Instead of making payments directly to Bala Jain as required by the loan documents and assignment of the deed of trust, Defendant SPSVA, LLC, DOLBI USA, LLC, Muhammad Ayaz Jarral and Shehal Jarral conspired to make payments directly to Amit Jain, Monika Jain, Eagle and the companies they own and control, and to assist Amit Jain, Monika Jain, Eagle with the conversion of these funds.

186.    The loan documents, deed of trust, and assignment of the deed of trust grants Bala Jain and immediate right and interest in the funds that have been wrongfully converted.

187.    As the result of Defendants Amit Jain, Monika Jain, Eagle, SPSVA, LLC, Jacqueline Alexander, DOLBI USA, LLC, Muhammad Ayaz Jarral and Shehal Jarral's conversion of funds, Bala Jain has been damaged.

## **<u>RULE 3:25 CLAIM FOR ATTORNEY'S FEES</u>**

Pursuant to Virginia common law and case law (e.g. *Prospect Development Co., Inc. v. Bershader,* 258 Va. 75 (1999); *St. John v. Thompson*, 299 Va. 431 (2021)), Bala Jain demands an award compensating Bala Jain for its reasonable attorney's fees in prosecution of his claims for fraud, conspiracy to commit fraud, and declaratory judgment that the loans

are void for fraud (Counts I, II, V).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bala Jain, LLC, respectfully requests the following relief:

1.      A judgment against Amit Jain and Monika Jain for fraud in the amount of $7.5 million as to compensatory damages, plus interest at 12%, plus attorneys' fees, $350,000 for punitive damages, plus pre and post judgment interest;

2.      A judgment Amit Jain, Monika Jain, Daniel Kotz, and First Class Title, Inc. for conspiracy to commit fraud in the amount of $7.5 million as to compensatory damages, plus interest at 12%, plus attorneys' fees, and $350,000 for punitive damages, plus pre and post judgment interest;

3.      A judgment against Daniel Kotz and First Class Title, Inc, for constructive fraud in the amount of $7.5 million as compensatory damages, plus pre and post judgment interest.

4.      A judgment Amit Jain, Monika Jain, Daniel Kotz, and First Class Title, Inc. for breach of fiduciary duty in the amount of $7.5 million as to compensatory damages, plus interest at 12%, plus attorneys' fees, and $350,000 for punitive damages, plus pre and post judgment interest;

5.      An Order declaring and imposing injunctive relief upon Amit Jain, Monika Jain and Eagle as follows:

(a)     Bala Jain's loan to Eagle for $7.5 million is void for fraud;

(b)     Eagle, Amit Jain, and Monika Jain are enjoined from using any of the remaining proceeds from the $7.5 million loan from Bala Jain;

(c)     Eagle, Amit Jain, and Monika Jain must repay the $7.5 million loan, plus interest;

(d)     Eagle, Amit Jain, and Monika Jain are enjoined from placing any additional loans or granting any additional deeds against any of the real properties identified in paragraph 44 above until Eagle repays the entire balance of the $7.5 million loan, plus interest;

(e)     Eagle, Amit Jain, and Monika Jain are ordered to pay to Bala Jain all rents or loan payments received from any transaction to purchase and/or improve or develop real property that was financed with Bala Jain's $7.5 million loan.

(f)     Imposing a constructive and resulting trust in Bala Jain's favor in the amount of $7.5 million on each of the properties that were purchased and/or improved with Bala Jain's funds;

(g)     Freezing the funds held in the bank accounts that Amit Jain, Monika Jain, Eagle, Apparago General Trading LLC Metro Sales and Service, LLC, Sell USA, LLC, Eagle Properties, LLC, Eagle Investments, LLC, True Properties, LLC and 495 Real Estate, LLC hold with Capital One, Fulton Bank, Main Street Bank, Bank of Clarke County, Navy Federal, Atlantic Bank, PNC Bank, and Sona Bank;

(h)     Ordering that the funds held in the bank accounts that Amit Jain, Monika Jain, Eagle, Apparago General Trading LLC Metro Sales and Service, LLC, Sell USA, LLC, Eagle Properties, LLC, Eagle Investments, LLC, True Properties, LLC and 495 Real Estate, LLC hold with Capital One, Fulton Bank,

Main Street Bank, Bank of Clarke County, Navy Federal, Atlantic Bank, PNC Bank, and Sona Bank are paid to Bala Jain;

(i)    Order Amit Jain and Monika Jain, Eagle to provide to Bala Jain a full and complete accounting of the use of any investments, proceeds, costs, expenses, compensations, salaries, distributions, and other forms of benefits derived from the $7.5 million loan.;

(j)    Order such other relief as the Court deems just and proper;

6.    An order directing Amit Jain, Monika Jain, Eagle, Dan Kotz, First Class Title to provide a full and proper accounting of Bala Jain's funds used to finance any loans.

7.    An Order finding that Amit Jain and Monika Jain's actions justify piercing the corporate veil and holding him personally responsible for all of Bala Jain's damages;  and

8.    A judgment against Defendant Eagle for breach of contract in the amount of $7.5 million, plus interest at 12%.

9.    A judgment against Defendant Monica Jain for breach of contract in the amount of $500,000, plus interest at 12%.

10.    A judgment against Defendant SPSVA, LLC, Jacqueline Alexander, DOLBI USA, LLC, Muhammad Ayaz Jarral and Shehal Jarral for breach of contract in the amounts of $85,000, $225,000, $180,00 $325,000, respectively, plus pre and post judgment interest.

11.    A judgment against Defendant SPSVA, LLC, Jacqueline Alexander, DOLBI USA, LLC, Muhammad Ayaz Jarral and Shehal Jarral for breach of contract in the amount of $85,000, $225,000, $180,000, and $325,000, respectively, plus pre and post judgment interest.

12.     A judgment against Defendants Amit Jain, Monika Jain, Eagle SPSVA, LLC, Jacqueline Alexander, DOLBI USA, LLC, Shaikh Habib and MoheedMoheed Rahim, Muhammad Ayaz Jarral and Shehal Jarral for conversion in the amount of at least in the amount of $85,000, $225,000, $180,000, and $325,000, respectively, plus pre and post judgment interest.

13.     For such other and further relief as this Court deems just and proper.


Dated: November 22, 2022                    Respectfully submitted,


                                            _____
                                            Mark E. Shaffer (VSB No. 75407)
                                            OFFIT KURMAN
                                            8000 Towers Crescent Drive, Suite 1400
                                            Tysons Corner, Virginia 22182
                                            Telephone: 703.745.1820
                                            Facsimile: 703.745.1835
                                            mark.shaffer@offitkurman.com
                                            *Counsel for Plaintiff Bala Jain, LLC*

87

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have sent a copy of this Amended Complaint by e-mail and/or First

Class U.S. Mail, on November 22, 2022 to:

> J. Chapman Petersen, Esq.
> Chap Petersen & Associates, PLC
> 3970 Chain Bridge Road
> Fairfax, Virginia 22030
> jcp@petersenfirm.com
> *Counsel for Eagle Properties and Investments, LLC*
> *Monika Jain and Amit Jain*
>
> Jessica Summers, Esq.
> The Law Firm of Paley Rothman
> 4800 Hampden Lane, 6th Floor
> Bethesda, MD 20814
> jsummers@paleyrothman.com
> *Counsel for First Class Title, Inc. and*
> *Daniel Kotz, Esq.*

_____
Mark E. Shaffer

4859-4896-6971, v. 7