IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

|  |  |  |
|---|---|---|
| **In re** | : | |
| | : | |
| **EAGLE PROPERTIES AND** | : | Case No. 23-10566-KHK |
| **AND INVESTMENTS, LLC** | : | (Chapter 7) |
| | : | |
| **Debtor.** | : | |
| | : | |
| **ORRSTOWN BANK** | : | |
| | : | |
| **Movant,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **H. JASON GOLD, TRUSTEE,** | : | |
| | : | |
| **Respondent.** | : | |

**MOTION TO OBTAIN RELIEF FROM AUTOMATIC STAY**
**(6958 New Oxford Road, Harrisburg, PA, 17112)**

Orrstown Bank ("Movant"), by its attorneys, Offit Kurman, P.A., moves for relief from the automatic stay and states as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362 and Bankruptcy Rule 4001. This contested matter is a core proceeding as defined by 28 U.S.C. § 157 (b)(2)(G).

2. On September 30, 2021, Movant made a loan in the original principal amount of $206,250.00 (the "Loan") to the Debtor Eagle Properties and Investments, LLC (the "Debtor")

Stephen Nichols, Esq. (Bar No. 32443)
Offit | Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, Maryland 20814
(240) 507-1700 (telephone) | (240) 507-1735 (facsimile)
snichols@offitkurman.com

*Counsel for Movant*

1

and its principal Monika Jain ("Jain"). The Loan was memorialized by a promissory note dated September 30, 2021 (the "Note") in the original principal amount of $206,250.00. The proceeds of the Loan were used by the Debtor to purchase real property located at 6958 New Oxford Road, Harrisburg, PA, 17112 (the "Property"). The Note was secured by a first-priority mortgage (the "Mortgage") that was recorded in the land records of Dauphin County, Pennsylvania, as well as an Assignment of Rents dated September 30, 2021 that was also recorded in the land records of Dauphin County, Pennsylvania. Copies of the Note, Mortgage and Assignment of Rents are attached as Exhibits 1, 2 and 3, respectively.

3. The Note accrues interest at a variable rate, defined as the Wall Street Journal Prime Rate (the "Prime Rate"), plus 2%. When the Note was made, the Prime Rate was 3.25%, resulting in an interest rate of 5.25%. However, due to subsequent increases in the Prime Rate, the current interest rate is 10.5% based on the April 1, 2024 Wall Street Journal Prime Rate of 8.5%.

4. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 6, 2023 (the "Petition Date"). When it filed its chapter 11 case, the Debtor was current on its payments due under the Note. After the case filing, the Debtor continued for a while to make the regular monthly payments accruing under the Note. However, the Debtor's last Note payment was for November, 2023. Since then, all regular monthly payments due under the Note (i.e. December, 2023 through March, 2024) have been missed. *See*, Exhibit 4 (Loan History).

Stephen Nichols, Esq. (Bar No. 32443)
Offit | Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, Maryland 20814
(240) 507-1700 (telephone) | (240) 507-1735 (facsimile)
snichols@offitkurman.com

*Counsel for Movant*

5.  Moreover, the Debtor has failed to pay real property taxes assessed by Dauphin County, PA for the tax years 2022 and 2023 in the amounts of $3,777.87 and $3,759.33, respectively, for a total of delinquent property taxes of $7,537.20.  Under applicable Pennsylvania law, the delinquent property taxes constitute a lien on the Property superior in priority to the Deed of Trust.  *See*, 53 Pa. St. 7102.

6.  Finally, since the Petition Date, Movant has incurred in excess of $22,000 in attorney's fees.  Under the terms of the Note, the Debtor is obligated to pay these fees.  *See*, Exhibit 1 (Note), at p. 2.

7.  The Debtor's case was converted to chapter 7 on March 21, 2024.  H. Jason Gold, Esq. is the duly appointed and acting chapter 7 trustee.

8.  Due a combination of the Debtor's failure to pay post-Petition Date payments under the Note; the increase in the interest rate under the Note; the Debtor's failure to pay real estate taxes and the fact that Movant has been forced to incur significant attorney's fees as a result of the Debtor's bankruptcy filing, the loan to value ratio for the Loan has materially worsened during the period since the Petition Date, from approximately 64% to over 71% now.

9.  The material erosion in the equity cushion for the Loan, together with the Debtor's inability to make payments under the Note and its failure to pay real estate taxes for the Property, constitutes "cause" within the meaning of 11 U.S.C. § 362 (d)(1) for lifting the automatic stay to permit Movant to enforce its rights under the Mortgage, including without limitation selling the Property at a foreclosure sale to be held in compliance with the requirements of applicable Pennsylvania law.

