**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re: | ) |
| | ) Bankruptcy Case |
| Eagle Properties and Investments LLC | ) No. 23-10566-KHK |
| | ) Chapter 7 |
| Debtor. | ) |

**CONSENT ORDER AUTHORIZING USE OF CASH COLLATERAL OF BALA JAIN,**
**LLC AND APPROVING ESTATE CARVE-OUT**

UPON CONSIDERATION of the Trustee's motion pursuant to 11 U.S.C. §§ 105 and 363

authorizing the use of cash collateral of Bala Jain, LLC ("Lender") and approving the Estate Carve-

Out ("Motion") (Doc. No. __), and

IT APPEARING TO THE COURT that the relief requested in the Motion is in the best

interests of the estate and creditors; and it further

APPEARING TO THE COURT that Lender[1] has consented to the use of its cash collateral

for the purposes described in the Motion; it is hereby

ORDERED:

1.  The Motion is GRANTED as set forth herein;

2.  The Trustee is authorized to use the cash collateral of Lender to pay any expenses of

    the Property including utilities, insurance premiums, title reports, re-keying expenses

    and other reasonable, necessary and documented costs associated with the

    maintenance, upkeep, operation and repair of the Property to which the cash collateral

    relates;

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

3. The Trustee is authorized to use the Debtor Funds to pay any utilities, insurance premiums, title reports, re-keying expenses or other reasonable, necessary and documented costs associated with the maintenance, upkeep, operation and repair of a Property without tracing such funds to a Property;

4. In the event there is an expense outside of the ordinary course of business with respect to any Property that exceeds $500.00, such as making a one-time repair, then the Trustee shall obtain the consent of the Lender to payment of such expense;

5. Within fifteen days after the end of each month, beginning with April, 2024, and continuing through the date on which the Trustee ceases receiving rents, the Trustee shall deliver to the Lender a statement of receipts and disbursements for each Property;

6. The Trustee is authorized to advance up to Five Thousand Dollars ($5,000.00) from unencumbered estate funds to the Asset Manager to pay expenses approved by the Trustee for the purpose of maintaining and preserving the Properties until such time as the Properties are sold. The Asset Manager shall hold the funds in his Trust Account and provide a monthly account reconciliation report to the Trustee. The Trustee may replenish this fund as needed. The estate shall be reimbursed for these expenses from the proceeds of the closing of the sale of the Property for which the expense was paid, upon the closing of the sale of such Property;

7. Upon the Trustee's sale of any of Property, the estate shall be entitled to a carve out from the proceeds of the Property for the following amounts: (i) funds sufficient to pay the Trustee's statutory commission on the gross sale price calculated pursuant to 11 U.S.C. § 326; and (ii) an additional five percent (5%) of the gross sale price for the benefit of the estate (the "Carve-Out");

2

8.  The Carve-Out shall be deducted first from the proceeds of a Property payable to any
    subordinate lienholder(s);

9.  Other than as expressly set forth in this Order, the rights of all parties are preserved,
    including, without limitation, (i) the Trustee's right to challenge the validity, extent,
    priority and amount of any liens on the Properties and to object to any secured or
    unsecured claims filed by Lender or any other party, and (ii) the right of any party to
    object to or otherwise challenge a motion(s) to sell any Property.

    .

Dated:_____                    _____
                                                 Klinette H. Kindred
                                                 United States Bankruptcy Judge


PREPARED BY:

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
202.689.2800


By:     /s/ Dylan G. Trache_____
        Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

3

SEEN AND AGREED:

ROGAN MILLER ZIMMERMAN, PLLC
50 Catoctin Circle, NE, Suite 300
Leesburg, Virginia 20176
Phone No. (703) 777-8850
Fax No: (703) 777-8854
E-mail: crogan@RMZLawFirm.com


BY:     /s/Christopher L. Rogan (by DGT with authority)
        Christopher L. Rogan (Bar No. 30344)

*Attorneys for Bala Jain, LLC*




**CERTIFICATION PURSUANT TO LOCAL RULE 9022-1: ENDORSEMENT**

I HEREBY CERTIFY that all necessary parties have endorsed the above-referenced order.


        /s/ Dylan G. Trache
        Dylan G. Trache

<u>LIST OF PARTIES TO RECEIVE NOTICE OF ENTRY</u>
<u>PURSUANT TO LOCAL RULE 9022-1</u>

Dylan G. Trache
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001

Michael Freeman
OFFICE OF THE UNITED STATES TRUSTEE
1725 Duke Street, Suite 650
Alexandria, Virginia 22314

Stephen Karbelk
Team Leader, RealMarkets
Century 21 New Millennium
Century 21 Commercial New Millennium
6629 Old Dominion Drive
McLean, VA 22101

Brian Kenneth Madden
Brian K. Madden, P.C.
PO Box 7663
Arlington, VA 22207

Nancy Greene
N D Greene PC
3977 Chain Bridge Rd, Suite 1
Fairfax, VA 22030

Christopher A. Jones
Whiteford Taylor & Preston, LLP
3190 Fairview Park Dr., Suite 800
Falls Church, VA 22042

Jeffery T. Martin, Jr.
John E. Reid
Martin Law Group, P.C.
8065 Leesburg Pike, Ste 750
Vienna, VA 22182

Joshua David Stiff
Whiteford Taylor Preston LLP
249 Central Park Avenue, Suite 300
Virginia Beach, VA 23462

Christopher L. Rogan
ROGAN MILLER ZIMMERMAN, PLLC
50 Catoctin Circle, NE, Suite 300
Leesburg, VA 20176

4857-4171-2822