**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re: | ) |
| | ) |
| EAGLE PROPERTIES AND | ) Bankruptcy Case |
| INVESTMENTS, LLC, | ) No. 23-10566-KHK |
| | ) Chapter 7 |
| Debtor. | ) |
| ———————————————— | ) |

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF**
**71 LUCY AVENUE, HUMMELSTOWN, PENNSYLVANIA**

H. Jason Gold, the chapter 7 trustee ("Trustee") for the above-captioned case, by his undersigned

counsel, hereby files this motion to approve the sale of the property ("Motion")[1] commonly known as 71

Lucy Avenue, Hummelstown, Pennsylvania 17036 ("Property"), pursuant to 11 U.S.C. §§ 363(b) and

Fed. R. Bankr. P. 6004 stating to the Court as follows:

**BACKGROUND AND JURISDICTION**

1.      On April 6, 2023, Eagle Properties and Investments LLC (the "Debtor") filed a

voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code

(the "Bankruptcy Code").

2.      On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was filed

(Docket No. 359).  H. Jason Gold was appointed Chapter 7 Trustee.

---

[1] In accordance with Local Rule 9013-1(G)(1), the Trustee is combining his memorandum of points and authorities
with this Motion.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Chapter 7 Trustee*

3.      By Order entered on January 22, 2024 (Doc. No. 293), the Debtor employed Sharon

Weaber of Protus Realty, Inc. ("Protus") to market and sell the Property ("Protus Order").

4.      By Order entered on April 5, 2024 (Doc. No. 381) the Trustee was authorized to

employ Stephen Karbelk as agent and Century 21 New Millennium as broker in connection with

the marketing and sale of the Property.

5.      The Trustee, through his agent, has decided to execute a contract for the sale of the

Property that was originally procured by Protus, subject to approval of this Court.  Mr. Karbelk

and Century 21 New Millennium have agreed to carve-out the Property from their listings and will

not seek a commission with respect to this sale.

6.      Following a hearing held on April 23, 2024 the Court approved a Consent Order to

Authorizing the Use of Cash Collateral of Bala Jain, LLC ("Bala Jain") and Approving Estate

Carve-Out ("Carve-Out Order").

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the

Standing Order of Reference entered on August 15, 1984.  Venue is proper pursuant to 28 U.S.C.

§ 1408.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N),

and (O).

## RELIEF REQUESTED

8.      Subject to Court approval, the Trustee has accepted an offer from Monica Trejo

("Purchaser") to purchase the Property for $205,000.00, as set forth in the sales contract and

addenda ("Sales Contract") attached hereto as **Exhibit A**.

9.      The Trustee requests that the Court approve the sale of the Property pursuant to the terms

and conditions of the Sales Contract.

10.      **PROPERTY FOR SALE**:  The estate's entire interest in the Property.

11.  **LEGAL DESCRIPTION OF PROPERTY BEING SOLD**:

All that certain lot or tract of land with improvements thereon situate in Derry Township, Dauphin County, Pennsylvania, more fully bounded and described as follows, To Wit:

Beginning at a stone marker which is 288.11 Feet North of the point where the Eastern line of Lucy Avenue intersects the Northern right of way line of Pennsylvania L.R. 139 at corner of land now or late of Albert M. Bell; Thence North 80 degrees 13 Minutes 30 Seconds East along land of same 127.35 feet to a stone marker; thence South 25 Degrees 35 Minutes 10 Seconds East along land now or late of Casare Cifani, 50.06 feet, more or less, to a stone marker; Thence South 79 Degrees, 23 Minutes 30 Seconds West along land now or late of Quentin Gleim, 132.62 feet to a wood marker on the East side of Lucy Avenue; thence North 19 Degrees 16 Minutes 50 Seconds West along the same 50.79 feet, more or less, to the place of beginning. The foregoing description is in accordance with a survey by Gannett, Fleming, Conddry and Carpenter, Inc., dated December 5, 1952.

Said property being known for purposes of assessment and taxation purposes as Property Identification No. 24-031-051-000-0000.

12.  **INTEREST BEING SOLD**:  A fee simple interest in the Property.

13.  **TYPE OF SALE**:  The sale is a private sale.  A deposit in the amount of $10,000 will be delivered to the title company, Universal Settlement Services of PA, LLC, within five (5) days.

14.  **SALE PRICE**:  $205,000.00 ("Purchase Price").  Purchaser will receive $1,000.00 closing credit.

15.  **APPRAISAL VALUE**:  The Trustee has not obtained an appraisal of the Property.

16.  **PURCHASER**:  The Purchaser is purchasing the Property in good faith.

17.  **CONTINGENCIES**:  Court approval.

18.  **TIME AND PLACE OF SETTLEMENT**:  Settlement shall take place after entry of a Bankruptcy Court Order approving the sale of the Property pursuant to the terms of the Sales Contract.

