**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re: | ) |
| | ) |
| EAGLE PROPERTIES AND | ) Bankruptcy Case |
| INVESTMENTS, LLC, | ) No. 23-10566-KHK |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |

**MOTION TO EXPEDITE HEARING AND SHORTEN NOTICE PERIOD ON (I) CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF 1630 E. CHOCOLATE AVE, HERSHEY, PA FREE AND CLEAR OF LIS PENDENS PURSUANT TO 11 U.S.C. §§ 363(f); (II) CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF 71 LUCY AVENUE, HUMMELSTOWN, PENNSYLVANIA; (III) CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF 445 WINDOVER AVE, NW, VIENNA, VA FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(f); (IV) CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF 1010 LYNN ST., SW, VIENNA, VA FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(f); (V) CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF 449 LAWYERS RD, NW VIENNA, VA FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(f); AND (VI) CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF 1203 COTTAGE STREET, SW, VIENNA, VA FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(f)**

H. Jason Gold, the chapter 7 trustee ("Trustee") for the above-captioned case, by his undersigned counsel, hereby moves this Court for an order scheduling an expedited hearing and shortening the notice period ("Motion to Expedite") on his (i) Motion to Approve Sale of 1630 E. Chocolate Ave, Hersey, PA Free and Clear of Lis Pendens Pursuant to 11 U.S.C. §§ 363(f); (ii) Motion to Approve Sale of 71 Lucy Avenue, Hummelstown, Pennsylvania; (iii) Motion to Approve Sale of 445 Windover Ave, NW, Vienna, VA Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. §§ 363(f); (iv) Motion to Approve Sale of 1010 Lynn St., SW,

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Trustee*

Vienna, VA Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. §§ 363(f); (v)

Motion to Approve Sale of 449 Lawyers Rd, NW, Vienna, VA Free and Clear of Liens, Claims

and Interests Pursuant to 11 U.S.C. §§ 363(f); and (vi) Motion to Approve Sale of 1203 Cottage

Street, SW, Vienna, VA Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. §§

363(f) (collectively, the "Sale Motions"), stating to the Court as follows:

1.      On April 6, 2023, Eagle Properties and Investments LLC (the "Debtor") filed a

voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code

(the "Bankruptcy Code").

2.      On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was filed

(Docket No. 359).  H. Jason Gold was appointed Chapter 7 Trustee.

3.      On April 5, 2024, the Trustee was authorized to employ Stephen Karbelk as the real

estate Asset Manager and team leader of Auction Markets, LLC DBA RealMarkets ("Agent" and

"Asset Manager") who is affiliated with CENTURY 21 New Millennium ("Broker") to procure

and submit to the Trustee offers to purchase the properties and assist the Trustee management of

the properties until they are sold.

4.      Concurrently with the filing of this Motion to Expedite, the Trustee has filed the

Sale Motions seeking authorization from the Court to sell certain properties.

5.      In an effort to reduce the expenses incurred by the Asset Manager in upkeep and

management of the properties, avoid additional interest, and maximize the amount of proceeds

available for the estate, the Trustee seeks an expedited hearing on the Sale Motion and to shorten

the notice period provided in Bankruptcy Rules 2002(a)(2) and 6004.

6.      The Court's next available motions hearing date occurs on May 14, 2024.

Accordingly, the Trustee seeks an expedited hearing on the Sale Motions and to shorten the notice

period provided in Federal Rule of Bankruptcy Procedure 9006(c).  The Trustee requests the Court to set the Sale Motions for hearing on **May 14, 2024 at 11:00 a.m.** and to shorten the notice deadline to file written responses to the Sale Motions.  An expedited hearing is necessary in order to effectuate sale of the properties in a timely manner and to avoid additional interest and other charges that would be incurred if the Sale Motions were set on the May 30, 2024 docket.

7.      Section 105(a) of the Bankruptcy Code provides this Court with the power to set an expedited hearing.  Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

8.      In addition, Local Bankruptcy Rule 9013-1 allows a hearing to be set on an expedited basis as requested herein.  Attached hereto is the required certification under Local Rule 9013-1(N).

9.      Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion to Expedite, the Trustee requests that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

WHEREFORE, the Trustee respectfully requests that the Court (i) enter an Order scheduling the hearing on the Sale Motions on an expedited basis and shortening the notice period, and (ii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

H. JASON GOLD, TRUSTEE

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 689-2800
Facsimile: (202) 689-2860
Email:  dylan.trache@nelsonmullins.com


By:    /s/ Dylan G. Trache
        Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of April, 2024, the foregoing Motion was served via CM/ECF to the parties registered to receive such notices, and via first class mail, postage prepaid, to the parties on the attached service list[1].


                                        /s/ Dylan G. Trache
                                        Dylan G. Trache

---

[1] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not being served on each of the parties, but is attached to the original Certificate of Service filed with the Court.