# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
| EAGLE PROPERTIES AND | ) Bankruptcy Case |
| INVESTMENTS, LLC, | ) No. 23-10566-KHK |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

## CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF
## 7939 RIDER LANE, HUMMELSTOWN, PA FREE AND CLEAR OF
## LIS PENDENS PURSUANT TO 11 U.S.C. § 363(f)

H. Jason Gold, the chapter 7 trustee ("Trustee") for the above-captioned case, by his undersigned counsel, hereby files this motion to approve the sale of the property ("Motion")[1] commonly known as 7939 Rider Lane, Hummelstown, PA ("Property") to Vannak Chim and Vuochleang Ea ("Buyer") free and clear of the Lis Pendens (hereafter defined) pursuant to 11 U.S.C. § 363(f), in accordance with the sale contract ("Sales Contract") attached hereto as **Exhibit A**, stating to the Court as follows:

### BACKGROUND AND JURISDICTION

1. On April 6, 2023, Eagle Properties and Investments LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

---

[1] In accordance with Local Rule 9013-1(G)(1), the Trustee is combining his memorandum of points and authorities with this Motion.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Chapter 7 Trustee*

2. On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was filed (Docket No. 359). H. Jason Gold was appointed Chapter 7 Trustee.

3. By Order entered on April 5, 2024 (Doc. No. 381) the Trustee was authorized to employ Stephen Karbelk as agent and Century 21 New Millennium as broker in connection with the marketing and sale of the Property. The sale is being managed by Stephanie Young, real estate licensee in Pennsylvania under the supervision of Lisa Jalufka, the Pennsylvania broker of record for Century 21 New Millennium.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered on August 15, 1984. Venue is proper pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

## RELIEF REQUESTED

5. Subject to Court approval, the Trustee has accepted an offer from Buyer to purchase the Property for $340,000.00, as set forth in the Sales Contract and related documents attached as Exhibit A hereto.

6. On or about December 13, 2022, Bala Jain, LLC filed a Praecipe to Index Action as Lis Pendens against the Property, which is attached hereto as **Exhibit B**. The Trustee requests that the Court approve the sale of the Property pursuant to the terms and conditions of the Sales Contract, free and clear of any liens, claims and interests, including without limitation, those interests set forth in or related to the Lis Pendens, with any such liens, claims and interests attaching to the proceeds of sale.

7. The Trustee requests that the Court approve the sale of the Property pursuant to the terms and conditions of the Sales Contract.

8. **PROPERTY FOR SALE**: The estate's entire interest in the Property.

9. **LEGAL DESCRIPTION OF PROPERTY BEING SOLD**:

The following described real estate, situated in Dauphin County, Commonwealth of Pennsylvania, to wit:

Bounded and described as follows, to wit: Beginning at a stake on the Southern Line of Rider Lane, said point being 394.58 feet from the Southeastern corner of the intersection between Rider Lane and Pennsylvania Route 39 measured in a Westerly direction; Thence extending along the Southern line of Rider Lane North 86 Degrees 13 Minutes East 100 Feet to a stake on said line; Thence extending South 3 Degrees 47 Minutes East, 150 Feet along the diving line between Lots Nos. 5 and 6 on the hereinafter mentioned plan of lots to a stake on said line; Thence extending South 86 Degrees 13 Minutes West along property now or formerly of Elmer R. Yeager 100 Feet to a stake on the dividing line between Lots Nos. 4 and 5 on the hereinafter mentioned plan of lots; Thence extending North 3 Degrees 47 Minutes West 150 Feet along said line to a stake, the place of beginning. Being Lot No. 5, Section A, Sky-Crest Development, recorded in the Dauphin County Recorder of Deeds Office in Plan Book L-2, Page 37. Said property being known for purposes of assessment and taxation purposes as Property Identification No. 68-030-056-000-0000.

10. **INTEREST BEING SOLD**: A fee simple interest in the Property.

11. **TYPE OF SALE**: The sale is a private sale. A deposit in the amount of $10,000 is being held in escrow by Universal Settlement Services of PA, LLC.

12. **SALE PRICE**: $340,000.00 ("Purchase Price").

13. **APPRAISAL VALUE**: The Trustee has not obtained an appraisal of the Property, but has been advised as to its value by his agent.

14. **PURCHASER**: The Purchaser is purchasing the Property in good faith.

15. **CONTINGENCIES**: Court approval.

16. **TIME AND PLACE OF SETTLEMENT**: Settlement shall take place after entry of a Bankruptcy Court Order approving the sale of the Property pursuant to the terms of the Sales Contract. The Sales Contract provides for closing within twenty (20) days of such approval.

17. **REALTOR**: The Trustee has employed Century 21 New Millennium as broker. Buyer has employed Keller Williams Elite as co-operating broker.

18. **COMPENSATION TO REALTORS**: The Trustee's broker will receive a three percent (3.0%) commission at closing. Buyer's broker will receive a two and one half percent (2.5%) commission at closing.

