# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
| EAGLE PROPERTIES AND INVESTMENTS, LLC, | ) Bankruptcy Case<br>) No. 23-10566-KHK<br>) Chapter 7 |
| Debtor. | ) |
| | ) |

## CHAPTER 7 TRUSTEE'S MOTION TO AUTHORIZE PAYMENT OF DEPOSIT FUNDS TO GUS GOLDSMITH PURSUANT TO 11 U.S.C. § 363

H. Jason Gold, the chapter 7 trustee ("Trustee") for the above-captioned case, by his undersigned counsel, hereby files this motion to authorize the payment of $10,000 in deposit funds to Gus Goldsmith ("Motion") [1] stating to the Court as follows:

## BACKGROUND AND JURISDICTION

1. On April 6, 2023, Eagle Properties and Investments LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was filed (Docket No. 359). H. Jason Gold was appointed Chapter 7 Trustee.

3. On April 25, 2024, the Trustee filed a motion to sell the property commonly known as 1010 Lynn St., SW, Vienna, VA ("Lynn Property") to Ronald Navarro (Doc. No. 414).

---

[1] In accordance with Local Rule 9013-1(G)(1), the Trustee is combining his memorandum of points and authorities with this Motion.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Chapter 7 Trustee*

4. Also on April 25, 2024, the Trustee filed a motion to sell the property commonly known as 449 Lawyers Rd, NW, Vienna, VA ("Lawyers Property") (Doc. No. 415).

5. Gus Goldsmith holds a second priority security interest in both the Lynn Property and the Lawyers Property.

6. By Orders entered on May 23, 2024, the Court approved the sale of the Lynn Property and the Lawyers Property (Doc. Nos. 472, 473).

7. The sales of these properties were expected to generate proceeds sufficient to pay Gus Goldsmith in full, and Gus Goldsmith's consent to the sale orders was conditioned upon contemporaneous closing of both sales.

8. Ronald Navarro breached his contract to purchase the Lynn Property.

9. Following negotiations with Gus Goldsmith, and in order to obtain Mr. Goldsmiths consent and preserve the sale of the Lawyers property, the Trustee agreed: (i) accept the $10,000 earnest money deposit that Mr. Navarro had placed to secure the sale of the Lynn Property as liquidated damages and (ii) pay those funds to Mr. Goldsmith.

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered on August 15, 1984. Venue is proper pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

## RELIEF REQUESTED

11. The Trustee seeks authority to pay the $10,000.00 he received as damages with respect to the Lynn Property to Gus Goldsmith.

## APPLICABLE AUTHORITY

**A.     Payment of the $10,000 is Authorized Pursuant to 11 U.S.C. § 363(b).**

12.     Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

13.     The Trustee has agreed to pay Mr. Goldsmith the deposit funds in a reasonable exercise of his business judgment in order to preserve the sale of the Lawyers Property.

14.     As set forth in the Order approving the sale of the Lawyers Property, the at closing of that sale, the Trustee is to receive, for the benefit of the estate the sum of $25,500.00 representing his commission under Section 326 of the Bankruptcy Code plus $42,500.00 as additional consideration for the bankruptcy estate,

15.     It follows that payment of $10,000.00 to secure a separate payment to the bankruptcy estate of $68,000.00 is not only reasonable, but would be foolish to turn down.

16.     Further, while the Trustee does not believe that the deposit funds constitute the cash collateral of any lender, if they did, Mr. Goldsmith would likely be entitled to such funds because the first lien holder is clearly adequately protected by way of an equity cushion.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) granting the Motion; (ii) authorizing the Trustee to pay Gus Goldsmith the sum of $10,000 to be applied against his secured claim in the case and (iii) granting such other and further relief as the Court may deem just and proper.

> Respectfully submitted,
>
> H. JASON GOLD, TRUSTEE
>
> By Counsel

3

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Tel: (202) 689-2800
Fax: (202) 689-2860
Email: dylan.trache@nelsonmullins.com


By:     /s/ Dylan G. Trache
        Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June, 2024, the foregoing Motion was served via first class mail, postage prepaid, to the parties in interest on the attached service list[2] and to:

> Office of the United States Trustee
> 1725 Duke Street, Suite 650
> Alexandria, VA  22314


        /s/ Dylan G. Trache
        Dylan G. Trache

---

[2] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not being served on each of the parties, but is attached to the original Certificate of Service filed with the Court.

4863-0903-8025