**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| In re: ) | |
| ) | |
| EAGLE PROPERTIES AND ) | Bankruptcy Case |
| INVESTMENTS, LLC, ) | No. 23-10566-KHK |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE SALE OF
249 BERKSTONE DRIVE, HARRISBURG, PA FREE AND CLEAR OF
LIS PENDENS AND JUDGMENT PURSUANT TO 11 U.S.C. §§ 363(f) AND (II)
APPROVE SETTLEMENT OF CLAIMS OF WEST HANOVER TOWNSHIP,
PENNSYLVANIA RELATED TO SHORT-TERM RENTALS**

H. Jason Gold, the chapter 7 trustee ("Trustee") for the above-captioned case, by his undersigned counsel, hereby files this motion (i) to approve the sale of the property ("Motion")[1] commonly known as 249 Berkstone Drive, Harrisburg, Pennsylvania ("Property") to Scott A. and Donna Corbin ("Buyer") free and clear of the Lis Pendens (hereafter defined) and the Judgment (pursuant to 11 U.S.C. §§ 363(f), in accordance with the sale contract ("Sales Contract") attached hereto as **Exhibit A** and (ii) to approve a settlement and compromise with West Hanover Township, Pennsylvania related to short-term rentals, stating to the Court as follows:

---

[1] In accordance with Local Rule 9013-1(G)(1), the Trustee is combining his memorandum of points and authorities with this Motion.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Chapter 7 Trustee*

**BACKGROUND AND JURISDICTION**

1. On April 6, 2023, Eagle Properties and Investments LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was filed (Docket No. 359). H. Jason Gold was appointed Chapter 7 Trustee.

3. By Order entered on April 5, 2024 (Doc. No. 381) the Trustee was authorized to employ Stephen Karbelk as agent and Century 21 New Millennium as broker in connection with the marketing and sale of the Property.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered on August 15, 1984. Venue is proper pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

5. Prior to the Petition Date, the Debtor bought and renovated four homes in West Hanover Township, Pennsylvania ("the Township") (including the Property) that were allegedly used as short-term rentals in violation of local zoning ordinances. The Township commenced litigation against the Debtor and its principals to stop the short-term rentals and to impose fines of $500 per day per property for the violations. The Debtor failed to respond to the lawsuit and default was entered. Counsel for the Debtor and subsequently, counsel for the Trustee have engaged in negotiations with Township and have reached a resolution of its claims against the estate as set forth herein.

**RELIEF REQUESTED (SALE)**

6. Subject to Court approval, the Trustee has accepted an offer from Buyer to purchase

2

the Property for $300,000.00, as set forth in the Sales Contract and related documents attached as Exhibit A hereto.

7. On or about December 14, 2022, Bala Jain, LLC filed a Praecipe to Index Action as Lis Pendens against the Property, which is attached hereto as **Exhibit B**. The Trustee requests that the Court approve the sale of the Property pursuant to the terms and conditions of the Sales Contract, free and clear of any liens, claims and interests, including without limitation, those interests set forth in or related to the Lis Pendens, with any such liens, claims and interests attaching to the proceeds of sale.

8. The Trustee requests that the Court approve the sale of the Property pursuant to the terms and conditions of the Sales Contract.

9. **PROPERTY FOR SALE**: The estate's entire interest in the Property.

10. **LEGAL DESCRIPTION OF PROPERTY BEING SOLD**:

   All that certain parcel or lot of ground situate in West Hanover Township, Dauphin County, Pennsylvania, Bounded and described as follows to wit: Beginning at a point on the West Right-of-Way line of Berkstone Drive, said point being the Northeast Corner of Lot No. 10 on the hereinafter mentioned Plan of Lots, thence along the North side of said Lot No. 10, South Eighty-Eight Degrees Eight Minutes Twenty-Three Seconds West (S 88 Degrees 08'23" W), One Hundred Sixty-seven (167) Feet to a point; thence along land now or late of John Hinkle and William J. harper, Jr., North One Degree Fifty-One Minutes Thirty-Seven Seconds West (N 01 Degrees 51' 37" W), One Hundred Thirty (130) Feet to a point; Thence along the South side of Lot No. 12 on the hereinafter mentioned Plan of Lots North Eighty-Eight Degrees Eight Minutes Twenty-Three Seconds East (N 88 Degrees 08' 23" E), One Hundred Sixty-Seven (167) feet to a point on the West Right-of-Way line of the aforementioned Berkstone Drive; Thence along said Right-of-Way line, South One Degree Fifty-One Minutes Thirty-Seven Seconds East (S 01 Degrees 51' 37" E), One Hundred Thirty (130) Feet to a point, the place of beginning, being Lot 11 on a Plan of Lots for Manada Heights Development recorded in Dauphin County Plan Book X, Volume 2, Page 6.

   Parcel Identification Number: 68-024-182-000-0000

11. **INTEREST BEING SOLD**: A fee simple interest in the Property.

12. **TYPE OF SALE**: The sale is a private sale. A deposit in the amount of $5,000 is being held in escrow.

