| | |
|---|---|
| Loan Amount: $260,000.00 | PREPARED BY: |
| Tax ID# Parcel One: 0381-06-0097 | George J. Shapiro VSB#18927 |
| Property Address: 449 Lawyers Road NW | 1464 Ingleside Drive |
| Vienna, VA 22180 | McLean, VA 22101 |
| Tax ID# Parcel Two: 0482-03-2055 | File No. 21-1813 |
| Property Address: 1010 Lynn Street SW | |
| Vienna, VA 22180 | |

## DEED OF TRUST

**THIS DEED OF TRUST** ("Security Instrument") is made this 7TH **DAY OF JANUARY 2022** among the grantor, **EAGLE PROPERTIES AND INVESTMENTS LLC**, a Virginia limited liability company ("the Grantor") having the address of 445 Windover Avenue, Vienna, Virginia 22180. The trustee is **GEORGE J. SHAPIRO, TRUSTEE** ("the Trustee"), having the address of 1464 Ingleside Avenue, McLean, Virginia 22101. The Beneficiary/Noteholder is **GUS GOLDSMITH**, his successors and/or assigns ("the Lender" or "the Noteholder") having a mailing address of 18205 Biscayne Boulevard, Suite 2226, Aventura, Florida 33160. This Security Instrument secures to the Noteholder: (a) the repayment of the debt evidenced by the Commercial Deed of Trust Note of even date ("the Note") with interest thereon and all renewals, extensions, modifications; (b) the payment of all other sums, with interest, advanced by Noteholder to protect the security of this Security Instrument; and (c) the performance of the Grantor's covenants and agreements. For this purpose, the Grantor irrevocably grants and conveys, with special warranty of title, to the Trustee, in trust, with power of sale, all those certain lots or parcels of land situated, lying and being in the County of Fairfax, commonly known as **449 LAWYERS ROAD NW, VIENNA, VIRGINIA** and **1010 LYNN STREET SW, VIENNA, VIRGINIA 2218** (collectively "the Property"), and more particularly described as follows:

<u>As to Parcel One:</u>

Lot Ninety-Seven (97) and part of Lot Ninety-Six (96), Section Two (2), VIENNA HILLS, and a Resubdivision of Out Lot of a Resubdivision of Lots 10, 11, 12, and Out Lot of Section One, Vienna Hills, Town of Vienna, Fairfax County, Virginia, as the same appears duly dedicated, platted, and recorded in Deed Book 1235 at Page 357, among the Fairfax County, Virginia, Land Records: the description of the portion of Lot 96 hereby conveyed being described as follows:

1

BEGINNING at a point on the Southeasterly line of Upham Place, a corner to Lots 96 and 97, Section 2, VIENNA HILLS, thence with the said line of Upham Place, N. 33 degrees 38' 57" E. 10.00 feet to a point; thence through the said Lot 96, S. 54 degrees 14' 23"" E. 103.75 feet to a point in the line of Lot 66; thence with Lot 97, N. 54 degrees 14' 23" W/ 103.38 feet to the point of beginning, containing 1,036 square feet, lying and being in the County of Fairfax, Virginia.

The improvements thereon commonly known as 449 Lawyers Road, NW, Vienna, VA 22180.

### As to Parcel Two:

All of Lot Two Thousand Fifty-Five (2055), Section Ten (10), VIENNA WOODS, as the same appears duly dedicated, platted, and recorded in Deed Book 1741 at Page 322 of the Land Records of Fairfax County, Virginia.

Less and Except that portion of said lot conveyed to the Town of Vienna in Deed Book 1801 at Page 594 of the aforesaid county land records.

The improvements thereon commonly known as 1010 Lynn Street, SW, Vienna, VA 22180.

For all purposes herein, the terms, "Grantor," "Grantee," "Trustee," "Noteholder" and "Beneficiary" and their modifiers shall be construed to include the plural of said terms where applicable under this instrument.

TOGETHER with all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances, rents (subject, however, to the rights and authorities given herein to Noteholder to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the Property, all of which including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by this Deed of Trust; and all of the foregoing, together with said Property, are herein referred to as the "Property".

TO SECURE to Noteholder the repayment of the indebtedness evidenced by that Commercial Deed of Trust Note of even date herewith, ("the Note"), in the principal sum of **TWO HUNDRED SIXTY THOUSAND AND NO/100 DOLLARS ($260,000.00)**, with the balance of the indebtedness including accrued interest, if not sooner paid, due and payable **FEBRUARY 1, 2023**. The payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Grantor herein contained.

