## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
| EAGLE PROPERTIES AND | ) Bankruptcy Case |
| INVESTMENTS, LLC, | ) No. 23-10566-KHK |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |

**FIRST INTERIM APPLICATION OF NELSON MULLINS RILEY & SCARBOROUGH LLP, COUNSEL TO TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

NELSON MULLINS RILEY & SCARBOROUGH LLP ("Nelson Mullins"), hereby makes this application (the "Application") for allowance of legal fees and costs incurred by Nelson Mullins from March 21, 2024 through June 30, 2024 (the "Billing Period") in the amount of $109,768.01 for services rendered as counsel for H. Jason Gold, Chapter 7 Trustee ("Trustee"). In support of the Application, Nelson Mullins states as follows:

## I.      BACKGROUND

1.      On April 6, 2023, Eagle Properties and Investments LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2.      On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was filed (Docket No. 359). H. Jason Gold was appointed Chapter 7 Trustee.

3.      On April 2, 2024 this Court entered an Order Authorizing Employment of Nelson Mullins Riley & Scarborough as Counsel to the Chapter 7 Trustee (Docket No. 373).

4.      Attached to this application as Exhibit "A" are Nelson Mullins' detailed time records from March 21, 2024 through June 30, 2024.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Trustee*

## II.    SUMMARY OF ADMINISTRATION TO DATE

The assets of the estate at the time of the Trustee's appointment included twenty-five parcels of real property.  Upon his appointment, the Trustee immediately engaged Auction Markets, LLC DBA RealMarkets as Asset Manager and real estate agent for the marketing and sale of the property and obtained authority to operate the Debtor's business.  In addition, the Trustee engaged with the primary secured creditors in order to negotiate the use of cash collateral and agreed carve-outs from the sale of properties that would guarantee that the estate would benefit from sales even in circumstances where the liens exceeded the value of the properties.  With the assistance of his professionals, the Trustee engaged on a comprehensive market strategy and process.  As of July 5, 2024, the Trustee had sold and closed on several properties owned by the Debtor as follows:

| Property | Sale Price |
|---|---|
| 445 Windover Ave, NW, Vienna, VA | $865,000.00 |
| 1630 East Chocolate Avenue, Hershey, PA | $265,000.00 |
| 71 Lucy Avenue, Hummelstown, PA | $205,000.00 |
| 1203 Cottage Street, SW, Vienna, VA | $900,000.00 |
| 449 Lawyers Rd, NW, Vienna, VA | $850,000.00 |
| 7939 Riders Lane, Hummelstown, PA | $340,000.00 |

In addition, there are several sales approved by the Court but not yet closed, and sales awaiting Court approval.  Several additional properties are currently being marketed for sale. As such, the preparation and filing of a final report is pre-mature.  As of July 5, 2024, the Trustee was holding $595,416.44 in cash.

The Trustee anticipates completing the marketing, sale and other disposition of the properties.  Once this process is concluded or nearly concluded, the Trustee intends to shift his focus to other possible assets including litigation claims.  As of this Application, no unpaid Chapter 7 Administrative claims are unpaid other than those set forth in this Application and

those being filed contemporaneously herewith.  At this time, the Trustee does not have an estimate as to when this case will close.  It is not feasible to make an interim distribution to creditors at this time due to, among other things, pending Chapter 11 administrative expense claims, the constructive trust claim of Bala Jain LLC and the possibility that certain claims will be amended upon the sale of properties.

### III.   PROFESSIONAL SERVICES RENDERED DURING BILLING PERIOD

#### A.   Description of Services Rendered.

The Trustee required the legal services of Nelson Mullins to advise him with respect to the legal issues arising in this case, to represent him in litigation and motions practice before the Court.  Upon the conversion of the case, Nelson Mullins and the Trustee immediately dove into the various facts, circumstances and contested issues in this case.  Nelson Mullins and the Trustee met with the key constituents and reviewed voluminous documents.

At the time of the Trustee's appointment, the Debtor owned twenty five properties located across several states, including Virginia, Pennsylvania and Maryland.  Nelson Mullins has assisted the Trustee with numerous motions relating to these properties, including motions to authorize the Trustee to operate the Debtor's business, motions to sell eleven of the properties and motions to authorize the use of cash collateral of and carve outs for Fulton Bank, N.A. and Bala Jain LLC.  During the Billing Period six sales closed.  In addition, Nelson Mullins communicated with the Trustee's asset manager, counsel to secured lenders and other parties regarding the sales and the operation of the Debtor's business.

The Debtor is a party to an adversary proceeding captioned Eagle Properties and Investments, LLC v. Bala Jain LLC *et al*, A.P. No. 23-1067-KHK.  Nelson Mullins reviewed the allegations in the complaint and advised the trustee regarding the same and motions to dismiss the complaint which were then pending.  The Trustee with the assistance of Nelson Mullins

resolved the issues with the exception of Bala Jain's claim to a constructive trust over certain properties.

Further, Nelson Mullins has communicated the Trustee's broker and with counsel to secured lenders for these properties to finalize the orders authorizing the property sales. Several of the Pennsylvania properties were subject to a default judgment by West Hanover Township. Nelson Mullins assisted with settlement of that judgment.

Finally, Nelson Mullins prepared and filed its employment application as well as employment applications for an account, an asset manager and broker to the Trustee.

