## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| EAGLE PROPERTIES AND ) | Bankruptcy Case |
| INVESTMENTS, LLC, ) | No. 23-10566-KHK |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

### CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF 7213 LINGLESTOWN ROAD, HARRISBURG, PA FREE AND CLEAR OF LIS PENDENS PURSUANT TO 11 U.S.C. §§ 363(f)

H. Jason Gold, the chapter 7 trustee ("Trustee") for the above-captioned case, by his undersigned counsel, hereby files this motion to approve the sale of the property ("Motion")[1] commonly known as 7213 Linglestown Road, Harrisburg, PA ("Property") to GITSIT Solutions, LLC, ("Buyer"), the first lien holder on the Property, free and clear of the Lis Pendens (hereafter defined) pursuant to 11 U.S.C. §§ 363(f), but subject to all other encumbrances via the form of special warranty deed attached hereto as **Exhibit A**, stating to the Court as follows:

### BACKGROUND AND JURISDICTION

1. On April 6, 2023, Eagle Properties and Investments LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

---

[1] In accordance with Local Rule 9013-1(G)(1), the Trustee is combining his memorandum of points and authorities with this Motion.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Chapter 7 Trustee*

2. On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was filed (Docket No. 359). H. Jason Gold was appointed Chapter 7 Trustee.

3. By Order entered on April 5, 2024 (Doc. No. 381) the Trustee was authorized to employ Stephen Karbelk as agent and Century 21 New Millennium as broker in connection with the marketing and sale of the Property.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered on August 15, 1984. Venue is proper pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

**RELIEF REQUESTED**

5. Subject to Court approval, the Trustee has agreed to convey the Property to Buyer for the sum of $15,000.00, as set forth in the special warranty deed attached as Exhibit A hereto.

6. On or about December 13, 2022, Bala Jain, LLC filed a Praecipe to Index Action as Lis Pendens against the Property, which is attached hereto as **Exhibit B**. The Trustee requests that the Court approve the sale of the Property free and clear of the Lis Pendens, but subject to all other liens, claims and interests.

7. **PROPERTY FOR SALE**: The estate's entire interest in the Property.

8. **LEGAL DESCRIPTION OF PROPERTY BEING SOLD**:

All that certain tract of unimproved real estate situate in West Hanover Township, Dauphin County, Pennsylvania, bounded and described as follows, to wit: Beginning at a railroad spike in the center line of Pennsylvania Route No. 39 (having an Ordained width of 33 feet) at Eastern property line now or formerly of Halley Chubb; Thence along said center line, North 88 degrees 00 minutes East 150 feet to a railroad spike in said center line at Western property line now or late of Walter J. Basehore, et ux: Thence along said Basehore property line, South 09 degrees 36 minutes 43 seconds West 663.55 feet to an iron pipe on the Northern Property line of A. E. Watson; Thence along said Watson property line, North 73 degrees 01 minute 00 seconds East, 150 feet to an existing angle iron in Eastern property line now or late of Halley Chubb; Thence along Chubb property North 9 degrees 47 minutes 01 seconds East 614.12 feet to Railroad Spike, the place of beginning. Containing 2.168 acres, more or less. All according to Survey of William E. Sees, Jr., Registered Engineer, No. 8846, dated 6/19/67, Drawing No. S-3563.

Parcel ID: 68-016-050-000-0000

9. **INTEREST BEING SOLD**: The estate's interest in the Property.

10. **TYPE OF SALE**: The sale is a private sale.

11. **SALE PRICE**: $15,000.00 ("Purchase Price").

12. **APPRAISAL VALUE**: The Trustee has not obtained an appraisal of the Property, but has been advised as to its value by his agent. The Trustee believes that the value of the Property is less than the obligations owed to Buyer under its deed of trust.

13. **PURCHASER**: The Purchaser is purchasing the Property in good faith.

14. **CONTINGENCIES**: Court approval.

15. **TIME AND PLACE OF SETTLEMENT**: Settlement shall take place after entry of a Bankruptcy Court Order approving the sale of the Property pursuant to the terms of the Sales Contract. The Sales Contract provides for closing within twenty (20) days of such approval.

16. **REALTOR**: None.

17. **COMPENSATION TO REALTORS**: None.

