After Recording Return To:

_____

_____

_____

**SPECIAL WARRANTY DEED**

Made on the \_\_\_\_ day of _____ 20\_\_ by and between **Eagle Properties And Investments, LLC,** a Virginia Limited Liability Company by H. Jason Gold Chapter 7 Bankruptcy Trustee for Eagle Properties And Investments, LLC, Case# 23-10566-KHK  (hereinafter referred to as "Grantor") and **GITSIT Solutions LLC** (hereinafter referred to as "Grantee)

Whereas, Eagle Properties And Investments, LLC is the owner of record of the property referenced herein with an address of 7213 Linglestown Rd, Harrisburg, PA 17112 (the "Property") and more accurately described as Exhibit A.

Whereas, Eagle Properties And Investments, LLC filed for Chapter 11 Bankruptcy on April 6, 2023 in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, and was assigned case # 22-10478-BFK; and

Whereas, this conveyance is made pursuant to the authority of H. Jason Gold, as Chapter 7 Bankruptcy Trustee in accordance with the ORDER TO APPROVE SALE OF 7213 LINGLESTOWN ROAD, HARRISBURG, PA FREE AND CLEAR OF LIS PENDENS PURSUANT TO 11 U.S.C. §§ 363(f) entered on the docket on _____ (the "Order Authorizing Sale") by the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, a copy of which is attached hereto as Exhibit B.

Whereas, Notwithstanding the other provisions hereof, the Mortgage given on the Property by the Eagle Properties and Investments LLC in favor of ABL Three, LLC  in the original principal amount of $287,000.00  November 23, 2021 and Recorded December 22, 2021 in Instrument No. 20210045400. Last assigned to GITSIT Solutions LLC, by virtue of Assignment recorded on April 25, 2024 in Instrument No. 20240008199 all of the Dauphin County Recorder of Deeds; is NOT RELEASED OR RELINQUISHED in any manner or respect whatsoever, but the Mortgage shall remain valid and continuous and in full force and effect, unless and until released by written instrument (the "Release") executed by Grantee, or its successors or assigns, and recorded in the Land Records of the County of Dauphin.

Whereas, Grantor and Grantee specifically intend that there shall not be a merger of the Mortgage with the title or other interest of Grantee in and to the Mortgage and the Mortgage shall remain at all times SEPARATE AND DISTINCT from the title or other interest of Grantee in the Property.  Such Mortgages shall merge only under one (1) or more of the following conditions:

        (1)       The foreclosure of the Mortgage; or

       (2)     Grantee, its successors or assigns, shall execute and file in the Land Records a Release or other instrument specifically agreeing to permit the merger of the Mortgage with the title or other interests of Grantee in the Property.

       (3) The mortgage is released and filed in the Land Records.

Whereas, the priority of the Mortgage is intended to be and shall remain in full force and effect, and nothing herein or in any instruments executed in connection herewith shall be construed to subordinate the priority of the Mortgage to any other liens or encumbrances whatsoever.

Now Therefore Witnesseth, That for valuable consideration Fifteen Thousand and 00/100 Dollars ($15,000.00 ), received by Grantor, Grantor hereby does give, grant, bargain, sell and confirm unto said Grantee and their heirs and assigns, the real property described on Schedule "A" attached hereto and made a part hereof.

TO HAVE AND TO HOLD the premises to Grantee and unto Grantee, their heirs and assigns forever, to its and their own proper use and behoof.

AND ALSO, Grantor does, for itself its successors and assigns, covenant with Grantee, their heirs and assigns forever, that the premises are free from all encumbrances made or suffered by Grantor.

AND FURTHERMORE, Grantor does by these presents, bind itself, its successors and assigns forever, to warrant and defend the Premises to Grantee, their heirs and assigns forever, against claims and demands made or suffered by Grantor, except as aforesaid, but against none other.

**In Witness hereof**, the said Grantor has hereunto set Grantor's hand and seal, the day and year first written above.

_____           _____

WITNESS                                                    H. Jason Gold Chapter 7 Bankruptcy Trustee for Eagle Properties And Investments, LLC, Case# 23-10566-KHK

STATE OF            }

COUNTY OF          }

Before me, the undersigned authority, on this day appeared H. Jason Gold Chapter 7 Bankruptcy Trustee for Eagle Properties And Investments, LLC, Case# 23-10566-KHK, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she is the same for the purpose and consideration therein expressed, in the capacity therein stated, and as his free act and will.

Given under my hand and seal of office on this \_\_\_\_\_ day of _____, 20\_\_

_____           _____

Notary Public Signature                                             Notary Public Printed Name

My commission expires: _____

## SCHEDULE A

ALL THAT CERTAIN tract of unimproved real estate situate in West Hanover Township, Dauphin County, commonwealth of Pennsylvania, bounded and described as follows, to wit:

BEGINNING at a railroad spike in the center line of Pennsylvania Route No. 39 (having an ordained width of 33 feet) at Eastern property line now or formerly of Halley Chubb; thence along said center line, North 88 degrees 00 minutes East 150 feet to a railroad spike in said center line at Western property line now or late of Walter J. Basehore, a et ux; thence along said Basehore property line, South 09 degrees 36 minutes 43 seconds West 663.55 feet to an iron pipe on the 3 Northern property line now or late of Halley Chubb; thence along Chubb property North 9 degrees 47 minutes 01 seconds East 614.12 feet to railroad spike, the Place of beginning.

ALL According to survey of William E. Sees, Jr., Registered Engineer, No.8846, dated 6/19/67, Drawing No. S-3563.

Tax ID / Parcel No. 68-016-050

Being the same premises which Timothy O. Carraher and Michelle T. Carraher, his wife, and Carol Sue Strencosky by Deed dated November 22, 2021 and recorded December 22, 2021 in Dauphin County as Instrument No. 20210045399 conveyed unto Eagle Properties and Investments LLC, a Virginia Limited Liability Company, in fee.