**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| In re: | ) |
| | ) |
| EAGLE PROPERTIES AND | ) Bankruptcy Case |
| INVESTMENTS, LLC, | ) No. 23-10566-KHK |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF
204 S. FAIRVILLE AVENUE, HARRISBURG, PA FREE AND CLEAR OF LIENS,
CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(f)**

H. Jason Gold, the chapter 7 trustee ("Trustee") for the above-captioned case, by his undersigned counsel, hereby files this motion to approve the sale of the property ("Motion")[1] commonly known as 204 S. Fairville Avenue, Harrisburg, PA (the "Property") to Angles Gonzalez ("Buyer") free and clear of the liens, claims and interests, including the Lis Pendens (hereafter defined) filed by Bala Jain, LLC and any claims of the Township (hereafter defined) pursuant to 11 U.S.C. §§ 363(f), in accordance with the sale contract ("Sales Contract") attached hereto as **Exhibit A**, stating to the Court as follows:

**BACKGROUND AND JURISDICTION**

1.      On April 6, 2023, Eagle Properties and Investments LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

---

[1] In accordance with Local Rule 9013-1(G)(1), the Trustee is combining his memorandum of points and authorities with this Motion.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Chapter 7 Trustee*

2.      On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was filed (Docket No. 359).  H. Jason Gold was appointed Chapter 7 Trustee.

3.      By Order entered on April 5, 2024 (Doc. No. 381) the Trustee was authorized to employ Stephen Karbelk as agent and Century 21 Commercial New Millennium as broker in connection with the marketing and sale of the Property.

4.      Following a hearing held on April 23, 2024 the Court approved a Consent Order to Authorizing the Use of Cash Collateral of Bala Jain, LLC ("Bala Jain") and Approving Estate Carve-Out ("Carve-Out Order").

5.      Prior to the Petition Date, the Debtor bought and renovated four homes in West Hanover Township, Pennsylvania (the "Township") (including the Property) that were allegedly used as short-term rentals in violation of local zoning ordinances.  The Township commenced litigation against the Debtor and its principals to stop the short-term rentals and to impose fines of $500 per day per property for the violations.  The Debtor failed to respond to the lawsuit and default was entered.  Counsel for the Debtor and subsequently, counsel for the Trustee have engaged in negotiations with Township and have reached a resolution of its claims against the estate ("Settlement"), which is currently before the Court in a separate filing.  *See* Docket No. 529.

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered on August 15, 1984.  Venue is proper pursuant to 28 U.S.C. § 1408.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

## RELIEF REQUESTED

7.      Subject to Court approval, the Trustee has accepted an offer from Buyer to

purchase the Property for $285,000.00, as set forth in the Sales Contract and related documents attached as Exhibit A hereto.

8.      On or about August 12, 2022, Bala Jain, LLC filed a Praecipe to Index as Lis Pendens against the Property, which is attached hereto as **Exhibit B** ("Lis Pendens").

9.      The Trustee requests that the Court approve the sale of the Property pursuant to the terms and conditions of the Sales Contract, free and clear of any liens, claims and interests, including without limitation, those interests set forth in or related to the Lis Pendens and any claims of the Township..

10.     The Trustee requests that the Court approve the sale of the Property pursuant to the terms and conditions of the Sales Contract.

11.     **PROPERTY FOR SALE**:  The estate's entire interest in the Property.

