# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
| EAGLE PROPERTIES AND INVESTMENTS, LLC, | ) Bankruptcy Case |
| | ) No. 23-10566-KHK |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

### CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF 6958 NEW OXFORD ROAD, HARRISBURG, PA FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(f)

H. Jason Gold, the chapter 7 trustee ("Trustee") for the above-captioned case, by his undersigned counsel, hereby files this motion to approve the sale of the property ("Motion")[1] commonly known as 6958 New Oxford Road, Harrisburg, PA (the "Property") to Heather Abdalla ("Buyer") free and clear of the liens, claims and interests, including the Lis Pendens (hereafter defined) filed by Bala Jain, LLC and the Judgment in favor of the Township (hereafter defined) pursuant to 11 U.S.C. §§ 363(f), in accordance with the sale contract ("Sales Contract") attached hereto as **Exhibit A**, stating to the Court as follows:

### BACKGROUND AND JURISDICTION

1. On April 6, 2023, Eagle Properties and Investments LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

---

[1] In accordance with Local Rule 9013-1(G)(1), the Trustee is combining his memorandum of points and authorities with this Motion.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Chapter 7 Trustee*

2. On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was filed (Docket No. 359). H. Jason Gold was appointed Chapter 7 Trustee.

3. By Order entered on April 5, 2024 (Doc. No. 381) the Trustee was authorized to employ Stephen Karbelk as agent and Century 21 Commercial New Millennium as broker in connection with the marketing and sale of the Property.

4. Following a hearing held on April 23, 2024 the Court approved a Consent Order to Authorizing the Use of Cash Collateral of Bala Jain, LLC ("Bala Jain") and Approving Estate Carve-Out ("Carve-Out Order").

5. Prior to the Petition Date, the Debtor bought and renovated four homes in West Hanover Township, Pennsylvania ("the Township") (including the Property) that were allegedly used as short-term rentals in violation of local zoning ordinances. The Township commenced litigation against the Debtor and its principals to stop the short-term rentals and to impose fines of $500 per day per property for the violations. The Debtor failed to respond to the lawsuit and default was entered. Counsel for the Debtor and subsequently, counsel for the Trustee have engaged in negotiations with Township and have reached a resolution of its claims against the estate ("Settlement"), which is currently before the Court in a separate filing. *See* Docket No. 529.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered on August 15, 1984. Venue is proper pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

**RELIEF REQUESTED**

7. Subject to Court approval, the Trustee has accepted an offer from Buyer to

2

purchase the Property for $250,000.00, as set forth in the Sales Contract and related documents attached as Exhibit A hereto.

8. On or about December 14, 2022, Bala Jain, LLC filed a Praecipe to Index Action as Lis Pendens against the Property, which is attached hereto as **Exhibit B** ("Lis Pendens").

9. The Trustee requests that the Court approve the sale of the Property pursuant to the terms and conditions of the Sales Contract, free and clear of any liens, claims and interests, including without limitation, those interests set forth in or related to the Lis Pendens and the Judgment (hereafter defined).

10. The Trustee requests that the Court approve the sale of the Property pursuant to the terms and conditions of the Sales Contract.

11. **PROPERTY FOR SALE**: The estate's entire interest in the Property.

12. **LEGAL DESCRIPTION OF PROPERTY BEING SOLD**:

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN DAUPHIN COUNTY, COMMONWEALTH OF PENNSYLVANIA, TO WIT:

