# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| EAGLE PROPERTIES AND ) | Bankruptcy Case |
| INVESTMENTS, LLC, ) | No. 23-10566-KHK |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

## CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF
## 3012 DUPONT AVENUE, BALTIMORE, MARYLAND

H. Jason Gold, the chapter 7 trustee ("Trustee") for the above-captioned case, by his undersigned counsel, hereby files this motion to approve the sale of the property ("Motion")[1] commonly known as 3012 Dupont Avenue, Baltimore, Maryland 21215 ("Property"), and to turn over certain rent related to the Property to Bala Jain pursuant to 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 6004 stating to the Court as follows:

### BACKGROUND AND JURISDICTION

1. On April 6, 2023, Eagle Properties and Investments LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

---

[1] In accordance with Local Rule 9013-1(G)(1), the Trustee is combining his memorandum of points and authorities with this Motion.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Chapter 7 Trustee*

2. On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was filed (Docket No. 359). H. Jason Gold was appointed Chapter 7 Trustee.

3. By Order entered on April 5, 2024 (Doc. No. 381) the Trustee was authorized to employ Stephen Karbelk as agent and Century 21 New Millennium as broker in connection with the marketing and sale of the Property.

4. Following a hearing held on April 23, 2024 the Court approved a Consent Order to Authorizing the Use of Cash Collateral of Bala Jain, LLC ("Bala Jain") and Approving Estate Carve-Out ("Carve-Out Order").

5. Since his appointment, the Trustee has collected certain rental income related to the Property.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered on August 15, 1984. Venue is proper pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

## RELIEF REQUESTED

7. Subject to Court approval, the Trustee has accepted an offer from Dime and Penny LLC ("Purchaser") to purchase the Property for $100,000.00, as set forth in the sales contract and addenda ("Sales Contract") attached hereto as **Exhibit A**.

8. The Trustee requests that the Court approve the sale of the Property pursuant to the terms and conditions of the Sales Contract.

9. **PROPERTY FOR SALE**: The estate's entire interest in the Property.

10. **LEGAL DESCRIPTION OF PROPERTY BEING SOLD**:

All that lot of ground situate in the City of Baltimore, State of Maryland and described as follows, that is to say: Beginning for the same at an iron pipe on the North side of Dupont Avenue 287.3 feet Northeast from the intersection of the North side of Dupont Avenue and the curved line of the East side of Pimlico Road which road is 33 feet wide at that point running thence North 6 degrees East 120.83 feet to a cross mark on the concrete 6 inches South from the corner of a frame building and still North 6 degrees East 7.5 feet to the center of an alley 15 feet wide thence along the center of said alley with the use there of in common 83 degrees East 100 feet thence South  degrees West 7.5 feet to an iron rod and thence still South 6 degrees West 120.83 feet to an iron rod on the North side of Dupont Avenue thence still South 6 degrees West 25 feet to the center of said avenue thence along the center of said avenue North 83 degrees West 100 feet thence North 6 degrees East 25 feet to the place of beginning.

The improvements thereon being known as 3012 Dupont Avenue, Baltimore MD 21215.

11. **INTEREST BEING SOLD**: A fee simple interest in the Property.

12. **TYPE OF SALE**: The sale is a private sale. A deposit in the amount of $5,000 will be delivered to the title company, RL Title & Escrow, within five (5) days.

13. **SALE PRICE**: $100,000.00 ("Purchase Price"). Purchaser will receive $1,000.00 closing credit.

14. **APPRAISAL VALUE**: The Trustee has not obtained an appraisal of the Property.

15. **PURCHASER**: The Purchaser is purchasing the Property in good faith.

16. **CONTINGENCIES**: Court approval.

17. **TIME AND PLACE OF SETTLEMENT**: Settlement shall take place after entry of a Bankruptcy Court Order approving the sale of the Property pursuant to the terms of the Sales Contract.

18. **REALTOR**: The Debtor employed Century 21 New Millenium as broker.

19. **COMPENSATION TO REALTORS**: The Century 21 New Millenium will receive a four and one half percent (4.5%) commission at closing.

