**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EAGLE PROPERTIES AND ) | Case No. 23-10566 - KHK |
| INVESTMENTS LLC ) | (Chapter 7) |
| ) | |
| Debtor . ) | |
| ) | |

**MOTION TO APPROVE CHAPTER 7 TRUSTEE'S**
**TRANSFER OF PROPERTY BY DEED IN LIEU OF FORECLOSURE**

H. Jason Gold, the chapter 7 trustee ("Trustee") for the above-captioned case, by his undersigned counsel, hereby files this motion to approve the Trustee's transfer of the real property commonly known as 202 Port Street, Baltimore, MD 21224 ("Property") to Bala Jain, LLC ("Buyer"), the first and second lien holder on the Property, by the execution of a deed in lieu of foreclosure attached hereto as Exhibit A, stating to the Court as follows:

**BACKGROUND AND JURISDICTION**

1. On April 6, 2023 (the "Petition Date"), Eagle Properties and Investments LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was entered (Docket No. 359). H. Jason Gold was appointed Chapter 7 Trustee.

3. By Order entered on April 5, 2024 (Doc. No. 381) the Trustee was authorized to employ Stephen Karbelk as agent and Century 21 New Millennium as broker in connection with the marketing and sale of the Property.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Chapter 7 Trustee*
4873-8108-4390 v.1

4.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered on August 15, 1984. Venue is proper pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

**RELIEF REQUESTED**

5.     Subject to Court approval, the Trustee has agreed to convey the Property to Buyer, as set forth in the deed in lieu of foreclosure attached as <u>Exhibit A</u> hereto, including any and all rights and interests under any leases of the Property.

6.     The Property is secured by two liens in the total amount of $304,944.00, as of the Petition Date.

7.     On November 19, 2019, a Deed of Trust was recorded in the City of Baltimore, Maryland to secure Main Street Bank's first lien on the Property, in the amount of $109,200.00 (the "First Lien"). As of the Petition Date, Main Street Bank was owed a total of $115,270.58, as reflected in its Proof of Claim No. 9.

8.     On or about April 13, 2021, a Deed of Trust as recorded in the City of Baltimore, Maryland to secure Bala Jain, LLC second lien on the Property, in the amount of $170,000.00 (the "Second Lien"). As of the Petition Date, Bala Jain, LLC was owed a total of $189,673.42, as reflected in its Proof of Claim No. 26.

9.     On March 26, 2024, Main Street Bank sold its claim and assigned its First Lien to Bala Jain, LLC. On March 28, 2024, Bala Jain, LLC filed a Notice of Transfer of Claim (Doc. No. 368) and the Court issued its Notice of Transfer of Claim (Doc. No. 370) on March 31, 2024.

10. Prior to conversion of the Debtor's case, the Debtor's realtor prepared a Comparative Market Analysis, concluding a "Suggested List Price" for the Property of $145,000 - $160,000.

11. In addition, the Trustee's real estate broker has concluded that there is no equity in the Property.

12. LEGAL DESCRIPTION OF PROPERTY BEING TRANSFERRED:

All that lot of ground situate in the City of Baltimore, State of Maryland, and described as follows, that is to say:

Beginning for the same on the West side of Port Street at the distance of 80 feet North from the corner formed by the intersection of the West side of Port Street and the North side of Fayette Street and at the North side of an alley 10 feet wide thence Westerly binding on the North side of said alley with the use thereof in common 65 feet to the center of an alley 10 feet wide thence Northerly along the center of said alley with the use thereof in common 12 feet thence Easterly parallel with Fayette Street and through the center of a partition wall there situate 65 feet to the Port Street and thence Southerly binding thereon 12 feet to the place of beginning.

Subject to the payment of an annual ground rent of $57.00 payable in equal, semi-annual installments on the 1st day of January and July in each and every year.

The improvements thereon being known as 202 North Port Street, Baltimore, MD 21224.

13. INTEREST BEING TRANSFERRED: The estate's interest in the Property, including any leases related to the Property.

14. TYPE OF TRANSFER: Deed in Lieu of Foreclosure.

15. CONSIDERATION: $10.00 ("Purchase Price").

16. APPRAISAL VALUE: The Trustee has not obtained an appraisal of the Property, but has been advised as to its value by his agent. The Trustee believes that the value of the Property is less than the obligations owed to Buyer under First and Second Deeds of Trust.

