IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EAGLE PROPERTIES AND INVESTMENTS, LLC, | ) ) ) | Bankruptcy Case No. 23-10566-KHK |
| | ) | Chapter 7 |
| Debtor. | ) ) | |

### SECOND INTERIM APPLICATION OF NELSON MULLINS RILEY & SCARBOROUGH LLP, COUNSEL TO TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

NELSON MULLINS RILEY & SCARBOROUGH LLP ("Nelson Mullins"), hereby makes this application (the "Application") for allowance of legal fees and costs incurred by Nelson Mullins from July 1, 2024 through September 30, 2024 (the "Billing Period") in the amount of $60,284.74 for services rendered as counsel for H. Jason Gold, Chapter 7 Trustee ("Trustee"). In support of the Application, Nelson Mullins states as follows:

**I.    BACKGROUND**

1.    On April 6, 2023, Eagle Properties and Investments LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2.    On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was filed (Docket No. 359). H. Jason Gold was appointed Chapter 7 Trustee.

3.    On April 2, 2024 this Court entered an Order Authorizing Employment of Nelson Mullins Riley & Scarborough as Counsel to the Chapter 7 Trustee (Docket No. 373).

4.    Attached to this application as Exhibit "A" are Nelson Mullins' detailed time records from July 1, 2024 through September 30, 2024.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Trustee*
4891-0122-0082 v.4

## II. SUMMARY OF ADMINISTRATION TO DATE

The assets of the estate at the time of the Trustee's appointment included twenty-five parcels of real property. Upon his appointment, the Trustee immediately engaged Auction Markets, LLC DBA RealMarkets as Asset Manager and real estate agent for the marketing and sale of the property and obtained authority to operate the Debtor's business. In addition, the Trustee engaged with the primary secured creditors in order to negotiate the use of cash collateral and agreed carve-outs from the sale of properties that would guarantee that the estate would benefit from sales even in circumstances where the liens exceeded the value of the properties. With the assistance of his professionals, the Trustee engaged on a comprehensive market strategy and process. As of October 10, 2024, the Trustee had sold and closed on eleven more properties owned by the Debtor as follows:

| **Property** | **Sale Price** |
|---|---|
| 1635 Church Road, Hershey, PA | $325,500.00 |
| 1343 Church Road, Hershey, PA | $328,000.00 |
| 580 W. Areba Avenue, Hershey, PA | $337,000.00 |
| 2565 and 2567 Chain Bridge Road, Vienna, VA | $830,000.00 |
| 1001 Manning Drive, Fredericksburg, VA | $265,000.00 |
| 1010 Lynn Street SW, Vienna, VA | $772,500.00 |
| 249 Berkstone Drive, Harrisburg, VA | $300,000.00 |
| 204 S. Fairville Avenue, Harrisburg, VA | $285,000.00 |
| 6948 New Oxford Road, Harrisburg, PA | $250,000.00 |
| 7213 Linglestown Road, Harrisburg, PA | $15,000.00 |
| 7616 Grove Avenue, Harrisburg, PA | $267,500.00 |

In addition, there is one sale awaiting Court approval. Property located at 202 Port Street, Baltimore, MD, has been approved for transfer by deed in lieu of foreclosure. Two properties have not been sold. As such, the preparation and filing of a final report is pre-mature. As of October 23, 2024, the Trustee was holding $ 882,998.96 in cash.

The Trustee anticipates completing the marketing, sale and other disposition of the properties. Once this process is concluded or nearly concluded, the Trustee intends to shift his

4891-0122-0082 v.4

focus to other possible assets including litigation claims. As of this Application, no unpaid Chapter 7 Administrative claims are unpaid other than those set forth in this Application and those being filed contemporaneously herewith. At this time, the Trustee does not have an estimate as to when this case will close. It is not feasible to make an interim distribution to creditors at this time due to, among other things, pending Chapter 11 administrative expense claims, the constructive trust claim of Bala Jain LLC and the possibility that certain claims will be amended upon the sale of properties.

**III.    PROFESSIONAL SERVICES RENDERED DURING BILLING PERIOD**

    **A.    Description of Services Rendered.**

The Trustee required the legal services of Nelson Mullins to advise him with respect to the legal issues arising in this case, to represent him in litigation and motions practice before the Court. At the time of the Trustee's appointment, the Debtor owned twenty-five properties located across several states, including Virginia, Pennsylvania and Maryland. Nelson Mullins has assisted the Trustee with motions to sell eleven more properties. During the Billing Period eleven sales closed. In addition, Nelson Mullins communicated with the Trustee's asset manager, counsel to secured lenders and other parties regarding the sales and the operation of the Debtor's business and use of cash collateral.

Further, Nelson Mullins has communicated the Trustee's broker and with counsel to secured lenders for these properties to finalize the orders authorizing the property sales.

Finally, Nelson Mullins prepared and filed an employment application for special eviction counsel to the Trustee as well as interim fee applications for Nelson Mullins, the Trustee and the Trustee's asset manager.

