# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
| EAGLE PROPERTIES AND INVESTMENTS, LLC, | ) Bankruptcy Case |
| | ) No. 23-10566-KHK |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

### CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF
### 15474 ROXBURY ROAD, GLENWOOD, MD FREE AND CLEAR OF LIENS,
### CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(f) AND TO
### <u>ASSIGN RESIDENTIAL LEASE RELATED THERETO</u>

H. Jason Gold, the chapter 7 trustee ("Trustee") for the above-captioned case, by his undersigned counsel, hereby files this motion to approve the sale of the property ("Motion")[1] commonly known as 15474 Roxbury Road, Glenwood, MD (the "Property") to Sweet Home 401k FBO Alireza Aliaskari 401k ("Buyer") free and clear of the liens, claims and interests, including the Lis Pendens (hereafter defined) and Deed of Trust filed by Bala Jain, LLC in accordance with the sale contract ("Sales Contract") attached hereto as **Exhibit A**, and to assign the Lease (hereafter defined) pursuant to 11 U.S.C. § 365 stating to the Court as follows:

---

[1] In accordance with Local Rule 9013-1(G)(1), the Trustee is combining his memorandum of points and authorities with this Motion.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Chapter 7 Trustee*
4891-3857-8430 v.5

**BACKGROUND AND JURISDICTION**

1. On April 6, 2023, Eagle Properties and Investments LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was filed (Docket No. 359). H. Jason Gold was appointed Chapter 7 Trustee.

3. By Order entered on April 5, 2024 (Doc. No. 381) the Trustee was authorized to employ Stephen Karbelk as agent and Century 21 Commercial New Millennium as broker in connection with the marketing and sale of the Property.

4. Following a hearing held on April 23, 2024 the Court approved a Consent Order to Authorizing the Use of Cash Collateral of Bala Jain, LLC ("Bala Jain") and Approving Estate Carve-Out ("Carve-Out Order").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered on August 15, 1984. Venue is proper pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N), and (O).

**RELIEF REQUESTED**

6. Subject to Court approval, the Trustee has accepted an offer from Buyer to purchase the Property for $450,000.00, as set forth in the Sales Contract and related documents attached as Exhibit A hereto.

7. On or about August 10, 2022, Bala Jain, LLC filed a Notice Lis Pendens against the Property, which is attached hereto as **Exhibit B** ("Lis Pendens").

8. The Trustee requests that the Court approve the sale of the Property pursuant to the

terms and conditions of the Sales Contract, free and clear of any liens, claims and interests, including without limitation, those interests set forth in or related to the Lis Pendens.

9. The Trustee requests that the Court approve the sale of the Property pursuant to the terms and conditions of the Sales Contract.

10. **PROPERTY FOR SALE**: The estate's entire interest in the Property.

11. **LEGAL DESCRIPTION OF PROPERTY BEING SOLD**:

All that lot of ground situate in the County of Howard, Maryland and more particularly described as follows:

