**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| In re: | ) |
| | ) |
| EAGLE PROPERTIES AND INVESTMENTS, LLC, | ) Bankruptcy Case ) No. 23-10566-KHK |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |

**MOTION TO APPROVE SETTLEMENT, COMPROMISE AND ASSIGNMENT OF
CLAIMS WITH BALA JAIN LLC**

COMES NOW, H. Jason Gold, Chapter 7 Trustee ("Trustee") by counsel, Nelson Mullins Riley & Scarborough LLP and, pursuant to Federal Rule of Bankruptcy Procedure 9019, files this Motion ("Motion") to approve a certain settlement, compromise and assignment of claims ("Settlement and Assignment") between the Trustee and Bala Jain LLC ("Bala Jain"), stating to the Court as follows:

**BACKGROUND AND JURISDICTION**

1. On April 6, 2023, Eagle Properties and Investments LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. On November 27, 2023, the Debtor commenced Adversary Proceeding No. 23-01067-KHK ("Bala Jain Adversary Proceeding") against Bala Jain and certain other Defendants. Bala Jain has asserted counterclaims ("Bala Jain Counterclaims") in the Bala Jain Adversary Proceeding asserting that it is entitled to a constructive trust over certain assets of the Debtor and the estate.

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Chapter 7 Trustee*
4911-7604-4046 v.11

3. On March 21, 2024, the Order of Conversion of Chapter 11 to Chapter 7 was filed (Doc. No. 359). H. Jason Gold was appointed Chapter 7 Trustee.

4. Following a hearing held on April 23, 2024 the Court approved a Consent Order to Authorizing the Use of Cash Collateral of Bala Jain, LLC ("Bala Jain") and Approving Estate Carve-Out ("Carve-Out Order").

5. By Orders entered on May 21, 2024, this Court dismissed all claims in the Bala Jain Adversary Proceeding with the exception of the Bala Jain Counterclaims.

6. Since the Trustee's appointment, he has been administering the estate to include selling various parcels of real property. Consistent with the Carve-Out order and various sale orders, the Trustee has maintained a segregated account into which he has deposited proceeds of sale in which Bala Jain asserts a constructive trust ("Constructive Trust Dispute Account"). As of the filing of this Motion, the Constructive Trust Dispute Account balance is approximately $258,598.27.

7. The Debtor's Statement of Financial Affairs does not list any payments transfers within 90 days of the Petition Date and lists two transfers totaling $19,543.63 to insiders within one year of the petition date. The Trustee has been informed by Bala Jain and other parties that additional transfers may have been made to third parties that may be avoidable under §§ 546 – 551 of the Bankruptcy Code, or applicable state law (collectively "Avoidable Transfers").

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered on August 15, 1984. Venue is proper pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).

4911-7604-4046 v.11

## **RELIEF REQUESTED**

9. By this Motion, the Trustee seeks approval of the following Settlement and Assignment with Bala Jain:

   a. The Trustee will remit to Bala Jain the funds in the Constructive Trust Dispute Account except for $24,000.00 which shall be retained by the estate free and clear of all liens claims and interests, including without limitation, Bala Jain's constructive trust claim.

   b. If future sales of real property result in funds to which Bala Jain's alleged constructive trust would attach, the Trustee shall pay such funds to Bala Jain at closing of such sales.

   c. The Trustee will (i) assign and quit claim to Bala Jain all estate causes of action to recover any and all Avoidable Transfers without any warranties, assurances or representations regarding such actions, and (ii) execute all written assignment(s) of claims and such other documents as may be necessary or helpful to Bala Jain's efforts to file and pursue actions to recover the Avoidable.

   d. The Bala Jain Adversary Proceeding, including the Bala Jain Counterclaims will be dismissed with prejudice.

10. This Court may authorize parties to settle disputes in accordance with Bankruptcy Rule 9019, which provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). As a general rule, the law favors settlement agreements between parties. *See In re Frye*, 216 B.R. 166, 172 (Bankr. E.D. Va. 1997) (*citing Richardson v. Richardson*, 10 Va. App. 391, 399 (1990)); *Marandas v. Bishop (In re Sassalos)*, 160 B.R. 646, 653 (D. Or. 1993) (finding that compromises are generally favored in bankruptcy). In order to approve a settlement, the court must look at various factors to determine whether the settlement is in the best interest of the estate and whether it is fair and equitable. *See In re Frye*, 216 B.R. at 174; *accord In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995); *see also St. Paul Fire & Marine Ins. Co. v. Vaughn*

4911-7604-4046 v.11

*(In re Vaughn)*, 779 F.2d 1003, 1010 (4th Cir. 1985) (approving settlement where it was "in the best interests of the estate as a whole").

11. A court should approve a settlement unless the settlement falls "below the lowest point in the range of reasonableness." *Austin*, 186 B.R. at 400 (citations omitted). A settlement may be approved even if the court finds it likely that the trustee or debtor would ultimately succeed in the litigation. *Id.* In determining whether a proposed settlement is in the best interest of the estate, the Bankruptcy Court is not to substitute its judgment for that of the movant, nor is it the Court's responsibility to decide the numerous questions of law and fact, but "rather to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness . . . .'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983)(citation omitted); *see also In re Tennol Energy Co.,* 127 B.R. 820 (Bankr. E.D. Tenn. 1991).

12. The Settlement and Assignment is in the best interests of the estate and its creditors and should be approved pursuant to Bankruptcy Rule 9019. The Trustee has investigated the Bala Jain Counterclaims and the potentially Avoidable Transfers and has determined that allowing the estate to retain $24,000.00 places a reasonable value upon those actions. In particular, the Trustee wishes to make a prompt distribution to creditors, and expending estate resources litigating the Bala Jain Counterclaims and potential Avoidable Transfers could result in the significant depletion of estate funds. Further, while Bala Jain desires to pursue the Avoidable Transfers, the Trustee believes, in the reasonable exercise of his business judgment, that rather than spending any additional resources on litigation, assigning those claims to the estate's largest unsecured creditor makes good business sense and is in the best interest of all parties.

4911-7604-4046 v.11

13.    The Trustee respectfully requests that the Court waive any applicable stay, including without limitation, the stay provided in Bankruptcy Rule 6004(h) in order to consummate the Settlement and Assignment as promptly as possible due to the approaching statute of limitations.

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (i) approving the Settlement and Assignment; (ii) waiving any applicable stay, including without limitation the stay provided in Bankruptcy Rule 6004(h); and (iii) granting such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> H. JASON GOLD, CHAPTER 7 TRUSTEE
>
> By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 689-2800
Facsimile: (202) 689-2860
dylan.trache@nelsonmullins.com


By:    /s/ Dylan G. Trache
       Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of January 2025, a copy of the foregoing Motion was delivered by first class mail, postage prepaid, to the parties on the attached service list.[1]

/s/ Dylan G. Trache
Dylan G. Trache

---

[1] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not to be served on each of the parties but is attached to the original Certificate of Service filed with the Court.

4911-7604-4046 v.11