David S. Musgrave, Esquire (VSB No. 35327)
GORDON FEINBLATT LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
Phone/Fax: (410) 576-4194
*Attorney for Fulton Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria)**

| | |
|---|---|
| In re: | * |
| | Case No. 23-10566-KHK |
| EAGLE PROPERTIES AND INVESTMENTS LLC, | * (Chapter 7) |
| | * |
| Debtor. | |
| | * |
| * * * * * * * * | * * * * * * |
| FULTON BANK, N.A. | * |
| One Penn Square | |
| Lancaster, PA 17602 | |
| | * |
| Plaintiff, | |
| | * |
| v. | |
| | * |
| BALA JAIN LLC | |
| 6007 Marilyn Drive | * |
| Alexandria, VA 22310 | Adversary No. |
| | * |
| Serve: Shail Butani, Resident Agent | |
| 6007 Marilyn Drive | * |
| Alexandria, VA 22310 | |
| | * |
| and | |
| | * |
| H. JASON GOLD, TRUSTEE | |
| P.O. Box 57359 | * |
| Washington, DC 20037 | |
| | * |
| Serve: H. Jason Gold | |
| 101 Constitution Ave, NW, Suite 900 | * |
| Washington, DC 20001 | |
| | * |
| Defendants. | |
| * * * * * * * * * | * * * * * |

## COMPLAINT FOR TURNOVER

Plaintiff Fulton Bank, N.A., a secured creditor of the Debtor Eagle Properties and Investments LLC (the "Debtor"), files this Complaint against Bala Jain LLC ("Bala Jain") and Trustee H. Jason Gold (the "Trustee") and in support thereof states as follows:

### Parties

1. The Bank is a national banking association with a principal place of business at One Penn Square, Lancaster, Pennsylvania 17602.

2. The Trustee is the court-appointed Chapter 7 trustee for the bankruptcy estate of the Debtor.

3. Bala Jain, LLC ("Bala Jain") is a limited liability company organized under the laws of the Commonwealth of Virginia with a principal place of business at 6007 Marilyn Drive, Alexandria, Virginia 22310.

### Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is proper pursuant to 28 U.S.C. § 1409. This adversary proceeding is related to a Chapter 7 bankruptcy case, Case No. 23-10566-KHK, pending in this district.

6. This adversary proceeding is commenced pursuant to Federal Rule of Bankruptcy Procedure Rule 7001 and 11 U.S.C. § 725.

### Background

7. The Debtor's primary business was the purchase, development, resale and rental of real property in multiple states.

8. Between 2016 and 2022, the Debtor and Bala Jain engaged in over 60 transactions, in which Bala Jain would loan the Debtor funds that the Debtor would use to, among other things, purchase real property.

9. During the same period, the Bank made several loans to the Debtor and secured such loans with deeds of trust or mortgages on the Debtor's real property.

**I.    1203 Cottage Street.**

10. The Debtor owned the real property located at 1203 Cottage Street, S.W., Vienna, Virginia 22180 ("1203 Cottage Street").

11. The Bank's loan to the Debtor was evidenced by a Promissory Note dated April 17, 2020 in the original principal amount of $560,000.00 (the "Cottage Street Note") and secured by a first priority deed of trust on 1203 Cottage Street (the "Cottage Street Deed of Trust"). The Cottage Street Note provided for the payment of the Bank's attorneys' fees and "all… other collection expenses … including without limitation legal expenses for bankruptcy proceedings." *See* Claim 6-1 and ECF #421, p. 4.

12. Bala Jain had second and third priority deeds of trust on 1203 Cottage Street and recorded a notice of lis pendens on the same. *See* ECF #421, Exhibit B and C. The underlying legal action described in the lis pendens was dismissed and is no longer pending.

13. The Trustee filed a motion to approve the sale of 1203 Cottage Street for a price of $900,000.00. ECF #421. The Bank consented to the sale on the condition that it would be paid in full from the proceeds of the sale. ECF #445. The Court approved this sale, provided that $70,000.00 would be held in escrow "in a segregated account pending further agreement among Bala Jain, Fulton Bank, N.A. and the Trustee or further order of the Court to be paid either to

Fulton Bank in satisfaction of its claim for attorney's fees or to Bala Jain LLC in further satisfaction of its deed of trust on the Property." ECF #482, p. 1-3.

**II.    1001 Manning Drive.**

14.    The Debtor owned the real property located at 1001 Manning Drive, Fredericksburg, Virginia 22405 ("1001 Manning Drive").