Stephen Nichols, Esq. (Bar No. 32443)
Offit | Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, Maryland 20814
(240) 507-1700 (telephone) | (240) 507-1735 (facsimile)
snichols@offitkurman.com

*Counsel for Movant*

WHEREFORE, the Movant requests the entry of an order:

a. Modifying the automatic stay herein for the purpose of allowing the Movant to commence an action in state court to sell the Property at a foreclosure sale to be held in compliance with applicable Pennsylvania law and to exercise such other rights it may possess under applicable Pennsylvania law to recover possession of the Property; and,

c. Granting Movant such other and further relief to which it is entitled.

### NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY

Orrstown Bank ("Movant'") has filed papers with the court seeking to modify the automatic stay to permit it to exercise its rights under a mortgage encumbering the above-defined Property, including to schedule a foreclosure sale of the Property.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not wish the Court to grant the relief sought in this Motion, or if you want the Court to consider your views on the Motion, then within fourteen (14) days from the date of the service of this Motion, you or your attorney must:

[x] File with the Court, at the address shown below, a written response with supporting memorandum as required by Local Bankruptcy Rule 9013-1 (H). Unless a written and supporting memorandum are filed and served by the date specified, the Court may deem any opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing. If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. The filing address of the Court is: **Clerk of Court, United States Bankruptcy Court, 200 S. Washington Street, Alexandria, VA, 22314.**

[x] **Attend the preliminary hearing scheduled to be held on April 18, 2024 11:00 a.m. in Courtroom III (Judge Kindred), United States Bankruptcy Court for the Eastern District of Virginia, 200 S. Washington Street, Alexandria, VA, 22314.**

Stephen Nichols, Esq. (Bar No. 32443)
Offit | Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, Maryland 20814
(240) 507-1700 (telephone) | (240) 507-1735 (facsimile)
snichols@offitkurman.com

*Counsel for Movant*

[x]  You must also mail a copy to the following:  (i) Stephen Nichols, Esq., OFFIT | KURMAN, P.A., 7501 Wisconsin Avenue, Suite 1000W, Bethesda, MD, 20814; (ii) Office of the U.S. Trustee, 1725 Duke Street, Suite 659, Alexandria, VA, 22314; (iii) Jeffery T. Martin, Esq., Martin Law Group PC, 8065 Leesburg Pike, Suite 750, Vienna, VA, 22182; (iv) Christopher Jones, Esq.,  Whiteford, Taylor & Preston LLP, 2190 Fairview Park Drive, Suite 800, Falls Church, VA, 22042; (v) H. Jason Gold, Esq., Chapter 7 Trustee, PO Box 57359, Washington, DC, 20037; and, (vi) Dylan Trache, Esq., Nelson Mullins Riley & Scarborough LLP, 101 Constitution Avenue, NW, Suite 900, Washington, DC, 20001.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: April 3, 2024.

ORRSTOWN BANK
By Counsel

OFFIT | KURMAN, P.A.


By:	/s/ Stephen Nichols
	Stephen Nichols
	Va. Bar No. 32443
	7501 Wisconsin Avenue
	Suite 1000W
	Bethesda, MD  20814

PHONE:	(240) 507-1700
FAX:	(240) 507-1735
EMAIL:	snichols@offitkurman.com

Stephen Nichols, Esq. (Bar No. 32443)
Offit | Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, Maryland 20814
(240) 507-1700 (telephone) | (240) 507-1735 (facsimile)
snichols@offitkurman.com

*Counsel for Movant*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 3, 2024 I served a copy of this Motion to Obtain Relief from Automatic Stay as to Leased Premises via first class mail, postage pre-paid, upon each party required to receive notice under Local Bankruptcy Rule 4001(a)-1(F) as follows:

| | |
|---|---|
| Office of the U.S. Trustee<br>1725 Duke Street<br>Suite 650<br>Alexandria, VA, 22314 | H. Jason Gold, Chapter 7 Trustee<br>PO Box 57359<br>Washington, DC  20037 |
| Dylan Trache, Esq.<br>Nelson Mullins Riley & Scarborough LLP<br>101 Constitution Avenue, NW<br>Suite 900<br>Washington, DC  20001 | Jeffery T. Martin, Jr., Esq.<br>Martin Law Group, PC<br>8065 Leesburg Pike<br>Suite 750<br>Vienna, VA  22182 |
| Christopher Jones, Esq.<br>Whiteford Taylor & Preston LLP<br>3190 Fairview Park Drive<br>Suite 800<br>Falls Church, VA  22042 | |

                                                /s/ Stephen Nichols
                                                Stephen Nichols, Esq.

Stephen Nichols, Esq. (Bar No. 32443)
Offit | Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, Maryland 20814
(240) 507-1700 (telephone) | (240) 507-1735 (facsimile)
snichols@offitkurman.com

*Counsel for Movant*