19.  **REALTOR**:  The Debtor employed Protus Realty as broker.  The Purchaser has employed Coldwell Banker Realty as cooperating broker.

20.     **COMPENSATION TO REALTORS**:  The Protus broker will receive a three percent (3%) commission at closing.  The Purchaser's broker will receive a two-and-a-half percent (2.5%) commission at closing.

21.     **LIENS AND INTERESTS SUBJECT TO SALE**: Bala Jain has a first deed of trust on the Property and has also filed a lis pendens.  Subject to the agreement set forth in the Carve-Out Motion, the Trustee will pay Bala Jain all net proceeds of sale other than the Carve-Out (as defined in the Carve-Out Motion in satisfaction of its lien on the Property.

22.     **REIMBURSEMENTS AND EXPENSES**:  N/A

23.     **DEBTORS' EXEMPTIONS**:  N/A

24.     **ACTIONS TO CONSUMMATE SALE**:  The Trustee requests authority to take all necessary and reasonable actions to consummate the sale consistent with the Sales Contract including, without limitation, paying from the proceeds of sale the amounts owed on account of real estate taxes, other applicable taxes, commissions, liens, homeowner and condominium association fees, utility, credits and similar expenses and customary closing costs, correcting the address or legal description of the Property, and making appropriate adjustments on the settlement sheet.

25.     **TAX CONSEQUENCES TO ESTATE BY SALE**:  None expected.

26.     **ESTIMATED DISTRIBUTION**:  The Trustee anticipates receiving the Trustee's statutory commission under § 326 of the Bankruptcy Code plus five percent (5%) of the gross sale price for the benefit of the estate as set forth in the Carve-Out Order.

27.     **WAIVER OF THE 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h)**:  The Trustee requests that the Court waive the fourteen

(14) day stay required by Federal Rule of Bankruptcy Procedure 6004(h) in order to expedite the

closing on the sale of the Property.

**APPLICABLE AUTHORITY**

**A.      Sale is Authorized Pursuant to 11 U.S.C. § 363(b).**

28.      Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice

and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the

estate."  11 U.S.C. § 363(b)(1).  The proposed transaction represents the exercise of reasonable

business judgment by the Trustee.  *See In re Meredith*, 2005 WL 3763840 (Bankr. E.D. Va. 2005);

*In re Delaware & Hudson Rwy. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Titusville County Club*,

128 B.R. 396 (Bankr. W.D. Pa. 1991).

29.      In determining whether a sale satisfies this business judgment standard, courts

require a showing that (i) there is a sound business reason for the sale; (ii) accurate and reasonable

notice of the sale has been given; (iii) the sale will yield an adequate price (*i.e.*, one that is fair and

reasonable), and (iv) the parties to the sale have acted in good faith.  *See, e.g., In re Tempo Tech.

Corp.*, 202 B.R. 363, 365 (D. Del. 1996); *Titusville Country Club*, 128 B.R. at 399.  The proposed

sale of the Property satisfies this standard.

30.      The Purchase Price for this Property is reasonable and reflects both the general real

estate market and the circumstances relevant to the Property.

31.      The Purchase Price for the Property is a result of negotiations between the

Purchaser and the Trustee and represents the highest and best price the Trustee could obtain given

the current market conditions, and the condition of the Property.  Moreover, because the sale

remains subject to Court approval, the potential for higher and/or better offers remains.  The

5

Trustee submits that the sale of the Property pursuant to the Sales Contract is in the best interests of the estate.

**B.      The Trustee Should Be Authorized to Pay Protus a Commission at Closing.**

32.      Protus was employed by the Debtor pursuant to an order of this Court.  Given the particular facts associated with the Property, the Trustee has determined that seeking approval of the contract procured by Protus is in the best interests of the estate and that Protus should be compensated for its efforts.  The estate will not be harmed as Century 21 New Millennium is foregoing any commission and the Court previously determined that Protus was disinterested in entering the Protus Order.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) granting the Motion; (ii) authorizing the sale of the Property pursuant to the terms and conditions of the Sales Contract; (iii) authorizing the Trustee to take all necessary and reasonable actions to consummate the sale, including paying all sales costs from the proceeds of the sale of the Property at closing; (iv) waiving the 14 day stay; and (v) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

H. JASON GOLD, TRUSTEE

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Tel: (202) 689-2800
Fax:  (202) 689-2860
Email: dylan.trache@nelsonmullins.com


By:      /s/ Dylan G. Trache
         Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of April 2024, the foregoing Motion was served via first class mail, postage prepaid, to the parties in interest on the attached service list[2] and to:

> Office of the United States Trustee
> 1725 Duke Street, Suite 650
> Alexandria, VA  22314


/s/ Dylan G. Trache
Dylan G. Trache

---

[2] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not being served on each of the parties, but is attached to the original Certificate of Service filed with the Court.

4872-4127-5575