19. **LIENS AND INTERESTS SUBJECT TO SALE**:

   a. Open – End Mortgage and Security Agreement dated May 17, 2021 and recorded May 19, 2021 in favor of Fulton Bank, N.A. filed in the Land Records of Dauphin County, Pennsylvania as Instrument Number 20210017329 – to be paid in full at closing.

   b. Praecipe to Index Action as Lis Pendens filed in the Land Records of Dauphin County, Pennsylvania as Instrument Number 2022035753. *See* Exhibit B. Property to be sold free and clear of the Lis Pendens.

20. **REIMBURSEMENTS AND EXPENSES**: The Trustee requests authority to reimburse RealMarkets at closing in an aggregate amount not to exceed $1,000.00 for any utility and property preservation or maintenance expenses or closing costs, title search fees, or to remedy any homeowner's association violation(s), if necessary.

21. **DEBTORS' EXEMPTIONS**: N/A.

22. **ACTIONS TO CONSUMMATE SALE**: The Trustee requests authority to take all necessary and reasonable actions to consummate the sale consistent with the Sales Contract including, without limitation, paying from the proceeds of sale the amounts owed on account of real estate taxes, other applicable taxes, commissions, liens, homeowner and condominium association fees, utility, credits and similar expenses and customary closing costs, correcting the

address or legal description of the Property, and making appropriate adjustments on the settlement sheet.

23. **TAX CONSEQUENCES TO ESTATE BY SALE**: None expected.

24. **ESTIMATED DISTRIBUTION**: The Trustee anticipates receiving approximately $75,000.00 in net sale proceeds following payment of the first deed of trust.

25. **WAIVER OF THE 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h)**: The Trustee requests that the Court waive the fourteen (14) day stay required by Federal Rule of Bankruptcy Procedure 6004(h) in order to expedite the closing on the sale of the Property.

## APPLICABLE AUTHORITY

A. **Sale is Authorized Pursuant to 11 U.S.C. § 363(b).**

26. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The proposed transaction represents the exercise of reasonable business judgment by the Trustee. *See In re Meredith*, 2005 WL 3763840 (Bankr. E.D. Va. 2005); *In re Delaware & Hudson Rwy. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Titusville County Club*, 128 B.R. 396 (Bankr. W.D. Pa. 1991).

27. In determining whether a sale satisfies this business judgment standard, courts require a showing that (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice of the sale has been given; (iii) the sale will yield an adequate price (*i.e.*, one that is fair and reasonable), and (iv) the parties to the sale have acted in good faith. *See, e.g., In re Tempo Tech.*

*Corp.*, 202 B.R. 363, 365 (D. Del. 1996); *Titusville Country Club*, 128 B.R. at 399.  The proposed sale of the Property satisfies this standard.

28. The Purchase Price for this Property is reasonable and reflects both the general real estate market and the particular circumstances relevant to the Property.

29. The Purchase Price for the Property is a result of negotiations between the Purchaser and the Trustee and represents the highest and best price the Trustee could obtain given the current market conditions, and the condition of the Property.  Moreover, because the sale remains subject to Court approval, the potential for higher and/or better offers remains.  The Trustee submits that the sale of the Property pursuant to the Sales Contract is in the best interests of the estate.

B. **Sale of Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests is Appropriate.**

30. Section 363(f) of the Bankruptcy Code provides, in part, that a trustee may sell property of the estate outside the ordinary course of business free and clear of any other entity's interest in such property if "such interest is in bona fide dispute." 11 U.S.C. § 363(f)(4).

31. The interests asserted in the Lis Pendens are in bona fide dispute and do not result in any claims against the Property.  Specifically, the Lis Pendens does not itself give rise to any claim of title superior to that of the Trustee.  Further, the litigation identified in the Lis Pendens has been dismissed.  Consistent with his powers under the Bankruptcy Code, including without limitation Section 544, the Trustee's rights in the Property are superior to any party that alleges an unrecorded trust in the Property.  Accordingly, this Court may sell free and clear of the interests set forth in the Lis Pendens and any other claims of Bala Jain.  Bala Jain is protected as any valid claims against the Property will transfer to the proceeds.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) granting the Motion; (ii) authorizing the sale of the Property pursuant to the terms and conditions of the Sales Contract free and clear of the Lis Pendens and any liens, claims and interests related thereto; (iii) authorizing the Trustee to reimburse RealMarkets at closing for the expenses referenced herein; (iv) authorizing the Trustee to take all necessary and reasonable actions to consummate the sale, including paying all sales costs from the proceeds of the sale of the Property at closing; and (v) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

H. JASON GOLD, TRUSTEE

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Tel: (202) 689-2800
Fax: (202) 689-2860
Email: dylan.trache@nelsonmullins.com


By:    /s/ Dylan G. Trache
       Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of May 2024, the foregoing Motion was served via first class mail, postage prepaid, to the parties in interest on the attached service list[2] and to:

>Office of the United States Trustee
>1725 Duke Street, Suite 650
>Alexandria, VA  22314

>/s/ Dylan G. Trache
>Dylan G. Trache

---

[2] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not being served on each of the parties, but is attached to the original Certificate of Service filed with the Court.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Chapter 7 Trustee*

4869-6414-6879