13. **SALE PRICE**: $300,000.00 ("Purchase Price").

14. **APPRAISAL VALUE**: The Trustee has not obtained an appraisal of the Property, but has been advised as to its value by his agent.

15. **PURCHASER**: The Purchaser is purchasing the Property in good faith.

16. **CONTINGENCIES**: Court approval.

17. **TIME AND PLACE OF SETTLEMENT**: Settlement shall take place after entry of a Bankruptcy Court Order approving the sale of the Property pursuant to the terms of the Sales Contract. The Sales Contract provides for closing within twenty (20) days of such approval.

18. **REALTOR**: The Trustee has employed Century 21 New Millennium as broker. Buyer has employed Keller Williams Realty as co-operating broker.

19. **COMPENSATION TO REALTORS**: The Trustee's broker will receive a three percent (3.0%) commission at closing. Buyer's broker will receive a two and one half percent (2.5%) commission at closing.

20. **LIENS AND INTERESTS SUBJECT TO SALE**:

    a. Deed of Trust Dated October 20, 2021 in favor of Bank of Clarke County filed in the Land Records of Dauphin County, Pennsylvania as Instrument Number 20210037136 – to be paid in full at closing.

    b. Praecipe to Index Action as Lis Pendens filed by Bala Jain, LLC in the Land Records of Dauphin County, Pennsylvania as Instrument Number 20220035866. *See* Exhibit B. Property to be sold free and clear of the Lis Pendens.

    c. Default Judgment arising out of Case No. 2023-cv-2753, West Hanover Township v. Eagle Properties and Investments, LLC ("Judgment"). Property to be sold free and clear of the Judgment.

21. **REIMBURSEMENTS AND EXPENSES**: The Trustee requests authority to reimburse RealMarkets at closing in an aggregate amount not to exceed $1,000.00 for any utility and property preservation or maintenance expenses or closing costs, title search fees, or to remedy any homeowner's association violation(s), if necessary.

22. **DEBTORS' EXEMPTIONS**: N/A.

23. **ACTIONS TO CONSUMMATE SALE**: The Trustee requests authority to take all necessary and reasonable actions to consummate the sale consistent with the Sales Contract including, without limitation, paying from the proceeds of sale the amounts owed on account of real estate taxes, other applicable taxes, commissions, liens, homeowner and condominium association fees, utility, credits and similar expenses and customary closing costs, correcting the address or legal description of the Property, to escrow the required funds needed to satisfy payment of the final water and sewer bills, and making appropriate adjustments on the settlement sheet.

24. **TAX CONSEQUENCES TO ESTATE BY SALE**: None expected.

25. **ESTIMATED DISTRIBUTION**: The Trustee anticipates receiving approximately $50,000.00 in net sale proceeds.

26. **WAIVER OF THE 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h)**: The Trustee requests that the Court waive the fourteen (14) day stay required by Federal Rule of Bankruptcy Procedure 6004(h) in order to expedite the closing on the sale of the Property.

**RELIEF REQUESTED (SETTLEMENT)**

27. The Trustee and West Hannover Township have negotiated a settlement of the claims arising out of Case Nos. 2023-cv-2753, 2023-CV-2752 and 2023-cv-2754 (each styled West Hanover Township v. Eagle Properties and Investments, LLC) and the Debtor's other alleged violations of local laws. The terms (the "Settlement") are as follows:

   a. The Trustee had each of the properties located in West Hanover Township inspected, resulting in a report dated May 30, 2024. Buyers of the properties will have until one hundred and eighty (180) days following closing to cure all unpermitted work violations and West Hanover Township has the right to re-inspect the properties.

   b. Buyers will be informed of the prohibition on short term rentals in West Hanover Township.

   c. The Trustee will pay the sum of $8,000.00 in full and complete settlement of the monetary claims of West Hanover Township related to the alleged violations. The Trustee intends to pay this amount at closing.

   d. The Trustee will not violate the prohibition on short term rentals while in possession of the properties or rent to anyone under twenty-one (21) years of age.

**APPLICABLE AUTHORITY**

**A.    Sale is Authorized Pursuant to 11 U.S.C. § 363(b).**

28. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The proposed transaction represents the exercise of reasonable business judgment by the Trustee. *See In re Meredith*, 2005 WL 3763840 (Bankr. E.D. Va. 2005);

*In re Delaware & Hudson Rwy. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Titusville County Club*, 128 B.R. 396 (Bankr. W.D. Pa. 1991).

29.     In determining whether a sale satisfies this business judgment standard, courts require a showing that (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice of the sale has been given; (iii) the sale will yield an adequate price (*i.e.*, one that is fair and reasonable), and (iv) the parties to the sale have acted in good faith. *See, e.g., In re Tempo Tech. Corp.*, 202 B.R. 363, 365 (D. Del. 1996); *Titusville Country Club*, 128 B.R. at 399. The proposed sale of the Property satisfies this standard.

30.     The Purchase Price for this Property is reasonable and reflects both the general real estate market and the particular circumstances relevant to the Property.