Grantor covenants that Grantor is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, and that Grantor will warrant and defend specially the title to the Property against all claims and demands, subject to any declarations, easements, or restrictions of record. This Deed of Trust incorporates by reference the terms and provisions of the Commercial Deed of Trust Note made by Grantor on this date securing Noteholder in the amount of **TWO HUNDRED SIXTY THOUSAND AND NO/100 DOLLARS ($260,000.00)**.

**THE GRANTOR CERTIFIES THAT THE LOAN SECURED HEREBY IS TRANSACTED SOLELY FOR THE PURPOSE OF CARRYING ON OR ACQUIRING A BUSINESS OR COMMERCIAL INVESTMENT, AND IS NOT FOR PERSONAL FAMILIY OR HOUSEHOLD PURPOSES, WITHIN THE MEANING OF APPLICABLE LAW. THE GRANTOR HEREBY REPRESENTS AND CERTIFIES TO THE LENDER THAT THE GRANTOR DOES NOT INTEND TO OCCUPY THE PROPERTY AS A RESIDENCE.**

Grantor and Noteholder covenant and agree as follows:

1. Payment of Principal and Interest: Grantor shall be responsible for the prompt payment when due of all the Principal and Interest in the indebtedness evidenced by the Note and prepayment and late charges as provided in the Note.

2. Application of Payments: Unless applicable law provides otherwise, all payments received by Noteholder shall be applied by Noteholder first to repay disbursements under Paragraph 6, then to Interest payable on the Note, and then to the Principal of the Note.

3. Prior Mortgages and Deeds of Trust; Charges; Liens: Grantor shall perform all of Grantor's obligations under any Mortgage, Deed of Trust or other security agreement with a lien which has priority over this Deed of Trust, including Grantor's covenants to make payments when due. Grantor shall pay or cause to be paid all taxes, assessments and other charges, fines, and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

4. Hazard Insurance: Grantor shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Noteholder may require and in such amounts and for such periods as Noteholder may require. The insurance carrier providing the insurance shall be chosen by Grantor subject to approval by Noteholder; provided that such approval should not be unreasonably withheld. All insurance policies and renewals thereof shall be in form acceptable to Noteholder and shall include a standard mortgage clause in favor of and in form acceptable to Noteholder. Noteholder shall have the right to hold the policies and renewals thereof, and Grantor shall promptly furnish to Noteholder all renewal notices and all receipts of paid premiums. In the event of loss, Grantor shall give prompt notice to the insurance carrier and Noteholder. Noteholder may make proof of loss if not made promptly by Grantor.

   The insurance proceeds shall be applied to restoration or repair of the Property damaged. If such restoration or repair is not economically feasible or if the security of this Deed of Trust would be impaired, at the sole discretion of the Noteholder, the insurance proceeds shall be applied to the sums secured by this Deed of Trust, with the excess, if any, paid to Grantor.

5. Preservation and Maintenance of Property; Condominiums; Planned Unit Developments: Grantor shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property. If this Deed of Trust is on a unit in a condominium or a planned unit development, Grantor shall perform all of Grantor's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

6. Protection of Noteholder's Security: If Grantor fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Noteholder's interest in the Property, including, but not limited to, eminent domain, foreclosure under a prior Deed of Trust, insolvency, code enforcement, or arrangements or proceedings involving a Bankrupt or Decedent, then Noteholder at Noteholder's option, upon notice to Grantor, may make such appearances, disburse such sums and take such action as is necessary to protect Noteholder's interest, including, but not limited to, disbursement of Attorney's Fees, and entry upon the Property to make repairs. Any amount disbursed by Noteholder pursuant to this Paragraph 6, with Interest thereon, shall become additional indebtedness of Grantor secured by this Deed of Trust. Unless Noteholder agrees to other terms of payment, such amount shall be payable to Noteholder upon notice to Grantor requesting payment thereof, and shall bear Interest from the date of disbursement at the rate payable from time to time on outstanding Principal under the Note unless payment of Interest at such rate would be contrary to applicable law, in which event such amount shall bear Interest at the highest rate permissible under applicable law. Nothing contained in this Paragraph 6 shall require Noteholder to incur any expense or take any action hereunder.

7. Inspection: Noteholder and/or its authorized agent shall, upon reasonable notice to Grantor, have access to the Property for the purpose of inspecting the condition and use thereof.

8. Condemnation: The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Noteholder; subject to the terms of any Mortgage, Deed of Trust or other security agreement which has a priority over this Deed of Trust.

9. Grantor Not Released: Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Noteholder to any successor in interest of Grantor shall not operate to release, in any manner, the liability of the original Grantor and Grantor's successors in interest. Noteholder shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of sums secured by this Deed of Trust by reason of any demand made by the original Grantor and Grantor's successors in interest.