Nelson Mullins' services are more fully set forth in its detailed time records attached hereto as Exhibit "A." To assist the Court and other parties in the review of its time records, Nelson Mullins has divided the time records among various task codes. Although Nelson Mullins has endeavored to place time entries in the appropriate category, certain time entries could reasonably be placed in more than one category. Because this process is not an exact science, similar task descriptions may have been placed within different categories. In no case, however, will time entries appear under more than one category.

### B.   Professionals Providing Services.

The names of all of Nelson Mullins' professionals and paraprofessionals requesting fees and the hourly rates charged by each during the Billing Period are:

| Category | Professional | Hours | Amount Requested |
|---|---|---|---|
| Asset Analysis and Recovery | Dylan G. Trache | 26.1 | $15,399.00 |
| Case Administration | Dylan G. Trache | 6.8 | $4,012.00 |
| | Linnea K. Hann | 1.0 | $260.00 |
| Relief from Stay | Dylan G. Trache | 2.7 | $1,593.00 |
| | Linnea K. Hann | 1.5 | $390.00 |

| | | | |
|---|---|---|---|
| <u>Trustee Employment Applications</u> | Dylan G. Trache | 3.3 | $1,947.00 |
| | Linnea K. Hann | 3.8 | $988.00 |
| | | | |
| <u>Professional Fee Applications and Objections</u> | Dylan G. Trache | 3.4 | $2,006.00 |
| | Linnea K. Hann | 0.1 | $26.00 |
| | | | |
| <u>Asset Disposition</u> | Dylan G. Trache | 102.3 | $60,357.00 |
| | Linnea K. Hann | 29.1 | $7,566.00 |
| | David L. Kaplan | 4.2 | $1,092.00 |
| | Elizabeth A. Marr | 3.4 | $816.00 |
| | | | |
| <u>Bankruptcy Litigation</u> | Dylan G. Trache | 12.8 | $7,552.00 |
| | Linnea K. Hann | 0.3 | $78.00 |
| | | | |
| <u>Claims Administration and Objections</u> | Dylan G. Trache | 2.5 | $1,475.00 |

| Professional | Hours | Hourly Rate | Amount Requested |
|---|---|---|---|
| Dylan G. Trache | 159.9 | $590.00 | $94,341.00 |
| Linnea K. Hann | 35.8 | $260.00 | $9,308.00 |
| David L. Kaplan | 4.2 | $260.00 | $1,092.00 |
| Elizabeth A. Marr | 3.4 | $240.00 | $816.00 |
| **Total** | **203.3** | | **$105,557.00** |

## C.    Terms and Conditions of Employment.

In the employment application, the Trustee identified the types of services that Nelson Mullins could be required to render to the Trustee. The services performed by Nelson Mullins in this case are within the ambit of the types of services identified in the employment application.

No agreement or understanding exists between Nelson Mullins and any other person or entity for the sharing of compensation to be received by Nelson Mullins for services rendered in connection with this case.

Nelson Mullins believes that the hourly rates charged by it in this matter are no higher than the rates charged in similar cases under Title 11.  Mr. Trache is board certified as a specialist in Business Bankruptcy Law by the American Board of Certification. See 11 U.S.C. § 330(a)(3)(E) (providing that the bankruptcy court shall consider professional board certifications in determining the amount of reasonable compensation to be awarded).

### D.      Expenses.

In the course of its rendition of the services to the Trustee, Nelson Mullins has incurred necessary and actual out-of-pocket expenses in the amount of $4,211.01 for which Nelson Mullins seeks reimbursement.  A breakdown of these expenses is as follows:

| Nature of Expense | Amount |
|---|---:|
| Copies | $1,186.35 |
| Fed Ex | $332.47 |
| PACER Charges | $103.00 |
| Postage | $599.19 |
| Filing Fees | $1,990.00 |
| **Total:** | **$4,211.01** |

### E.      Total Request

Based upon the foregoing, Nelson Mullins seeks allowance of compensation for attorneys' fees in the amount of $105,557.00.  In addition, Nelson Mullins seeks approval for reimbursement of its out-of-pocket expenses incurred on the Trustee's behalf in the amount of $4,211.01.  Accordingly, by this Application, Nelson Mullins seeks allowance of a total of $109,768.01 representing compensation and expenses.

## IV.   STATUTORY AUTHORITY

Pursuant to 11 U.S.C. § 330, the Court may award Nelson Mullins reasonable compensation for actual and necessary services performed in this case.  Section 330(a)(3) sets

forth factors to consider in determining the amount of reasonable compensation to be awarded. For the reasons articulated above, Nelson Mullins believes that the services performed on the Trustee's behalf were necessary to the administration of this case, were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the issues involved, and were undertaken by professionals whose rates are reasonable.

WHEREFORE, the undersigned requests that this Court enter an Order: (i) allowing compensation in the amount of $105,557.00 and expenses in the amount of $4,211.01 for a total amount of $109,768.01; and (ii) awarding any further relief that the Court deems just and proper.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW / Suite 900
Washington, DC  20001
Tel: 202.689.2800
Fax: 202.689.2860
Email:  dylan.trache@nelsonmullins.com

By:     /s/ Dylan G. Trache
        Dylan G. Trache, Va. Bar No. 45939

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of July, 2024, a copy of the foregoing Application was served via first class mail, postage prepaid, upon the parties in interest on the attached service list[1] and to:

Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA  22314

                        /s/ Dylan G. Trache
                        Dylan G. Trache

---

[1] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not served on each of the parties, but is attached to the original Certificate of Service filed with the Court.

4866-4899-2462