18. **LIENS AND INTERESTS SUBJECT TO SALE**:

    a. Praecipe to Index Action as Lis Pendens filed in the Land Records of Dauphin County, Pennsylvania as Instrument Number 20220035760. *See* Exhibit B. Property to be sold free and clear of the Lis Pendens.

    b. The sale is subject to any other liens, claims, encumbrances and interests, including Buyer's deed of trust.

19. **REIMBURSEMENTS AND EXPENSES**: N/A

20. **DEBTORS' EXEMPTIONS**: N/A.

21. **ACTIONS TO CONSUMMATE SALE**: The Trustee requests authority to take all necessary and reasonable actions to consummate the sale.

22. **TAX CONSEQUENCES TO ESTATE BY SALE**: None expected.

23. **ESTIMATED DISTRIBUTION**: The Trustee anticipates receiving $15,000.00 in net sale proceeds.

24. **WAIVER OF THE 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h)**: The Trustee requests that the Court waive the fourteen (14) day stay required by Federal Rule of Bankruptcy Procedure 6004(h) in order to expedite the closing on the sale of the Property.

## APPLICABLE AUTHORITY

**A.**   **Sale is Authorized Pursuant to 11 U.S.C. § 363(b).**

25. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The proposed transaction represents the exercise of reasonable business judgment by the Trustee. *See In re Meredith*, 2005 WL 3763840 (Bankr. E.D. Va. 2005);

*In re Delaware & Hudson Rwy. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Titusville County Club*, 128 B.R. 396 (Bankr. W.D. Pa. 1991).

26. In determining whether a sale satisfies this business judgment standard, courts require a showing that (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice of the sale has been given; (iii) the sale will yield an adequate price (*i.e.*, one that is fair and reasonable), and (iv) the parties to the sale have acted in good faith. *See, e.g., In re Tempo Tech. Corp.*, 202 B.R. 363, 365 (D. Del. 1996); *Titusville Country Club*, 128 B.R. at 399. The proposed sale of the Property satisfies this standard.

27. The Purchase Price for this Property is reasonable and reflects both the general real estate market and the particular circumstances relevant to the Property.

28. The Purchase Price for the Property is a result of negotiations between the Purchaser and the Trustee and represents the highest and best price the Trustee could obtain given the current market conditions, and the condition of the Property. The Property was marketed but could not command a price satisfactory to the first lien lender (the Buyer) which has obtained relief from the automatic stay.

**B.    Sale of Assets Free and Clear of the Lis Pendens is Appropriate.**

29. Section 363(f) of the Bankruptcy Code provides, in part, that a trustee may sell property of the estate outside the ordinary course of business free and clear of any other entity's interest in such property if "such interest is in bona fide dispute." 11 U.S.C. § 363(f)(4).

30. The interests asserted in the Lis Pendens are in bona fide dispute and do not result in any claims against the Property. Specifically, the Lis Pendens does not itself give rise to any claim of title superior to that of the Trustee. Further, the action identified in the Lis Pendens has been dismissed. Consistent with his powers under the Bankruptcy Code, including without

limitation Section 544, the Trustee's rights in the Property are superior to any party that alleges an unrecorded trust in the Property. Accordingly, this Court may sell free and clear of the interests set forth in the Lis Pendens and any other claims of Bala Jain. Bala Jain is protected as any valid claims against the Property will transfer to the proceeds.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) granting the Motion; (ii) authorizing the sale of the Property to Buyer free and clear of the Lis Pendens but subject to any other liens, claims and interests related thereto; (iii) authorizing the Trustee to take all necessary and reasonable actions to consummate the sale, and (iv) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

H. JASON GOLD, TRUSTEE

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Tel: (202) 689-2800
Fax: (202) 689-2860
Email: dylan.trache@nelsonmullins.com


By:    /s/ Dylan G. Trache
       Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of July 2024, the foregoing Motion was served via first class mail, postage prepaid, to the parties in interest on the attached service list[2] and to:

> Office of the United States Trustee
> 1725 Duke Street, Suite 650
> Alexandria, VA  22314

> /s/ Dylan G. Trache
> Dylan G. Trache

---

[2] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not being served on each of the parties, but is attached to the original Certificate of Service filed with the Court.

4873-8904-0332 v.4