12.     **LEGAL DESCRIPTION OF PROPERTY BEING SOLD**:

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN DAUPHIN COUNTY, COMMONWEALTH OF PENNSYLVANIA, TO WIT:

ALL THAT CERTAIN PIECE OR PARCEL OF LAND SITUATE IN WEST HANOVER TOWNSHIP, DAUPHIN COUNTY, COMMONWEALTH OF PENNSYLVANIA, IN SKYLINE VIEW EXTENSION DEVELOPMENT AS RECORDED IN PLAN BOOK U PAGE 98, AS MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHEASTERN CORNER OF LOT #419 ON SAID PLAN; THENCE SOUTHWARD ALONG THE WESTERN SIDE OF FAIRVILLE DRIVE, 100 FEET TO THE NORTHEASTERN CORNER OF LOT #421 ON SAID PLAN; THENCE WESTWARD ALONG THE NORTHERN LINE OF SAID LOT, 189.28 FEET TO THE NORTHWESTERN CORNER OF LOT #421; THENCE NORTHWARDLY ALONG LANDS NOW OR LATE OF NOAH S. MYERS, 103.34 FEET TO THE SOUTHWESTERN CORNER OF LOT #419; THENCE ALONG THE SOUTHERN LINE OF SAID LOT, 215.35 FEET TO THE PLACE OF BEGINNING. BEING LOT #420 ON SAID PLAN. UPI: 68-040-125-000-0000.

13.     **INTEREST BEING SOLD**:  A fee simple interest in the Property.

3

14. **TYPE OF SALE**: The sale is a private sale. A deposit in the amount of $5,000 is being held in escrow.

15. **SALE PRICE**: $285,000.00 ("Purchase Price").

16. **APPRAISAL VALUE**: The Trustee has not obtained an appraisal of the Property, but has been advised as to its value by his agent.

17. **PURCHASER**: The Buyer is purchasing the Property in good faith.

18. **CONTINGENCIES**: Court approval.

19. **TIME AND PLACE OF SETTLEMENT**: Settlement shall take place after entry of a Bankruptcy Court Order approving the sale of the Property pursuant to the terms of the Sales Contract.

20. **REALTOR**: The Trustee has employed Century 21 New Millennium as broker. Buyer has employed Home 1st Realty as co-operating broker.

21. **COMPENSATION TO REALTORS**: The Trustee's broker will receive a three percent (3.0%) commission at closing. Buyer's broker will receive a two and one-half percent (2.5%) commission at closing, which is requested of the Buyer's broker as a condition of the contract.

22. **LIENS AND INTERESTS SUBJECT TO SALE**:

a. Deed of Trust Recorded on or about September 21, 2021 in favor of Bank of Clarke County filed in the land records of Dauphin County, Pennsylvania as Instrument Number 20210033041. To be paid in full at closing.

b. Praecipe to Index Action as Lis Pendens filed by Bala Jain, LLC in the Land Records of Dauphin County, Pennsylvania as Instrument Number 20220024597 and as Instrument Number 20220024598. *See* Exhibit B. Property to be sold free and clear of the Lis Pendens.

4

    c.  Claims of West Hanover Township subject to the Settlement.  Property to be sold free and clear of any such claims.

23.    **REIMBURSEMENTS AND EXPENSES**:  The Trustee requests authority to reimburse RealMarkets at closing in an aggregate amount not to exceed $1,000.00 for any utility and property preservation or maintenance expenses or closing costs, title search fees, or to remedy any homeowner's association violation(s), if necessary.

24.    **DEBTORS' EXEMPTIONS**:  N/A.

25.    **ACTIONS TO CONSUMMATE SALE**:  The Trustee requests authority to take all necessary and reasonable actions to consummate the sale consistent with the Sales Contract including, without limitation, paying from the proceeds of sale the amounts owed on account of real estate taxes, other applicable taxes, commissions, liens, homeowner and condominium association fees, utility, credits and similar expenses and customary closing costs, correcting the address or legal description of the Property, to escrow the required funds needed to satisfy payment of the final water and sewer bills, and making appropriate adjustments on the settlement sheet.

26.    **TAX CONSEQUENCES TO ESTATE BY SALE**:  None expected.

27.    **ESTIMATED DISTRIBUTION**: The Trustee anticipates receiving not less than approximately $80,000.00 in net sale proceeds.  In addition, the Trustee will be reimbursed $2,000 towards the Settlement with West Hanover Township.