ALL THAT CERTAIN PIECE OR PARCEL OF GROUND SITUATE IN WEST HANOVER TOWNSHIP, DAUPHIN COUNTY, PENNSYLVANIA, MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE SOUTH SIDE OF NEW OXFORD ROAD AT THE DIVISION LINE BETWEEN LOTS #37 AND #38, SAID POINT BEING 588.01 FEET WEST OF THE INTERSECTION OF NEW OXFORD AND REGENT ROADS; THENCE ALONG LOT #38 S 23 DEGREES 08' E 100.0 FEET TO A POINT AT RECREATION LAND; THENCE ALONG RECREATION LAND S 57 DEGREES 46' 40" W 71.09 FEET TO A POINT AT LOT #36; THENCE ALONG LOT #36 N 30 DEGREES 14' 50" W 111.12 FEET TO A POINT ON THE SOUTH SIDE OF NEW OXFORD ROAD; THENCE ALONG THE SOUTH SIDE OF NEW OXFORD ROAD BY A CURVE TO THE RIGHT HAVING A RADIUS OF 125.0 FEET, AN ARC LENGTH OF 15.52 FEET; THENCE ALONG SAME N 66 DEGREES 52' E 68.47 FEET TO A POINT, THE PLACE OF BEGINNING. CONTAINING 8,180 SQUARE FEET. BEING LOT #37, PHASE II, WESTFORD CROSSING, RECORDED IN PLAN BOOK "W", VOLUME 3, PAGE 100. SAID PROPERTY BEING KNOWN FOR PURPOSES OF ASSESSMENT AND TAXATION PURPOSES AS PROPERTY IDENTIFICATION NO. 68-045-050-000-0000.

13. **INTEREST BEING SOLD**: A fee simple interest in the Property.

14. **TYPE OF SALE**: The sale is a private sale. A deposit in the amount of $5,000 is being held in escrow.

15. **SALE PRICE**: $250,000.00 ("Purchase Price").

16. **APPRAISAL VALUE**: The Trustee has not obtained an appraisal of the Property, but has been advised as to its value by his agent.

17. **PURCHASER**: The Buyer is purchasing the Property in good faith.

18. **CONTINGENCIES**: Court approval.

19. **TIME AND PLACE OF SETTLEMENT**: Settlement shall take place after entry of a Bankruptcy Court Order approving the sale of the Property pursuant to the terms of the Sales Contract.

20. **REALTOR**: The Trustee has employed Century 21 New Millennium as broker. Buyer has employed Real of Pennsylvania as co-operating broker.

21. **COMPENSATION TO REALTORS**: The Trustee's broker will receive a three percent (3.0%) commission at closing. Buyer's broker will receive a two and one-half percent (2.5%) commission at closing, which is requested of the Buyer's broker as a condition of the contract.

22. **LIENS AND INTERESTS SUBJECT TO SALE**:

    a. Deed of Trust Recorded on or about October 5, 2021 in favor of Orrstown Bank filed in the land records of Dauphin County, Pennsylvania as Instrument Number 20210034961. Lender has agreed to a short sale of the property. The estate will be receiving a carve-out from the purchase price in the amount of eight percent (8%).

    b. Praecipe to Index Action as Lis Pendens filed by Bala Jain, LLC in the Land Records of Dauphin County, Pennsylvania as Instrument Number 20220035869. *See* Exhibit B. Property to be sold free and clear of the Lis Pendens.

    c. Default Judgment arising out of Case No. 2023-cv-2754, West Hanover Township v. Eagle Properties and Investments, LLC ("Judgment"). Property to be sold free and clear of the Judgment.

23. **REIMBURSEMENTS AND EXPENSES**: The Trustee requests authority to reimburse RealMarkets at closing in an aggregate amount not to exceed $1,000.00 for any utility and property preservation or maintenance expenses or closing costs, title search fees, or to remedy any homeowner's association violation(s), if necessary.

24. **DEBTORS' EXEMPTIONS**: N/A.

25. **ACTIONS TO CONSUMMATE SALE**: The Trustee requests authority to take all necessary and reasonable actions to consummate the sale consistent with the Sales Contract including, without limitation, paying from the proceeds of sale the amounts owed on account of real estate taxes, other applicable taxes, commissions, liens, homeowner and condominium association fees, utility, credits and similar expenses and customary closing costs, correcting the address or legal description of the Property, to escrow the required funds needed to satisfy payment of the final water and sewer bills, and making appropriate adjustments on the settlement sheet.

26. **TAX CONSEQUENCES TO ESTATE BY SALE**: None expected.

27. **ESTIMATED DISTRIBUTION**: The Trustee anticipates receiving not less than approximately $20,000.00 in net sale proceeds as a result of the agreed carve out with the first

deed of trust lender and the Carve-Out Order. In addition, the Trustee will be reimbursed $2,000 towards the Settlement with West Hanover Township related to the Judgment.