20. **LIENS AND INTERESTS SUBJECT TO SALE**: Bala Jain has a first deed of trust on the Property. Subject to the agreement set forth in the Carve-Out Motion, the Trustee will pay Bala

Jain all net proceeds of sale other than the Carve-Out (as defined in the Carve-Out Motion in satisfaction of its lien on the Property.

21. **REIMBURSEMENTS AND EXPENSES**: N/A

22. **DEBTORS' EXEMPTIONS**: N/A

23. **ACTIONS TO CONSUMMATE SALE**: The Trustee requests authority to take all necessary and reasonable actions to consummate the sale consistent with the Sales Contract including, without limitation, paying from the proceeds of sale the amounts owed on account of real estate taxes, other applicable taxes, commissions, liens, homeowner and condominium association fees, utility, credits and similar expenses and customary closing costs, correcting the address or legal description of the Property, and making appropriate adjustments on the settlement sheet.

24. **TAX CONSEQUENCES TO ESTATE BY SALE**: None expected.

25. **ESTIMATED DISTRIBUTION**: The Trustee anticipates receiving the Trustee's statutory commission under § 326 of the Bankruptcy Code plus five percent (5%) of the gross sale price for the benefit of the estate as set forth in the Carve-Out Order.

26. **WAIVER OF THE 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h)**: The Trustee requests that the Court waive the fourteen (14) day stay required by Federal Rule of Bankruptcy Procedure 6004(h) in order to expedite the closing on the sale of the Property.

## APPLICABLE AUTHORITY

A. **Sale is Authorized Pursuant to 11 U.S.C. § 363(b).**

27. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the

4

estate." 11 U.S.C. § 363(b)(1). The proposed transaction represents the exercise of reasonable business judgment by the Trustee. *See In re Meredith*, 2005 WL 3763840 (Bankr. E.D. Va. 2005); *In re Delaware & Hudson Rwy. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Titusville County Club*, 128 B.R. 396 (Bankr. W.D. Pa. 1991).

28. In determining whether a sale satisfies this business judgment standard, courts require a showing that (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice of the sale has been given; (iii) the sale will yield an adequate price (*i.e.*, one that is fair and reasonable), and (iv) the parties to the sale have acted in good faith. *See, e.g., In re Tempo Tech. Corp.*, 202 B.R. 363, 365 (D. Del. 1996); *Titusville Country Club*, 128 B.R. at 399. The proposed sale of the Property satisfies this standard.

29. The Purchase Price for this Property is reasonable and reflects both the general real estate market and the circumstances relevant to the Property.

30. The Purchase Price for the Property is a result of negotiations between the Purchaser and the Trustee and represents the highest and best price the Trustee could obtain given the current market conditions, and the condition of the Property. Moreover, because the sale remains subject to Court approval, the potential for higher and/or better offers remains. The Trustee submits that the sale of the Property pursuant to the Sales Contract is in the best interests of the estate.

31. Bala Jain will consent to the sale and release its lien at closing pursuant to the terms of the sale contract.

**B. The Trustee Should Be Authorized to Turn Over Rents to Bala Jain.**

32. The rent collected by the Trustee related to the Property constitutes the cash collateral of Bala Jain. The Trustee requests authority to turn over such funds, net of expenses related to the Property to Bala Jain.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) granting the Motion; (ii) authorizing the sale of the Property pursuant to the terms and conditions of the Sales Contract; (iii) authorizing the Trustee to take all necessary and reasonable actions to consummate the sale, including paying all sales costs from the proceeds of the sale of the Property at closing; (iv) authorizing the Trustee to turn over all rent received net of property related expenses (v) waiving the 14 day stay; and (vi) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

H. JASON GOLD, TRUSTEE

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Tel: (202) 689-2800
Fax: (202) 689-2860
Email: dylan.trache@nelsonmullins.com


By:   /s/ Dylan G. Trache
      Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 2nd day of August 2024, the foregoing Motion was served via first class mail, postage prepaid, to the parties in interest on the attached service list[2] and to:

> Office of the United States Trustee
> 1725 Duke Street, Suite 650
> Alexandria, VA  22314

                      /s/ Dylan G. Trache
                      Dylan G. Trache

---

[2] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not being served on each of the parties, but is attached to the original Certificate of Service filed with the Court.

4878-8026-0308