17. TRANSFEREE: Bala Jain, LLC

18. CONTINGENCIES: Court approval.

19. TIME AND PLACE OF SETTLEMENT: Settlement shall take place as soon as possible after entry of a Bankruptcy Court Order approving the transfer.

20. REALTOR: None.

21. COMPENSATION TO REALTORS: None.

18. LIENS AND INTERESTS SUBJECT TO TRANSFER: The sale is subject to any other liens, claims, encumbrances and interests, including Bala Jain, LLC's Deeds of Trust.

19. REIMBURSEMENTS AND EXPENSES: N/A

19. DEBTORS' EXEMPTIONS: N/A.

20. ACTIONS TO CONSUMMATE SALE: The Trustee requests authority to take all necessary and reasonable actions to consummate the transfer.

21. TAX CONSEQUENCES TO ESTATE BY SALE: None expected.

22. ESTIMATED DISTRIBUTION: The Trustee anticipates receiving $0.00 in net sale proceeds.

23. WAIVER OF THE 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h): The Trustee requests that the Court waive the fourteen (14) day stay required by Federal Rule of Bankruptcy Procedure 6004(h) in order to expedite the closing on the transfer of the Property.

**APPLICABLE AUTHORITY**

24. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The proposed transaction represents the exercise of reasonable business judgment by the Trustee. See In re Meredith, 2005 WL 3763840 (Bankr. E.D. Va. 2005

In re Delaware & Hudson Rwy. Co., 124 B.R. 169 (D. Del. 1991); In re Titusville County Club, 128 B.R. 396 (Bankr. W.D. Pa. 1991).

25.  In determining whether a sale satisfies this business judgment standard, courts require a showing that (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice of the sale has been given; (iii) the sale will yield an adequate price (i.e., one that is fair and reasonable), and (iv) the parties to the sale have acted in good faith. See, e.g., In re Tempo Tech. Corp., 202 B.R. 363, 365 (D. Del. 1996); Titusville Country Club, 128 B.R. at 399. The proposed sale of the Property satisfies this standard.

26.  As there is no equity in the Property an abandonment of the Property would be appropriate. However, the transfer of the Property by a deed in lieu will enable the secured lender to liquidate the property in a much more expeditious and cost-effective manner, at no risk or cost to the estate.

27.  Bala Jain, LLC is the largest single creditor in case, with liens on essentially all of the Debtor's properties. Since the Trustee's appointment, Bala Jain, LLC has fully cooperated with and helped facilitate that Trustee's expeditious liquidation of the Debtor's properties, notwithstanding the fact that Bala Jain has suffered substantial losses on almost all of the sales.

28.  The transfer of the Property as proposed herein is the result of negotiations between Bala Jain and the Trustee and represents the best disposition of the Property given the value and condition of the Property.

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) granting the Motion; (ii) authorizing the transfer of the Property to by a deed in lieu of foreclosure, subject to any other liens, claims and interests related thereto, which transfer shall include any leases of or related to the Property by and between the Debtor, its estate and any third-party(ies); (iii)

4873-8108-4390 v.1

authorizing the Trustee to take all necessary and reasonable actions to consummate the transfer of the Property and any leases related thereto, and (iv) granting such other and further relief as the Court may deem just and proper.

September 18, 2024          Respectfully submitted,

                                            H. JASON GOLD, TRUSTEE

                                            By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Tel: (202) 689-2800
Fax: (202) 689-2860
Email: dylan.trache@nelsonmullins.com

By: /s/ Dylan G. Trache
Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

### CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on this 18th day of September 2024, the foregoing Motion was served via first class mail, postage prepaid, to the parties in interest on the attached service list[1] and to:

                     Office of the United States Trustee
                     1725 Duke Street, Suite 650
                     Alexandria, VA 22314

                                            /s/ Dylan G. Trache
                                            Dylan G. Trache

---

[1] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not being served on each of the parties, but is attached to the original Certificate of Service filed with the Court.

4873-8108-4390 v.1