Nelson Mullins' services are more fully set forth in its detailed time records attached hereto as Exhibit "A." To assist the Court and other parties in the review of its time records,

Nelson Mullins has divided the time records among various task codes. Although Nelson Mullins has endeavored to place time entries in the appropriate category, certain time entries could reasonably be placed in more than one category. Because this process is not an exact science, similar task descriptions may have been placed within different categories. In no case, however, will time entries appear under more than one category.

B.    **Professionals Providing Services.**

The names of all of Nelson Mullins' professionals and paraprofessionals requesting fees and the hourly rates charged by each during the Billing Period are:

| Category | Professional | Hours | Amount Requested |
|---|---|---|---|
| Asset Analysis and Recovery | Dylan G. Trache | 2.6 | $1,534.00 |
| Creditor Inquiries and Communications | Dylan G. Trache | 6.10 | $3,599.00 |
| Case Administration | Dylan G. Trache | 0.9 | $531.00 |
|  | Linnea K. Hann | 0.4 | $104.00 |
| Trustee Employment Applications | Dylan G. Trache | 3.4 | $2,006.00 |
|  | Linnea K. Hann | 1.5 | $390.00 |
| Professional Fee Applications And Objections | Dylan G. Trache | 8.6 | $5,074.00 |
|  | Linnea K. Hann | 7.1 | $1,846.00 |
| Asset Disposition | Dylan G. Trache | 61.1 | $36,049.00 |
|  | Linnea K. Hann | 16.1 | $4,186.00 |
| Bankruptcy Litigation | Dylan G. Trache | 2.8 | $1,652.00 |
| Claims Administration and Objections | Dylan G. Trache | 0.8 | $472.00 |

| Professional | Hours | Hourly Rate | Amount Requested |
|---|---|---|---|
| Dylan G. Trache | 86.30 | $590.00 | $50,917.00 |
| Linnea K. Hann | 25.10 | $260.00 | $6,526.00 |
| **Total** | **111.40** | | **$57,443.00** |

C. **Terms and Conditions of Employment.**

In the employment application, the Trustee identified the types of services that Nelson Mullins could be required to render to the Trustee. The services performed by Nelson Mullins in this case are within the ambit of the types of services identified in the employment application.

No agreement or understanding exists between Nelson Mullins and any other person or entity for the sharing of compensation to be received by Nelson Mullins for services rendered in connection with this case.

Nelson Mullins believes that the hourly rates charged by it in this matter are no higher than the rates charged in similar cases under Title 11. Mr. Trache is board certified as a specialist in Business Bankruptcy Law by the American Board of Certification. See 11 U.S.C. § 330(a)(3)(E) (providing that the bankruptcy court shall consider professional board certifications in determining the amount of reasonable compensation to be awarded).

D. **Expenses.**

In the course of its rendition of the services to the Trustee, Nelson Mullins has incurred necessary and actual out-of-pocket expenses in the amount of $4,211.01 for which Nelson Mullins seeks reimbursement. A breakdown of these expenses is as follows:

| Nature of Expense | Amount |
|---|---|
| Copies | $702.95 |
| PACER Charges | $163.10 |
| Postage | $582.69 |

5

| Filing Fees | $1,393.00 |
|---|---|
| **Total:** | **$2,841.74** |

### E.  Total Request

Based upon the foregoing, Nelson Mullins seeks allowance of compensation for attorneys' fees in the amount of $57,443.00.  In addition, Nelson Mullins seeks approval for reimbursement of its out-of-pocket expenses incurred on the Trustee's behalf in the amount of $2,841.74.  Accordingly, by this Application, Nelson Mullins seeks allowance of a total of $60,284.74 representing compensation and expenses.

### IV.  STATUTORY AUTHORITY

Pursuant to 11 U.S.C. § 330, the Court may award Nelson Mullins reasonable compensation for actual and necessary services performed in this case.  Section 330(a)(3) sets forth factors to consider in determining the amount of reasonable compensation to be awarded.  For the reasons articulated above, Nelson Mullins believes that the services performed on the Trustee's behalf were necessary to the administration of this case, were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the issues involved, and were undertaken by professionals whose rates are reasonable.

WHEREFORE, the undersigned requests that this Court enter an Order: (i) allowing compensation in the amount of $57,443.00 and expenses in the amount of $2,841.74 for a total amount of $60,284.74; and (ii) awarding any further relief that the Court deems just and proper.

Respectfully submitted,

NELSON MULLINS RILEY &
SCARBOROUGH LLP

4891-0122-0082 v.4

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW / Suite 900
Washington, DC  20001
Tel: 202.689.2800
Fax: 202.689.2860
Email:  dylan.trache@nelsonmullins.com


By:    /s/ Dylan G. Trache
      Dylan G. Trache, Va. Bar No. 45939

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of November, 2024, a copy of the foregoing Application was served via first class mail, postage prepaid, upon the parties in interest on the attached service list[1] and to:

    Office of the United States Trustee
    1725 Duke Street, Suite 650
    Alexandria, VA  22314

      /s/ Dylan G. Trache
      Dylan G. Trache

---

[1] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not served on each of the parties, but is attached to the original Certificate of Service filed with the Court.

4891-0122-0082 v.4