Beginning for the same at a point on the Southeast side of the concrete body of the aforesaid Washington to Westminster Road, at a point where a stone formerly stood, at the end of the 3rd line of Lot No.1, containing 181 1/4 acres of land, more or less, which, in a cause in the Circuit Court for Howard County, in Equity, lately depending, entitled "Sallie E. Dorsey, et al. vs. Stephen B. Dorsey" was allotted to the said Sallie E. Dorsey, and running thence with and binding on the 4th and 5th lines of said lot, as now corrected for variation, and with part of the Western boundary of the lands belonging to Ann England Griffith, the two following courses and distances: ( 1) South 29 degrees 15 minutes East 51 1 112 feet, to a stake set in the ground, and (2) South 6 degrees 40 minutes West 309.37 feet, to a large maple tree; thence leaving the outlines of the original tract and the Western boundary of the land belonging to Ann England Griffith, and by two lines along the Northern boundary of the property formerly belonging to the late Stephen B. Dorsey, (3) South 70 degrees 35 minutes West 133 1/4 feet, to a white oak tree, and (4) South 58 degrees 32 minutes West 186 feet, to a stake set in the ground by a fence post; thence along the Northeastern edge of a small timber lot, (5) North 56 degrees West 133.9 feet, to a stake set in the ground; thence (6) North 68 1/2 degrees West 548.1 feet to and along the Northeastern edge of the aforesaid Bank's School House Road, also known as the road from Knollwood to Glenelg; thence along the Northeastern edge of said road, (7) North 9 degrees West 78.2 feet, to a point at the intersection of the center of said road with the Southeastern edge of the aforesaid Washington to Westminster Road, and thence running with and binding on the Southeastern edge of the Washington to Westminster Road, and also running with, or near, the 3rd line of Lot No. I aforesaid, as now corrected as aforesaid, (8) North 52 degrees 45 minutes East 877. I feet, to the place of beginning; containing 10.86 acres of land, more or less.

Save and Except, Therefrom, (1) All that piece or parcel of land, which, by deed dated March 5th, 1952, and recorded among the Land Records of said Howard County in Liber M.W. B. No. 230, Folio 524, etc., was granted and conveyed by Mary Elizabeth Dorsey, and others, to the State of Maryland, to the use of the State Roads Commission, and (2) all that piece or parcel of land, which, by deed dated March 20th, 1952, and recorded among said Land Records in Liber M.W.B. No. 231, Folio 56, etc., was granted and conveyed by the said Mary

Elizabeth Dorsey, and others, to the State of Maryland, to the use of the State Roads Commission.

AND a parcel described as follows:

Beginning for the same at an iron pipe now set at 85.69 feet on the third or North 59 degrees 23 minutes East 186.00 foot line of that land, the land herein described being a part thereof, which, by deed dated the 28th day of August, 1967, and recorded among the said Land Records in Liber W. H. H. No. 475, Folio 283, etc., was granted and conveyed by Robert K. Rafferty and wife to the said James R. Abe and Marilyn M. Abe, his wife, and running with a part of the said third line to the end thereof, as now surveyed, (1) North 59 degrees 23 minutes East 100.31 feet to a marked white oak tree, thence running with a part of the fourth line of the said land, (2) South 41 degrees 49 minutes West 77 feet to an iron pipe now set, thence with a line of division now made (3) North 79 degrees 51 minutes West 35.55 feet to the point of the beginning, containing 0.027 of an acre of land, more or less.

AND a parcel described as follows:

Beginning for the same at a large maple tree at the beginning of a conveyance from Mary Elizabeth Dorsey et al., to John M. and Mary E. Beane for 35.271 acres of land and recorded among the Land Records of Howard County, Maryland in Liber 215 at Folio 202, thence over, across and through the aforesaid 8.9417 acre parcel the following three courses:

1. South 08 degrees 52 minutes 10 seconds West, 10.64 feet to a point, thence South 61 degrees 47 minutes 47 seconds West, 185.13 feet to a point, thence

2. North 78 degrees 37 minutes 15 seconds West, 13.30 feet to a point in the Westerly, or North 43 degrees 02 minutes 45 seconds East, 543.62 foot line of the 8.9417 acre parcel, thence along the outline of the 8.9417 acre parcel,

3. North 43 degrees 02 minutes 45 seconds East, 77.00 feet to a point, thence

4. North 72 degrees 39 minutes 45 seconds East, 131.24 feet to the point of beginning, containing a computed area of 0.095 acres, more or less.