15.    The Bank's loan to the Debtor was evidenced by a Promissory Note dated April 17, 2020 in the original principal amount of $164,000.00 (the "Manning Drive Note") and secured by a first priority deed of trust on 1001 Manning Drive (the "Manning Drive Deed of Trust"). The Manning Drive Note provided for the payment of the Bank's attorneys' fees and "all… other collection expenses … including without limitation legal expenses for bankruptcy proceedings." *See* Claim 6-1 and ECF #527, p. 4.

16.    Bala Jain had a second priority deed of trust and recorded a notice of lis pendens on 1001 Manning Drive. *See* ECF #527, Exhibits B and C. The underlying legal action described in the lis pendens was dismissed and is no longer pending.

17.    The Trustee filed a motion to approve the sale of 1001 Manning Drive for a price of $265,000.00. ECF #527. The Bank consented to the sale on the condition that it would be paid in full from the proceeds of the sale. ECF #533. The Court approved this sale, provided that $15,000.00 of the sale proceeds would be held in escrow "in a segregated account pending further agreement among Bala Jain, Fulton Bank, N.A. and the Trustee or further order of the Court to be paid either to Fulton Bank in satisfaction of its claim for attorney's fees or to Bala Jain LLC in further satisfaction of its deed of trust on the Property." ECF #577, p. 1-3.

**III. 1343 Church Road.**

18. The Debtor owned the real property located at 1343 Church Road, Hershey, Pennsylvania 17033 ("1343 Church Road").

19. The Bank's loan to the Debtor was evidenced by a Promissory Note dated July 30, 2021 in the original principal amount of $255,000.00 (the "Church Road Note") and secured by a first priority mortgage on 1343 Church Road (the "Church Road Mortgage"). The Church Road Note provided for the payment of the Bank's attorneys' fees and "all… other collection expenses … including without limitation legal expenses for bankruptcy proceedings." *See* Claim 6-1 and ECF #455, p. 4.

20. Bala Jain recorded a notice of lis pendens on 1343 Church Road. *See* ECF #455, Exhibit B. The underlying legal action described in the lis pendens was dismissed and is no longer pending.

21. The Trustee filed a motion to approve the sale of 1343 Church Road for a price of $328,000.00. ECF #455. The Bank consented to the sale on the condition that it would be paid in full from the proceeds of the sale. ECF #489. The Court approved this sale, provided that $5,000.00 would be held in escrow "in a segregated account pending further agreement among Bala Jain, Fulton Bank, N.A. and the Trustee or further order of the Court to be paid either to Fulton Bank in satisfaction of its claim for attorney's fees or to the estate[.]" ECF #517, p. 1-3.

22. Bala Jain is not entitled to receive the escrowed funds with respect to the sale of 1343 Church Road because its lis pendens is no longer valid.

**IV.     7939 Rider Lane.**

23.     The Debtor owned the real property located at 7939 Rider Lane, Hummelstown, Pennsylvania 17036 ("7939 Rider Lane").

24.     The Bank's loan to the Debtor was evidenced by a Promissory Note dated May 17, 2021 in the original principal amount of $225,000.00 (the "Rider Lane Note") and secured by a first priority mortgage on 7939 Rider Lane (the "Rider Lane Mortgage"). The Rider Lane Note provided for the payment of the Bank's attorneys' fees and "all… other collection expenses … including without limitation legal expenses for bankruptcy proceedings." *See* Claim 6-1 and ECF #458, p. 4.

25.     Bala Jain recorded a notice of lis pendens on 7939 Rider Lane. *See* ECF #458, Exhibit B. The underlying legal action described in the lis pendens was dismissed and is no longer pending.

26.     The Trustee filed a motion to approve the sale of 7939 Rider Lane for a price of $340,000.00. ECF #458. The Bank consented to the sale on the condition that it would be paid in full from the proceeds of the sale. ECF #488. The Court approved this sale, provided that $5,000.00 of the sale proceeds would be held in escrow "in a segregated account pending further agreement among Bala Jain, Fulton Bank, N.A. and the Trustee or further order of the Court to be paid either to Fulton Bank in satisfaction of its claim for attorney's fees or to the estate[.]" ECF #510, p. 1-3.

27.     Bala Jain is not entitled to receive the escrowed funds with respect to the sale of 7939 Rider Lane because its lis pendens is no longer valid.

**V.      580 W. Areba Avenue.**

28.     The Debtor owned the real property located at 580 West Areba Avenue, Hershey, Pennsylvania 17033 ("580 W. Areba Avenue").