31.     The Purchase Price for the Property is a result of negotiations between the Purchaser and the Trustee and represents the highest and best price the Trustee could obtain given the current market conditions, and the condition of the Property. Moreover, because the sale remains subject to Court approval, the potential for higher and/or better offers remains. The Trustee submits that the sale of the Property pursuant to the Sales Contract is in the best interests of the estate.

**B.      Sale of Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests is Appropriate.**

32.     Section 363(f) of the Bankruptcy Code provides, in part, that a trustee may sell property of the estate outside the ordinary course of business free and clear of any other entity's interest in such property if "such interest is in bona fide dispute." 11 U.S.C. § 363(f)(4).

33.     The interests asserted in the Lis Pendens are in bona fide dispute and do not result in any claims against the Property. Specifically, the Lis Pendens does not itself give rise to any

7

claim of title superior to that of the Trustee. Further, the action identified in the Lis Pendens has been dismissed. Consistent with his powers under the Bankruptcy Code, including without limitation Section 544, the Trustee's rights in the Property are superior to any party that alleges an unrecorded trust in the Property. Accordingly, this Court may sell free and clear of the interests set forth in the Lis Pendens and any other claims of Bala Jain, LLC. Bala Jain, LLC is protected as any valid claims against the Property will transfer to the proceeds.

34. As set forth herein, the claims related to the Judgment are being settled.

**C.     Settlement of Claims of West Hanover Township.**

35. This Court may authorize parties to settle disputes in accordance with Bankruptcy Rule 9019, which provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a); *see also In re Alpha Natural Resources, Inc.*, 544 B.R. 848, 856-57 (Bankr. E.D. Va. 2016). As a general rule, the law favors settlement agreements between parties. *See In re Frye*, 216 B.R. 166, 172 (Bankr. E.D. Va. 1997) (*citing Richardson v. Richardson*, 10 Va. App. 391, 399 (1990)); *Marandas v. Bishop (In re Sassalos)*, 160 B.R. 646, 653 (D. Or. 1993) (finding that compromises are generally favored in bankruptcy). In order to approve a settlement, the court must look at various factors to determine whether the settlement is in the best interest of the estate and whether it is fair and equitable. *See In re Frye*, 216 B.R. at 174; *accord In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995); *see also St. Paul Fire & Marine Ins. Co. v. Vaughn (In re Vaughn)*, 779 F.2d 1003, 1010 (4th Cir. 1985) (approving settlement where it was "in the best interests of the estate as a whole").

36. A court should approve a settlement unless the settlement falls "below the lowest point in the range of reasonableness." *Austin*, 186 B.R. at 400 (citations omitted). A settlement

may be approved even if the court finds it likely that the trustee or debtor would ultimately succeed in the litigation. *Id.* In determining whether a proposed settlement is in the best interest of the estate, the Bankruptcy Court is not to substitute its judgment for that of the movant, nor is it the Court's responsibility to decide the numerous questions of law and fact, but "rather to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness . . . .'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983)(citation omitted); *see also In re Tennol Energy Co.,* 127 B.R. 820 (Bankr. E.D. Tenn. 1991).

37. The Settlement is in the best interests of the estate and its creditors and should be approved pursuant to Bankruptcy Rule 9019. The Settlement ensures that the Trustee will be able to market and sell the Property and market the other properties in West Hanover Township with certainty regarding the claims of the Township. The Settlement also reduces the claims of West Hanover Township to a reasonable amount and eliminates the cost and uncertainty of litigating those amounts.

38. The Trustee believes that the Settlement falls well within the range of reasonableness and should be approved.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) granting the Motion; (ii) authorizing the sale of the Property pursuant to the terms and conditions of the Sales Contract free and clear of the Lis Pendens, and the Judgement and any liens, claims and interests related thereto; (iii) authorizing the Trustee to reimburse RealMarkets at closing for the expenses referenced herein; (iv) authorizing the Trustee to take all necessary and reasonable actions to consummate the sale, including paying all sales costs from the proceeds of the sale of the Property at closing; (v) approving the Settlement with West Hanover Township and authorizing

the payment of $8,000.00 at closing and (vi) granting such other and further relief as the Court may deem just and proper.

        Respectfully submitted,

        H. JASON GOLD, TRUSTEE

        By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Tel: (202) 689-2800
Fax: (202) 689-2860
Email: dylan.trache@nelsonmullins.com

By:   /s/ Dylan G. Trache
       Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of July 2024, the foregoing Motion was served via first class mail, postage prepaid, to the parties in interest on the attached service list[2] and to:

    Office of the United States Trustee
    1725 Duke Street, Suite 650
    Alexandria, VA 22314

    Elizabeth L. Kramer
    Salzmann Hughes, P.C.
    1801 Market Street, Suite 300
    Camp Hill, PA 17011

        /s/ Dylan G. Trache
        Dylan G. Trache

---

[2] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not being served on each of the parties, but is attached to the original Certificate of Service filed with the Court.