10. Forbearance by Noteholder- Not a Waiver: Any forbearance by Noteholder in exercising any right or remedy hereunder under the Note, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. Remedies Cumulative: All remedies provided in this Deed of Trust are distinct and cumulative to any other right or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently, or successively.

12. Successors and Assigns Bound; Joint and Several Liability; Captions: The covenants and agreements herein contained shall bind, and rights hereunder shall inure to, the respective successors and assigns of Noteholder and Grantor, subject to the provisions of Paragraph 16 hereof. All covenants and agreements of Grantor shall be joint and several. The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpreter define the provisions hereof.

13. <u>Notice:</u> Except for any notice required under applicable law to be given in another manner, (a) any notice to Grantor provided for in this Deed of Trust shall be given by mailing such notice by Certified Mail, Return Receipt Requested, postage prepaid, addressed to Grantor at Grantor's designated address, and (b) any notice to Noteholder shall be given by Certified Mail, Return Receipt Requested, postage prepaid, to Noteholder's designated address. Any notice provided for in this Deed of Trust shall have been deemed given to Grantor or Noteholder when mailed and not when received. Current address is address for all legal notices. Noteholder will be given notice of any and all new addresses and telephone numbers as they occur in writing at the above address, return receipt requested, within ten (10) days after they occur at the above address.

14. <u>Governing Law; Severability:</u> This Deed of Trust shall be governed by the law of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust and the Note are declared to be severable.

15. <u>Grantor's Copy:</u> Grantor acknowledges receipt of a copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

16. <u>Transfer of the Property; Assumption:</u> If all or any part of the Property or an interest therein is sold, transferred (transfer to include but not be limited to any lease containing a purchase option, lease for more than three (3) years, land installment contract or contract for Deed) or further encumbered by Grantor without Noteholder's prior written consent, Noteholder may, at Noteholder's option, declare all the sums secured by this Deed of Trust immediately due and payable. If Noteholder exercises such option to accelerate, Noteholder shall mail Grantor notice of acceleration in accordance with Paragraph 13 hereof. Such notice shall provide a period of not less than Ten (10) days from the date the notice is mailed within which Grantor may pay the sums declared due. If Grantor fails to pay such sums prior to the expiration of such period, Noteholder may, without further notice or demand on Grantor, invoke any remedies permitted by Paragraph 17 hereof.

17. <u>Acceleration; Remedies:</u> Upon Grantor's breach of any covenant or agreement of Grantor in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Noteholder shall mail notice to Grantor as provided in Paragraph 13 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than Ten (10) days from the date the notice is mailed to Grantor, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice will result in acceleration of the sums secured by this Deed of Trust and sale of the Property. If the breach is not cured on or before the date specified in the notice, all of the sums secured by this Deed of Trust are immediately due and payable without further demand, and Noteholder may invoke the power of sale and any other remedies permitted by applicable law. Noteholder shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this Paragraph 17, including, but not limited to, Noteholder's Attorneys' Fees. If Noteholder invokes the power of sale, Noteholder shall mail or cause Trustee to mail written notice of sale to Grantor in the manner prescribed by applicable law.

Trustee shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Trustee shall sell the Property at Public Auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such

5

order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Noteholder, or Noteholder's designee, may purchase the Property at any sale.

Trustee shall deliver to the purchaser a Trustee's Deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's Deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all costs and expenses of the sale, including, but not limited to, Trustee's Commission of Five Percent (5%) of the gross sale price, reasonable Attorneys' Fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

In the event the Property is advertised for sale and redeemed by Grantor prior to sale, Grantor shall pay, in addition to all sums secured by this Deed of Trust, costs and expenses of sale, including, but not limited to, the Auctioneer's Fee and the Attorneys' Fees.

18. Incorporation: This Deed of Trust incorporates herein by reference all the terms, conditions and obligations of the Note of even date as if they were fully set forth herein and any default under the Note shall be a default under this Deed of Trust and that to the extent that anything in this instrument contradicts the terms and conditions of the Note, the terms of the Note shall control. The Grantor shall be personally liable for the repayment of the indebtedness in accordance with the terms and conditions of the Note of even date herewith.

19. Assignment of Rents; Appointment of Receiver: As additional security hereunder, Grantor hereby assigns to Noteholder the rents of the Property, provided that Grantor shall, prior to acceleration under Paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable. Upon acceleration under Paragraph 17 hereof or abandonment of the Property, Noteholder shall be entitled to appoint a receiver ("the Receiver") to enter upon, take possession of and manage the Property and to collect the rents of the Property, including those past due. All rents collected by the Receiver shall be applied first to payment of the costs of management of the Property and collection of rents including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. The tenant(s) or other occupant(s) may rely upon a written notice of assignment from the Noteholder and, upon payment of the rent to the Receiver, shall be relieved of his/her/their/its obligation to the Grantor. The Receiver shall be liable to account only for those rents actually received.