28.    **WAIVER OF THE 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h)**:  The Trustee requests that the Court waive the fourteen (14) day stay required by Federal Rule of Bankruptcy Procedure 6004(h) in order to expedite the closing on the sale of the Property.

5

## APPLICABLE AUTHORITY

**A.      Sale is Authorized Pursuant to 11 U.S.C. § 363(b).**

29.     Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  The proposed transaction represents the exercise of reasonable business judgment by the Trustee.  *See In re Meredith*, 2005 WL 3763840 (Bankr. E.D. Va. 2005); *In re Delaware & Hudson Rwy. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Titusville County Club*, 128 B.R. 396 (Bankr. W.D. Pa. 1991).

30.     In determining whether a sale satisfies this business judgment standard, courts require a showing that (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice of the sale has been given; (iii) the sale will yield an adequate price (*i.e.*, one that is fair and reasonable), and (iv) the parties to the sale have acted in good faith.  *See, e.g., In re Tempo Tech. Corp.*, 202 B.R. 363, 365 (D. Del. 1996); *Titusville Country Club*, 128 B.R. at 399.  The proposed sale of the Property satisfies this standard.

31.     The Purchase Price for this Property is reasonable and reflects both the general real estate market and the particular circumstances relevant to the Property.

32.     The Purchase Price for the Property is a result of negotiations between the Buyer and the Trustee and represents the highest and best price the Trustee could obtain given the current market conditions, and the condition of the Property.  Moreover, because the sale remains subject to Court approval, the potential for higher and/or better offers remains.  The Trustee submits that the sale of the Property pursuant to the Sales Contract is in the best interests of the estate.

6

**B.** **Sale of Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests is Appropriate.**

33.     Section 363(f) of the Bankruptcy Code provides, in part, that a trustee may sell property of the estate outside the ordinary course of business free and clear of any other entity's interest in such property if "such entity consents" or where there is a "bona fide dispute."  11 U.S.C. § 363(f)(2) and (4).

34.     The interests asserted in the Lis Pendens are in bona fide dispute.  In addition, the Lis Pendens does not itself give rise to any claim of title superior to that of the Trustee.  The litigation identified in the Lis Pendens was dismissed prior to the Petition Date.  Consistent with his powers under the Bankruptcy Code, including without limitation Section 544, the Trustee's rights in the Property are superior to any party that alleges an unrecorded trust in the Property. Accordingly, this Court may sell free and clear of the interests set forth in the Lis Pendens and any other claims of Bala Jain.

35.     Further, the claims of the Township are being resolved through the Settlement.

## <u>CONCLUSION</u>

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) granting the Motion; (ii) authorizing the sale of the Property pursuant to the terms and conditions of the Sales Contract free and clear of the Lis Pendens, and any liens, claims and interests related thereto, with all such claims attaching to the proceeds of sale, and the claims of the Township; (iii) authorizing the Trustee to reimburse RealMarkets at closing for the expenses referenced herein; (iv) authorizing the Trustee to take all necessary and reasonable actions to consummate the sale, including paying all sales costs from the proceeds of the sale of the Property at closing; and (v) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

H. JASON GOLD, TRUSTEE

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Tel: (202) 689-2800
Fax:  (202) 689-2860
Email: dylan.trache@nelsonmullins.com

By:      /s/ Dylan G. Trache
         Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of August 2024, the foregoing Motion was served via first class mail, postage prepaid, to the parties in interest on the attached service list[2] and to:

Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA  22314

Elizabeth L. Kramer
Salzmann Hughes, P.C.
1801 Market Street, Suite 300
Camp Hill, PA 17011

         /s/ Dylan G. Trache
         Dylan G. Trache

---

[2]  Pursuant to Local Rule 5005-1(C)(8), the attached service list is not being served on each of the parties, but is attached to the original Certificate of Service filed with the Court.

4891-2336-4307