28. **WAIVER OF THE 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h)**: The Trustee requests that the Court waive the fourteen (14) day stay required by Federal Rule of Bankruptcy Procedure 6004(h) in order to expedite the closing on the sale of the Property.

## APPLICABLE AUTHORITY

A. **Sale is Authorized Pursuant to 11 U.S.C. § 363(b).**

29. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The proposed transaction represents the exercise of reasonable business judgment by the Trustee. *See In re Meredith*, 2005 WL 3763840 (Bankr. E.D. Va. 2005); *In re Delaware & Hudson Rwy. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Titusville County Club*, 128 B.R. 396 (Bankr. W.D. Pa. 1991).

30. In determining whether a sale satisfies this business judgment standard, courts require a showing that (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice of the sale has been given; (iii) the sale will yield an adequate price (*i.e.*, one that is fair and reasonable), and (iv) the parties to the sale have acted in good faith. *See, e.g., In re Tempo Tech. Corp.*, 202 B.R. 363, 365 (D. Del. 1996); *Titusville Country Club*, 128 B.R. at 399. The proposed sale of the Property satisfies this standard.

31. The Purchase Price for this Property is reasonable and reflects both the general real estate market and the particular circumstances relevant to the Property.

32. The Purchase Price for the Property is a result of negotiations between the Buyer and the Trustee and represents the highest and best price the Trustee could obtain given the current market conditions, and the condition of the Property. Moreover, because the sale remains subject to Court approval, the potential for higher and/or better offers remains. The Trustee submits that the sale of the Property pursuant to the Sales Contract is in the best interests of the estate.

**B.   Sale of Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests is Appropriate.**

33. Section 363(f) of the Bankruptcy Code provides, in part, that a trustee may sell property of the estate outside the ordinary course of business free and clear of any other entity's interest in such property if "such entity consents" or where there is a "bona fide dispute." 11 U.S.C. § 363(f)(2) and (4).

34. The interests asserted in the Lis Pendens are in bona fide dispute. In addition, the Lis Pendens does not itself give rise to any claim of title superior to that of the Trustee. The litigation identified in the Lis Pendens was dismissed prior to the Petition Date. Consistent with his powers under the Bankruptcy Code, including without limitation Section 544, the Trustee's rights in the Property are superior to any party that alleges an unrecorded trust in the Property. Accordingly, this Court may sell free and clear of the interests set forth in the Lis Pendens and any other claims of Bala Jain.

35. The Trustee has affirmative representation from Orrstown Bank that it will consent to the sale pursuant to this Motion.

36. Further, the claims of the Township set forth in the Judgment are being resolved through the Settlement.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) granting the Motion; (ii) authorizing the sale of the Property pursuant to the terms and conditions of the Sales Contract free and clear of the Lis Pendens, the Judgment and any liens, claims and interests related thereto, with all such claims attaching to the proceeds of sale; (iii) authorizing the Trustee to reimburse RealMarkets at closing for the expenses referenced herein; (iv) authorizing the Trustee to take all necessary and reasonable actions to consummate the sale, including paying all sales costs from the proceeds of the sale of the Property at closing; and (v) granting such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

    H. JASON GOLD, TRUSTEE

    By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Tel: (202) 689-2800
Fax: (202) 689-2860
Email: dylan.trache@nelsonmullins.com


By:     /s/ Dylan G. Trache
       Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of August, 2024, the foregoing Motion was served via first class mail, postage prepaid, to the parties in interest on the attached service list[2] and to:

>Office of the United States Trustee
>1725 Duke Street, Suite 650
>Alexandria, VA  22314
>
>Elizabeth L. Kramer
>Salzmann Hughes, P.C.
>1801 Market Street, Suite 300
>Camp Hill, PA 17011

>/s/ Dylan G. Trache
>Dylan G. Trache

---

[2] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not being served on each of the parties, but is attached to the original Certificate of Service filed with the Court.

4875-1195-6179