This conveyance is in accordance with the adjoinder deed transfer provisions in the Howard County Subdivision Regulations Wherein the above described parcel of land has been adjoined and merged with the 10.86.1 acre residue parcel of land conveyed unto Wallace deWitt Junior, and Jean C. deWitt, his wife by deed recorded among the Land Records of Howard County, Maryland in Liber 313, Folio 325, saving and excepting therefrom the following parcels (1) all that piece or parcel of land conveyed unto the State of Maryland by deed recorded among the Land Records of Howard County, Maryland in Liber 230, Folio 524, (2). all that piece or parcel of land conveyed unto the state of Maryland by deed recorded among the Land Records of Howard County, Maryland in Liber 231, Folio 56, (3) all that piece or parcel of land conveyed unto the Carl P and Eleanore R. Klitzke by deed recorded among the Land Records of Howard County, Maryland in Liber 427, Folio 77, and (4) all that piece or parcel of land conveyed unto James R. and Marilyn M. Abe by Deed of Exchange

4

recorded among the Land Records of Howard County, Maryland in Liber 516, Folio 575 and Liber 3396, folio 36

SAVING AND EXCEPTING:

Beginning for the same at an iron pipe now set at 100.31 feet on the fourth or South 58 degrees 32 minutes West 186 foot line of that land, the land herein described being a part thereof, which, by deed dated the 6th day of May, 1958, and recorded among the said Land Records in Liber R.H.M. No. 313, Folio 325, etc., was granted and conveyed by Roderick D. Watson, Jr., and Susie T. Watson, his wife, to the Wallace deWitt, Junior, and Jean C. deWitt, his wife, and running with a part of the said fourth line to the end thereof, as now surveyed, (1) South 59 degrees 23 minutes West 85.69 feet to an iron pipe heretofore set, thence running with the fifth line of the said land, (2) North 55 degrees 09 minutes West 133.90 feet to an iron pipe heretofore set, thence with a line of division now made, (3) South 79 degrees 51 minutes East 186.55 feet to the point of the beginning, containing 0.119 of an acre of land, more or less.

Beginning for the same at an iron pipe now set on the Southeastern margin of the sixty foot wide right-of-way of the Westminster Road, as set forth on the Maryland State Roads Commission Plats Nos. 9596 and 9597, said point also being at 30.18 feet on the first, or South 29 degrees 15 minutes East 511 1/2 foot, line of that land, the land herein described being a part thereof, which, by deed dated May 6th, 1958, and recorded among the Land Records of said Howard County in Liber R. H. M. No. 313, Folio 325, etc., was granted and conveyed by Roderick D. Watson, Junior and wife to the said Wallace deWitt, Junior, and wife running with a part of said first line to the end thereof, as now surveyed, (1) South 28 degrees 30 minutes East 481.32 feet, to the corner post of the fence; thence running with the second and third lines of said land, (2) South 07 degrees 54 minutes West 308.43 feet, to the center of a large maple tree; (3) South 71 degrees 26 minutes West 131.24 feet, to a white oak tree heretofore marked; thence with the first of two lines of division now made, (4) North 19 degrees 33 minutes West 204.68 feet, to an iron pipe now set; (5) North 48 degrees 16 minutes West 480.5 feet, passing over an iron pipe now set at the top of the road bank, to a point on the Southeastern margin of the aforementioned sixty foot wide right-of-way of the Westminster Road; thence running with said right-of-way margin, (6) North 54 degrees 44 minutes East 446.12 feet, to the point of the beginning; containing five acres of land, more or less.

The improvements thereon being known as 15474 Roxbury Road, Glenwood, Maryland 21738.

12. **INTEREST BEING SOLD**: A fee simple interest in the Property.

13. **TYPE OF SALE**: The sale is a private sale. A deposit in the amount of $15,000 is being held in escrow.

14. **SALE PRICE**: $450,000.00 ("Purchase Price").

5

15. **APPRAISAL VALUE**:  The Trustee has not obtained an appraisal of the Property, but has been advised as to its value by his agent.

16. **PURCHASER**:  The Buyer is purchasing the Property in good faith.

17. **CONTINGENCIES**:  Court approval.