29.     The Bank's loan to the Debtor was evidenced by a Promissory Note dated May 8, 2020 in the original principal amount of $216,000.00 (the "W. Areba Note") and secured by a first priority deed of trust on 580 W. Areba Avenue (the "W. Areba Deed of Trust"). The W. Areba Note provided for the payment of the Bank's attorneys' fees and "all… other collection expenses … including without limitation legal expenses for bankruptcy proceedings." *See* Claim 6-1 and ECF #490, p. 4.

30.     Bala Jain recorded a notice of lis pendens on 580 W. Areba Avenue. *See* ECF #490, Exhibit B.  The underlying legal action described in the lis pendens was dismissed and is no longer pending.

31.     The Trustee filed a motion to approve the sale of 580 W. Areba Avenue for a price of $337,000.00. ECF #490. The Bank consented to the sale on the condition that it would be paid in full from the proceeds of the sale. ECF #502. The Court approved this sale, provided that $5,000.00 of the sale proceeds would be held in escrow "in a segregated account pending further agreement among Bala Jain, Fulton Bank, N.A. and the Trustee or further order of the Court to be paid either to Fulton Bank in satisfaction of its claim for attorney's fees or to the estate[.]" ECF #537, p. 1-4.

32.     Bala Jain is not entitled to the escrowed funds with respect to the sale of 580 W. Areba Avenue because its lis pendens is no longer valid.

33. 1203 Cottage Street, 1001 Manning Drive, 1343 Church Road, 7939 Rider Lane, and 580 W. Areba Avenue are each individually referred to as a "Property" and collectively as the "Properties".

34. The Cottage Street Note, the Manning Drive Note, the Church Road Note, the Rider Lane Note, and the W. Areba Note are each individually referred to as a "Note" and collectively as the "Notes".

35. The Cottage Street Deed of Trust, the Manning Drive Deed of Trust, the Church Road Mortgage, the Rider Lane Mortgage, and the W. Areba Deed of Trust are each individually referred to as a "Mortgage" and collectively as the "Mortgages".

36. Each Mortgage provides that it was given "to secure (A) payment of the indebtedness and (B) performance of any and all obligations under the Note."

37. Each Mortgage provides that, "all reasonable expenses [the Bank] incurs that in [the Bank]'s opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness … Expenses covered by this paragraph include . . . [the Bank]'s reasonable attorneys' fees and [the Bank]'s legal expenses for bankruptcy proceedings[.]"

**VI.    The Bank's Attorneys' Fees.**

38. The Bank incurred significant attorneys' fees in connection with this bankruptcy proceeding, defending the action brought by Bala Jain in Fairfax County Circuit Court (Case No. 2022-09687), defending the adversary proceeding brought by Bala Jain relating to the Properties (Adversary Proceeding No. 23-1015-KHK), and collecting on the amounts loaned to the Debtor.

39. As of December 31, 2024, the Bank has incurred $244,807.38 in attorneys' fees related to its loans to the Debtor. *See* redacted invoices from Gordon Feinblatt attached as Exhibit 1.

40. The Bank has collected $150,000.00 for attorneys' fees from the sales proceeds of other real property of the Debtor. *See* ECF #487, #473, #613, #522 ,#519, #558, #593, and #538. The Bank is still owed $94,807.38 in attorneys' fees.

## Turnover

41. Pursuant to the Court's orders, the Trustee is holding $100,000.00 in escrow (the "Escrowed Funds"). The Court instructed the Trustee to hold these funds in escrow until either (i) an agreement was reached between the Bank, the Trustee and Bala Jain or (ii) the Court entered an order directing the disbursal of the Escrowed Funds. *See* ECF #482, #510, #517, #537, #577.

42. Bala Jain claims an interest in some of the Escrowed Funds.

43. Bala Jain, the Bank, and the Trustee have not reached an agreement regarding the Escrowed Funds.

44. The Notes and the Mortgages conclusively establish the Bank's right to recover its attorneys' fees. The Mortgages secure payment of the amounts due under the Notes, including the payment of attorneys' fees.

45. The Bank is entitled to repay "all… other collection expenses … including without limitation legal expenses for bankruptcy proceedings" from the Escrowed Funds, which consist of sales proceeds of the properties subject to the Mortgages.

WHEREFORE, the Bank demands that the Court enter an order requiring the Trustee to turn over the Escrowed Funds to the Bank to satisfy its claim for attorneys' fees.

42372\149975\11321196.v3-1/23/25

Dated:  January 23, 2024

*/s/ David S. Musgrave*
David S. Musgrave (Bar No. 35327)
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
(410) 576-4194
dmusgrave@gfrlaw.com

*Attorneys for Fulton Bank, N.A.*