20. Adequate Assurance of Future Performance: In the event Grantor becomes a Debtor or Bankrupt in a case pending under the Bankruptcy Code, Noteholder's right to accelerate the obligation secured hereby shall be subject to the rights of the Trustee in Bankruptcy or Debtor in Possession to assume the obligation secured hereby.

The Trustee or Debtor in Possession shall not have the right to assume the obligation secured hereby or the Deed of Trust unless the Trustee or Debtor in Possession (a) promptly upon demand cures all defaults, (b) promptly upon demand compensates Noteholder for monetary damages incurred as a result of such default, and (c) provides adequate assurance of future performance. Adequate assurance of future performance, as used above, shall mean that the following criteria must be complied with promptly upon demand: The Trustee or Debtor in Possession agrees that the use of the Property shall remain unchanged; and that a Bond be posted with the Bankruptcy Court in an

6

amount equal to no less than that amount of Principal and Interest required to be paid to Noteholder under the obligation secured hereby during the period commencing upon the filing of the Bankruptcy Petition and ending one year thereafter. In the event Grantor, Debtor in Possession or Trustee in Bankruptcy are unable to cure its defaults, reimburse Noteholder for monetary damages, pay the obligation secured hereby when due, or meet the criteria and obligations of adequate assurance of future performance stipulated above, this Deed of Trust and the obligation it secures may be accelerated. "Promptly upon demand," as used herein, shall mean within Thirty (30) days after demand.

21. Release: Upon payment of all sums secured by this Deed of Trust, Noteholder or Trustee shall release this Deed of Trust to Grantor. Borrower shall pay all costs of recordation and reasonable Trustee's fees.

22. Substitute Trustee: Any Trustee may act. Substitution of trustees permitted without cause notice or reason. Each trustee acting hereunder shall be paid a fee of Fifty Dollars ($50.00) for each document that he is required to execute under the terms of the Deed of Trust. Exemptions Waived.

23. Senior Liens. Grantor warrants that any existing liens in a senior or superior position to this Security Agreement are current and in good standing.

24. Junior Liens. No subordinate financing is permitted without the prior written consent of the Noteholder herein.

25. Permits. In Event of Default, Grantor hereby assigns all building/construction permits and plans to the Noteholder.

26. No right to refinance. There is no right to refinance the loan secured by the Security Agreement. At the maturity date of the Note and Security Instrument ("the Maturity Date"), the entire loan balance, all principal and accrued interest, shall be fully due and payable. The Lender is under no obligation to refinance the loan for the Grantor/Borrower before, on, or after the Maturity Date.

**NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

**NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IF SUBORDINATE FINANCING IS PLACED AGAINST THE PROPERTY WITHOUT THE PRIOR WRITTEN CONSENT OF THE LENDER.**

**NOTICE: BY SIGNING THIS DEED OF TRUST GRANTOR EXPRESSLY CERTIFIES TO NOTEHOLDER THAT THE PROCEEDS OF THE LOAN SECURED HEREBY WILL BE USED SOLELY FOR BUSINESS PURPOSES AND NOT FOR PERSONAL, FAMILY OR HOUSHOLD PURPOSES.**

7

WITNESS THE FOLLOWING SIGNATURE AND SEAL:

**GRANTOR:**

**EAGLE PROPERTIES AND INVESTMENTS LLC,**
a Virginia limited liability company

By: _____ (SEAL)
     **MONIKA JAIN**, sole member

STATE/COMMONWEALTH OF Virginia ;
CITY/COUNTY OF Fairfax ; to-wit:

I, Naomi John , a Notary Public in and for the said City/County and State/Commonwealth aforesaid, do hereby certify that **MONIKA JAIN**, whose name is signed to the foregoing Deed of Trust as sole member of **EAGLE PROPERTIES AND INVESTMENTS LLC**, acknowledged the same before me in my City/County and State/Commonwealth this 7th DAY OF **JANUARY 2022**.

_____
NOTARY PUBLIC

My commission expires: 01/31/2022
My Registration Number: 7765850

[Notary Seal: NAOMI JOHN, NOTARY PUBLIC, REG. #7765850, MY COMMISSION EXPIRES 01/31/2022, COMMONWEALTH OF VIRGINIA]

**AFTER RECORDING RETURN TO:**
Vincent Place Title & Escrow, LLC
1464 Ingleside Avenue
McLean, VA 22101

8

01/10/2022
RECORDED FAIRFAX CO VA
TESTE: _____ J. _____
         CLERK