18. **TIME AND PLACE OF SETTLEMENT**:  Settlement shall take place after entry of a Bankruptcy Court Order approving the sale of the Property pursuant to the terms of the Sales Contract.

19. **REALTOR**:  The Trustee has employed Century 21 New Millennium as broker.

20. **COMPENSATION TO REALTORS**:  The Trustee's broker will receive a four- and one-half percent (4.5%) commission at closing.

21. **LIENS AND INTERESTS SUBJECT TO SALE**:

    a. Deed of Trust recorded on or about November 16, 2021 in favor of Bank of Clarke County filed in the land records of Howard County, Maryland at Book 21084, Page 290.  Lender has agreed to a short sale of the property.  The estate will be receiving a carve-out from the purchase price in the amount of eight percent (8%).

    b. Deed of Trust recorded on or about March 3, 2022 in favor of Bala Jain, LLC in the land records of Howard County, Maryland at Book 21368, Page 39.  Property to be sold free and clear of this deed of trust.

    c. Notice of Lis Pendens filed by Bala Jain, LLC in the Land Records of Howard County, Maryland at 21660, Page 183.  *See* Exhibit B.  Property to be sold free and clear of the Lis Pendens.

    d. Lease dated July 16, 2023 between the Debtor and Dina MacDonald, Jean Gambo, Troy MacDonald, and Francesco Gambo (the "Lease").  A copy of the Lease is attached hereto as **Exhibit C.**  To be assigned to Buyer.

6

22. **REIMBURSEMENTS AND EXPENSES**: The Trustee requests authority to reimburse RealMarkets at closing in an aggregate amount not to exceed $1,000.00 for any utility and property preservation or maintenance expenses or closing costs, title search fees, or to remedy any homeowner's association violation(s), if necessary.

23. **DEBTORS' EXEMPTIONS**: N/A.

24. **ACTIONS TO CONSUMMATE SALE**: The Trustee requests authority to take all necessary and reasonable actions to consummate the sale consistent with the Sales Contract including, without limitation, paying from the proceeds of sale the amounts owed on account of real estate taxes, other applicable taxes, commissions, liens, homeowner and condominium association fees, utility, credits and similar expenses and customary closing costs, correcting the address or legal description of the Property, to escrow the required funds needed to satisfy payment of the final water and sewer bills, and making appropriate adjustments on the settlement sheet.

25. **TAX CONSEQUENCES TO ESTATE BY SALE**: None expected.

26. **ESTIMATED DISTRIBUTION**: The Trustee anticipates receiving not less than approximately $36,000.00 in net sale proceeds as a result of the agreed carve out with the first deed of trust lender and the Carve-Out Order.

27. **WAIVER OF THE 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h)**: The Trustee requests that the Court waive the fourteen (14) day stay required by Federal Rule of Bankruptcy Procedure 6004(h) in order to expedite the closing on the sale of the Property.

## APPLICABLE AUTHORITY

A. **Sale is Authorized Pursuant to 11 U.S.C. § 363(b).**

28. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The proposed transaction represents the exercise of reasonable business judgment by the Trustee. *See In re Meredith*, 2005 WL 3763840 (Bankr. E.D. Va. 2005); *In re Delaware & Hudson Rwy. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Titusville County Club*, 128 B.R. 396 (Bankr. W.D. Pa. 1991).

29. In determining whether a sale satisfies this business judgment standard, courts require a showing that (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice of the sale has been given; (iii) the sale will yield an adequate price (*i.e.*, one that is fair and reasonable), and (iv) the parties to the sale have acted in good faith. *See, e.g., In re Tempo Tech. Corp.*, 202 B.R. 363, 365 (D. Del. 1996); *Titusville Country Club*, 128 B.R. at 399. The proposed sale of the Property satisfies this standard.

30. The Purchase Price for this Property is reasonable and reflects both the general real estate market and the circumstances relevant to the Property. In particular, the Debtor, during the Chapter 11 case, entered into a Residential Lease Agreement dated July 16, 2023. According to the Monthly Operating Reports filed during the Chapter 11, the Tenant did not make any lease payments or pay the security deposit. The Asset Manager for the Trustee has attempted to collect rent from the Tenant but they have been non-responsive. The tenants have been completely non-responsive to the Asset Manager's attempts to make contact, and as a result, have not granted access to the Trustee's agents. While the Trustee has considered pursuing eviction proceedings, in the exercise of his business judgment, the Trustee has determined that pursuing this sale is preferable to the expenditure of estate assets during what could be a lengthy process due to, among other things, the Debtor's failure to obtain proper licenses and the uncertain condition of the

Property. In fact, the Trustee believes that it is more likely than not that the Property is in poor condition given that the tenants have not been paying rent.

31. The Purchase Price for the Property is a result of negotiations between the Buyer and the Trustee and represents the highest and best price the Trustee could obtain given the current market conditions, and the condition of the Property. Moreover, because the sale remains subject to Court approval, the potential for higher and/or better offers remains. The Trustee submits that the sale of the Property pursuant to the Sales Contract is in the best interests of the estate.

**B.    Sale of Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests is Appropriate.**

32. Section 363(f) of the Bankruptcy Code provides, in part, that a trustee may sell property of the estate outside the ordinary course of business free and clear of any other entity's interest in such property if "such entity consents" or where there is a "bona fide dispute." 11 U.S.C. § 363(f)(2) and (4).

33. The interests asserted in the Lis Pendens are in bona fide dispute. In addition, the Lis Pendens does not itself give rise to any claim of title superior to that of the Trustee. The litigation identified in the Lis Pendens was dismissed prior to the Petition Date. Consistent with his powers under the Bankruptcy Code, including without limitation Section 544, the Trustee's rights in the Property are superior to any party that alleges an unrecorded trust in the Property. Accordingly, this Court may sell free and clear of the interests set forth in the Lis Pendens

34. The Trustee is seeking Bala Jain's consent to sell the Property free and clear of its second lien position.

35. The Trustee has affirmative representation from Bank of Clark County that it will consent to the sale pursuant to this Motion.

Case 23-10566-KHK    Doc 665    Filed 11/22/24    Entered 11/22/24 17:00:44    Desc Main
          Document           Page 10 of 11

**C.    Assignment of the Lease is Consistent with § 365.**

36.    Section 365 of the Bankruptcy Code authorizes the Trustee to assume and assign the Lease. The Trustee is not in default under the Lease and Buyer will provide adequate assurance of future performance.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) granting the Motion; (ii) authorizing the sale of the Property pursuant to the terms and conditions of the Sales Contract free and clear of the Lis Pendens, and any liens, claims and interests related thereto, with all such claims attaching to the proceeds of sale; (iii) authorizing the Trustee to reimburse RealMarkets at closing for the expenses referenced herein; (iv) authorizing the Trustee to take all necessary and reasonable actions to consummate the sale, including paying all sales costs from the proceeds of the sale of the Property at closing; (v) authorizing assignment of the Lease to Buyer and (vi) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

H. JASON GOLD, TRUSTEE

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Tel: (202) 689-2800
Fax: (202) 689-2860
Email: dylan.trache@nelsonmullins.com

By:    /s/ Dylan G. Trache
Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

10

4891-3857-8430 v.5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of November 2024, the foregoing Motion was served via first class mail, postage prepaid, to the parties in interest on the attached service list[2] and to:

>Office of the United States Trustee
>1725 Duke Street, Suite 650
>Alexandria, VA  22314
>
>Dina MacDonald
>Jean Gambo
>Troy MacDonald
>Francesco Gambo
>15474 Roxbury Road
>Glenwood, MD 21738

>/s/ Dylan G. Trache
>Dylan G. Trache

---

[2] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not being served on each of the parties, but is attached to the original Certificate of Service filed with the Court.